No. 25-20132

---

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

Clifford F. Tuttle, Jr., as Representative of the Estate of Dennis W. Tuttle, Deceased; Robert Tuttle; Ryan Tuttle; Jo Ann Nicholas; John Nicholas,

**Plaintiffs-Appellees**,

v.

Felipe Gallegos,

**Defendant-Appellant.**

---

Jo Ann Nicholas, individually and as an heir of the Estate of Rhogena Nicholas; John Nicholas, as temporary administrator of the Estate of Rhogena Nicholas,

**Plaintiffs-Appellees**,

v.

Felipe Gallegos,

**Defendant-Appellant**.

---

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
Honorable Alfred H. Bennett, District Judge
Nos. 4:21-cv-270 and 4:21-cv-272

---

### APPELLANT FELIPE GALLEGOS'S RECORD EXCERPTS

---

RUSSELL HARDIN, JR.
JOHN MACVANE
RUSTY HARDIN & ASSOCIATES, L.L.P.
5 Houston Center
    1401 McKinney Street, Suite 2250
    Houston, Texas 77010
(713) 652-9000 Phone
RHardin@RustyHardin.com
JMacVane@RustyHardin.com

*Counsel for Defendant-Appellant*

## Table of Contents

| No. | Description | Record Citation |
|---|---|---|
| 1 | Docket Sheet | ROA.1-49 |
| 2 | Notice of Appeal | ROA.3730-32 |
| 3 | Order<br>[Interlocutory order appealed from] | ROA.14154-14210 |
| 4 | Certificate of Service | |

# 1

[Docket Sheet   ROA.1-49]

APPEAL,LEAD,STAYED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:21-cv-00270
## Internal Use Only

Tuttle et al v. City Of Houston et al
Assigned to: Judge Alfred H Bennett
 Related Case:  4:21-cv-00272
Cause: 42:1981 Civil Rights

Date Filed: 01/27/2021
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Clifford F. Tuttle, Jr.**
*as Representative of the Estate of Dennis W. Tuttle, Deceased*

represented by **Margaret Ewing Bryant**
Ware Jackson Lee O'Neill Smith & Barrow, LLP
2929 Allen Parkway, Suite 3900
Houston, TX 77019
713-659-6400
Fax: 713-659-6262
Email: margaretbryant@warejackson.com
*ATTORNEY TO BE NOTICED*

**Patrick Mason Dennis**
Doyle Dennis LLP
3401 Allen Parkway, Suite 100
Suite 100
Houston, TX 77019
713-571-1146
Fax: 713-571-1148
Email: pdennis@doylelawfirm.com
*ATTORNEY TO BE NOTICED*

**Michael T Gallagher**
The Gallagher Law Firm
2905 Sackett St
Houston, TX 77098
713-238-7701
Email: mike@gld-law.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Tuttle**

represented by **Michael T Gallagher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ryan Tuttle**

represented by **Michael T Gallagher**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jo Ann Nicholas**                          represented by   **Charles C Bourque , Jr.**
St. Martin & Bourque
315 Barrow St
Houma, LA 70360
985-876-3891
Fax: 985-851-6455
Email: cbourque@stmblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey I Avery**
Doyle Dennis LLP
3401 Allen Pkwy
Suite 100
Houston, TX 77019
713-554-9086
Email: jeffavery@doylelawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Patrick Doyle**
Doyle LLP
3401 Allen Parkway
Suite 100
Houston, TX 77019
713-571-1146
Fax: 713-571-1148
Email: mdoyle@doylelawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Nicholas**                          represented by   **Charles C Bourque , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Patrick Doyle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey I Avery**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City Of Houston**                               represented by   **Alistair B. Dawson**
Beck Redden LLP
1221 McKinney
Ste 4500
Houston, TX 77010
713-951-6225
Email: adawson@beckredden.com
*ATTORNEY TO BE NOTICED*

**Christy L Martin**
City Of Houston
900 Bagby, 4th Floor
Houston, TX 77002
832-393-6438
Email: christy.martin@houstontx.gov
*TERMINATED: 04/29/2021*
*ATTORNEY TO BE NOTICED*

**Garrett Scott Brawley**
Beck Redden LLP
1221 McKinney St
Ste 4500
Houston, TX 77010
713-951-6240
Email: gbrawley@beckredden.com
*ATTORNEY TO BE NOTICED*

**Harold Al Odom , III**
Odom Law Firm
601 Sawyer
Suite 225
Houston, TX 77007
713-357-5153
Email: aodom@aodomlawfirm.com
*ATTORNEY TO BE NOTICED*

**Lena Elizabeth Silva**
Beck Redden LLP
1221 McKinney St.
Ste. 4500
Houston, TX 77010
713-951-3700
Email: lena.elizabeth.silva@gmail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gerald Goines**                               represented by   **Dwayne Richard Day**
Attorney at Law
3401 Allen Pkwy
Suite 100
Houston, TX 77019

713-284-1618
Fax: 713-759-6930
Email: dday@ddaylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steven Bryant**                    represented by    **David Allen Nachtigall**
David A. Nachtigall, Attorney at Law, PLLC
1545 Heights
Ste. 100
Houston, TX 77008
713-229-0008
Email: david@dntriallaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Felipe Gallegos**                    represented by    **Aisha Japera Dennis**
Lone Star Justice Alliance
3809 South 1st Street
Austin, TX 78704
512-394-5791
Email: adennis@lsja.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christy L Martin**
(See above for address)
*TERMINATED: 07/01/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Russell Hardin , Jr**
Rusty Hardin and Associates
1401 McKinney
Ste 2250
Houston, TX 77010
713-652-9000
Fax: 713-652-9800
Email: rhardin@rustyhardin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Armstead Charlton Lewis**
Rusty Hardin & Associates, LLP
1401 McKinney
Suite 2250
Houston, TX 77010
713-652-9000
Fax: 713-652-9800
Email: alewis@rustyhardin.com

*ATTORNEY TO BE NOTICED*

**Jennifer Elizabeth Brevorka**
Rusty Hardin et al
1401 McKinney St
Ste 2250
Houston, TX 77010
713-652-9000
Email: jbrevorka@rustyhardin.com
*ATTORNEY TO BE NOTICED*

**John MacVane**
MacVane LLP
The Esperson Building
808 Travis
77002, Suite 100
Houston, TX 77002
713-489-2935
Email: john.macvane@macvanellp.com
*ATTORNEY TO BE NOTICED*

**Letitia D Quinones-Hollins**
Quinones & Assocaites, PLLC
2202 Ruth Street
Houston, TX 77004
713-481-7420
Email: letitia@quinonesandassociates.com
*ATTORNEY TO BE NOTICED*

**Marshall Douglas Murphy**
Murphy & McKinney Law Firm, P.C.
902 Heights Blvd.
Houston, TX 77008
713-229-8333
Email: efile@dougmurphylaw.com
*ATTORNEY TO BE NOTICED*

**Naomi Howard**
Naomi Howard, P.C.
PO Box 303381
Austin, TX 78703-0057
512-717-0029
Email: naomi@justicenao.com
*ATTORNEY TO BE NOTICED*

**Rachel Mae Lewis**
Rusty Hardin & Associates
1401 McKinney St
Ste. 2250
Houston, TX 77010
713-652-9000
Email: rlewis@rustyhardin.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eric Sepolio**                            represented by   **Melissa Azadeh**
                                                            City of Houston Legal Department
                                                            P.O. Box 368 Houston
                                                            Houston, TX 77002-0368
                                                            (832) 393-6491
                                                            Fax: (832) 393-6259
                                                            Email: melissa.azadeh@houstontx.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Manuel Salazar**                          represented by   **Kelly Ann Dempsey**
                                                            City of Houston Legal Department
                                                            900 Bagby
                                                            3rd Floor
                                                            Houston, TX 77002
                                                            832-393-6450
                                                            Email: kelly.dempsey@houstontx.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Melissa Azadeh**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Michelle Charlene Taylor**
                                                            City of Houston
                                                            900 Bagby St.
                                                            3rd Floor
                                                            Houston, TX 77002
                                                            832-393-6248
                                                            Email: michelle.taylor2@houstontx.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Carolyn Lilian Martin**
                                                            City of Houston Legal Department
                                                            900 Bagby 3rd Floor
                                                            Houston, TX 77002
                                                            832-393-6445
                                                            Email: Carolyn.Martin@eeoc.gov
                                                            *TERMINATED: 12/15/2021*

                                                            **Geoffrey Glen Hoover**
                                                            City of Houston Legal Dept.
                                                            900 Bagby
                                                            3rd Floor
                                                            Houston, TX 77002
                                                            832-393-6248
                                                            Fax: 832-393-6259

Email: geoffrey.hoover@houstontx.gov
*TERMINATED: 12/29/2021*

**Defendant**

**Thomas Wood**                    represented by  **Alexander Edward Garcia**
City of Houston
900 Bagby Street
Houston, TX 77002
832-393-3000
Email: alexander.garcia@houstontx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley Aaron Morefield**
Houston Police Department
1200 Travis
Ste 10th Floor
Houston, TX 77002
713-308-9134
Email: bradley.morefield@houstonpolice.org
*TERMINATED: 08/18/2023*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oscar Pardo**                    represented by  **Melissa Azadeh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Frank Medina**                   represented by  **Christy L Martin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Clemente Reyna**                 represented by  **Alexander Edward Garcia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley Aaron Morefield**
(See above for address)
*TERMINATED: 08/18/2023*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cedell Lovings**                 represented by  **Melissa Azadeh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nadeem Ashraf**                                        represented by   **Michelle Charlene Taylor**
                                                                          (See above for address)
                                                                          *LEAD ATTORNEY*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Bradley Aaron Morefield**
                                                                          (See above for address)
                                                                          *TERMINATED: 08/18/2023*
                                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Marsha Todd**                                         represented by   **Kelly Ann Dempsey**
                                                                          (See above for address)
                                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Gonzales**                                     represented by   **Christy L Martin**
                                                                          City Of Houston
                                                                          Legal Department
                                                                          900 Bagby, 4th Floor
                                                                          Houston, TX 77002
                                                                          832-393-6438
                                                                          Email: christy.martin@houstontx.gov
                                                                          *LEAD ATTORNEY*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Bradley Aaron Morefield**
                                                                          (See above for address)
                                                                          *TERMINATED: 08/18/2023*
                                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Art Acevedo**                                         represented by   **Christy L Martin**
*TERMINATED: 10/10/2023*                                                  (See above for address)
                                                                          *TERMINATED: 04/29/2021*
                                                                          *LEAD ATTORNEY*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Al Odom**
                                                                          Odom Law Firm
                                                                          601 Sawyer
                                                                          #225 77007
                                                                          713-357-5153
                                                                          Fax: 713-588-8437
                                                                          Email: aodom@aodomlawfirm.com
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Alistair B. Dawson**
                                                                          (See above for address)
                                                                          *ATTORNEY TO BE NOTICED*

**Garrett Scott Brawley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lena Elizabeth Silva**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**HARRIS COUNTY DISTRICT ATTORNEY**
*TERMINATED: 06/09/2021*

represented by **Elizabeth Lee Stevens**
City of Houston Legal Department
900 Bagby, 3rd Floor
Houston, TX 77002
832-393-5631
Email: elizabeth.stevens@houstontx.gov
*TERMINATED: 06/09/2021*
*LEAD ATTORNEY*

V.

**Witness**

**Art Acevedo**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/27/2021 | 1 | COMPLAINT against All Defendants (Filing fee $ 402 receipt number 0541-25874144) filed by Clifford Tuttle. (Attachments: # 1 Civil Cover Sheet Plaintiff Clifford Tuttle, # 2 Summons City of Houston)(Gallagher, Michael) (Entered: 01/27/2021) |
| 01/28/2021 | 2 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 4/30/2021 at 09:00 AM in Courtroom 8C before Judge Alfred H Bennett. (Signed by Judge Alfred H Bennett) Parties notified.(JacquelineMataadi, 4) (Entered: 01/28/2021) |
| 02/01/2021 | 3 | Request for Issuance of Summons as to City Of Houston, filed.(Gallagher, Michael) (Entered: 02/01/2021) |
| 02/01/2021 | 4 | Request for Issuance of Summons as to City Of Houston, filed.(Gallagher, Michael) (Entered: 02/01/2021) |
| 02/02/2021 | 5 | Summons Issued as to City Of Houston. Issued summons delivered to plaintiff by NEF, filed.(jdav, 4) (Entered: 02/02/2021) |
| 02/03/2021 | 6 | Request for Issuance of Summons as to All Defendants, filed. (Attachments: # 1 Summons Cedell Lovings, # 2 Summons Clemente Reyna, # 3 Summons Eric Sepolio, # 4 Summons Frank Medina, # 5 Summons Manuel Salazar, # 6 Summons Marsha Todd, # 7 Summons Nadeem Ashraf, # 8 Summons Oscar Pardo, # 9 Summons Robert Gonzalez, # 10 Summons Steven Bryant, # 11 Summons Thomas Wood)(Gallagher, Michael) (Entered: 02/03/2021) |
| 02/04/2021 | 7 | Summons Issued as to Nadeem Ashraf, Steven Bryant, Gerald Goines, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric |

| | | |
|---|---|---|
| | | Sepolio, Marsha Todd, Thomas Wood. Issued summons delivered to plaintiff by NEF, filed. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons)(ChristopherSarrat, 4) (Entered: 02/04/2021) |
| 02/05/2021 | 8 | RETURN of Service of SUMMONS Executed as to City Of Houston served on 2/3/2021, answer due 2/24/2021, filed.(Gallagher, Michael) (Entered: 02/05/2021) |
| 02/12/2021 | 9 | CERTIFICATE OF INTERESTED PARTIES by Clifford F. Tuttle, Jr, filed.(Gallagher, Michael) (Entered: 02/12/2021) |
| 02/12/2021 | 10 | RETURN of Service of SUMMONS Executed as to Steven Bryant served on 2/10/2021, answer due 3/3/2021, filed.(ckrus, 4) (Entered: 02/12/2021) |
| 02/19/2021 | 11 | First MOTION to Dismiss *and Alternatively, Opposed Motion to Stay* by Felipe Gallegos, filed. Motion Docket Date 3/12/2021. (Attachments: # 1 Proposed Order)(Martin, Christy) (Entered: 02/19/2021) |
| 02/22/2021 | 12 | RETURN of Service of SUMMONS Executed as to Thomas Wood served on 2/12/2021, answer due 3/5/2021, filed.(thanniable, 4) (Entered: 02/22/2021) |
| 02/22/2021 | 13 | RETURN of Service of SUMMONS Executed as to Gerald Goines served on 2/12/2021, answer due 3/5/2021, filed.(thanniable, 4) (Entered: 02/22/2021) |
| 02/22/2021 | 14 | RETURN of Service of SUMMONS Executed as to Oscar Pardo served on 2/11/2021, answer due 3/4/2021, filed.(thanniable, 4) (Entered: 02/22/2021) |
| 02/23/2021 | 15 | RETURN of Service of SUMMONS Executed as to Frank Medina served on 2/10/2021, answer due 3/3/2021, filed.(ckrus, 4) (Entered: 02/23/2021) |
| 02/23/2021 | 16 | RETURN of Service Executed as to Clemente Reyna on 2/12/2021 re: Summons and Complaint, filed.(jguajardo, 4) (Entered: 02/23/2021) |
| 02/24/2021 | 17 | RETURN of Service of SUMMONS Executed as to Eric Sepolio served on 2/23/2021, answer due 3/16/2021, filed.(BrendaLacy, 4) (Entered: 02/25/2021) |
| 02/24/2021 | 18 | RETURN of Service of SUMMONS Executed as to Marsha Todd served on 2/10/2021, answer due 3/3/2021, filed.(BrendaLacy, 4) (Entered: 02/25/2021) |
| 02/24/2021 | 19 | RETURN of Service of SUMMONS Executed as to Nadeem Ashraf served on 2/23/2021, answer due 3/16/2021, filed.(BrendaLacy, 4) (Entered: 02/25/2021) |
| 03/03/2021 | 20 | MOTION to Dismiss by Marsha Todd, filed. Motion Docket Date 3/24/2021. (Dempsey, Kelly) (Entered: 03/03/2021) |
| 03/03/2021 | 21 | MOTION to Dismiss *and Alternatively, Opposed Motion to Stay* by Frank Medina, filed. Motion Docket Date 3/24/2021. (Attachments: # 1 Exhibit, # 2 Proposed Order)(Martin, Christy) (Entered: 03/03/2021) |
| 03/04/2021 | 22 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ( Motion Docket Date 3/25/2021.), Opposed MOTION to Stay by Oscar Pardo, filed. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Azadeh, Melissa) (Entered: 03/04/2021) |
| 03/04/2021 | 23 | MOTION to Dismiss *and Alternatively, Opposed Motion to Stay* by Robert Gonzales, filed. Motion Docket Date 3/25/2021. (Attachments: # 1 Exhibit, # 2 Proposed Order)(Morefield, Bradley) (Entered: 03/04/2021) |
| 03/05/2021 | 24 | |

| | | |
|---|---|---|
| | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ( Motion Docket Date 3/26/2021.), Opposed MOTION to Stay by Cedell Lovings, filed. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Azadeh, Melissa) (Entered: 03/05/2021) |
| 03/05/2021 | 25 | MOTION to Dismiss *and Alternatively, Opposed Motion to Stay* by Thomas Wood, filed. Motion Docket Date 3/26/2021. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Proposed Order)(Morefield, Bradley) (Entered: 03/05/2021) |
| 03/05/2021 | 26 | MOTION to Dismiss *and Alternatively, Opposed Motion to Stay* by Clemente Reyna, filed. Motion Docket Date 3/26/2021. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Proposed Order)(Morefield, Bradley) (Entered: 03/05/2021) |
| 03/05/2021 | 27 | MOTION to Dismiss by City Of Houston, filed. Motion Docket Date 3/26/2021. (Martin, Christy) (Entered: 03/05/2021) |
| 03/10/2021 | 28 | Request for Issuance of Summons as to Eric Sepolio, filed.(Gallagher, Michael) (Entered: 03/10/2021) |
| 03/10/2021 | 29 | Unopposed MOTION Unopposed Mtn to Extend by Clifford F. Tuttle, Jr, filed. Motion Docket Date 3/31/2021. (Attachments: # 1 Proposed Order Proposed Order Unopp Mtn to Extend)(Gallagher, Michael) (Entered: 03/10/2021) |
| 03/11/2021 | 30 | Summons Issued as to Eric Sepolio. Issued summons delivered to plaintiff by NEF, filed.(ChristopherSarrat, 4) (Entered: 03/11/2021) |
| 03/11/2021 | 31 | ORDER granting 29 Motion for Extension.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 03/11/2021) |
| 03/15/2021 | 32 | Unopposed MOTION to Consolidate Lead Case No. 4:21cv270 and Member Case No. 4:21cv272 by Clifford F. Tuttle, Jr, filed. Motion Docket Date 4/5/2021. (Attachments: # 1 Proposed Order Motion to Consolidate)(Gallagher, Michael) (Entered: 03/15/2021) |
| 03/15/2021 | 33 | ANSWER to 1 Complaint by Steven Bryant, filed.(Nachtigall, David) (Entered: 03/15/2021) |
| 03/16/2021 | 34 | MOTION to Dismiss *and Opposed Motion to Stay* by Nadeem Ashraf, filed. Motion Docket Date 4/6/2021. (Attachments: # 1 Exhibit, # 2 Proposed Order)(Morefield, Bradley) (Entered: 03/16/2021) |
| 03/23/2021 | 35 | ANSWER to 1 Complaint by Gerald Goines, filed.(Day, Dwayne) (Entered: 03/23/2021) |
| 03/24/2021 | 36 | ORDER granting 32 Motion to Consolidate Cases: Lead Case No. 4:21cv270 and Member Case No. 4:21cv272.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 03/24/2021) |
| 03/24/2021 | | (Court only) ***Party Jo Ann Nicholas and John Nicholas added. (ledwards, 4) (Entered: 03/24/2021) |
| 03/26/2021 | 37 | CERTIFICATE OF INTERESTED PARTIES by Steven Bryant, filed.(Nachtigall, David) (Entered: 03/26/2021) |
| 03/30/2021 | 38 | RETURN of Service of SUMMONS, Original Complaint and Order for Conference and Disclosure of Interested Parties Executed as to Eric Sepolio served on 3/29/2021, answer due 4/19/2021, filed.(JacquelineMata, 4) (Entered: 03/31/2021) |
| 04/06/2021 | 39 | MOTION for Charles C. Bourque, Jr. to Appear Pro Hac Vice by Jo Ann Nicholas, John Nicholas, filed. Motion Docket Date 4/27/2021. (Doyle, Michael) (Entered: 04/06/2021) |

| 04/06/2021 | 40 | Unopposed MOTION for Extension of Time to file Amended Complaint or file Response to Defendant Ashraf's Motions to Dismiss and Motion to Stay by Jo Ann Nicholas, John Nicholas, Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle, filed. Motion Docket Date 4/27/2021. (Attachments: # 1 Proposed Order)(Avery, Jeffrey) (Entered: 04/06/2021) |
|---|---|---|
| 04/07/2021 | 41 | CERTIFICATE OF INTERESTED PARTIES by Nadeem Ashraf, City Of Houston, Felipe Gallegos, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Marsha Todd, Thomas Wood, Art Acevedo, filed.(Martin, Christy) (Entered: 04/07/2021) |
| 04/07/2021 | 42 | CERTIFICATE OF INTERESTED PARTIES by Gerald Goines, filed.(Day, Dwayne) (Entered: 04/07/2021) |
| 04/07/2021 | 43 | Opposed MOTION to Stay by Steven Bryant, filed. Motion Docket Date 4/28/2021. (Attachments: # 1 Proposed Order)(Nachtigall, David) (Entered: 04/07/2021) |
| 04/07/2021 | 44 | Opposed MOTION for Protective Order by Jo Ann Nicholas, John Nicholas, filed. Motion Docket Date 4/28/2021. (Attachments: # 1 Proposed Order Protective Order)(Doyle, Michael) (Entered: 04/07/2021) |
| 04/09/2021 | 45 | RESPONSE in Opposition to 26 MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, 22 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Opposed MOTION to Stay , 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Opposed MOTION to Stay , 21 MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, 11 First MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, 25 MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, 23 MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, 34 MOTION to Dismiss *and Opposed Motion to Stay*, 43 Opposed MOTION to Stay , filed by Clifford F. Tuttle, Jr. (Attachments: # 1 Affidavit Exhibit A)(Gallagher, Michael) (Entered: 04/09/2021) |
| 04/09/2021 | 46 | RESPONSE in Opposition to 26 MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, 21 MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, 25 MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, 34 MOTION to Dismiss *and Opposed Motion to Stay*, 22 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Opposed MOTION to Stay , 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Opposed MOTION to Stay , 23 MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, filed by Jo Ann Nicholas, John Nicholas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Proposed Order)(Avery, Jeffrey) (Entered: 04/09/2021) |
| 04/09/2021 | 47 | PROPOSED ORDER re: 45 Response in Opposition to Motion,,,, filed.(Gallagher, Michael) (Entered: 04/09/2021) |
| 04/09/2021 | 48 | First AMENDED COMPLAINT with Jury Demand against All Defendants filed by Clifford F. Tuttle, Jr.(Gallagher, Michael) (Entered: 04/09/2021) |
| 04/09/2021 | 49 | First AMENDED COMPLAINT with Jury Demand against All Defendants filed by Jo Ann Nicholas, John Nicholas.(Avery, Jeffrey) (Entered: 04/09/2021) |
| 04/12/2021 | 50 | Request for Issuance of Summons as to Manuel Salazar, filed.(Avery, Jeffrey) (Entered: 04/12/2021) |
| 04/13/2021 | 51 | Summons Issued as to Manuel Salazar. Issued summons delivered to plaintiff by NEF, filed.(DesireeSillas, 4) (Entered: 04/13/2021) |

| 04/13/2021 | 52 | Opposed MOTION to Stay by Gerald Goines, filed. Motion Docket Date 5/4/2021. (Day, Dwayne) (Entered: 04/13/2021) |
|---|---|---|
| 04/13/2021 | | (Court only) ***Attorney Charles Bourque, Jr for Jo Ann Nicholas,Charles Bourque, Jr for John Nicholas added. (ledwards, 4) (Entered: 04/13/2021) |
| 04/13/2021 | 53 | ORDER granting 39 Motion for Charles C. Mourque, Jr. to Appear Pro Hac Vice.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 04/13/2021) |
| 04/15/2021 | 54 | ORDER granting 40 Unopposed MOTION for Extension of Time to file Amended Complaint or file Response to Defendant Ashraf's Motions to Dismiss and Motion to Stay ( Amended Pleadings due by 4/9/2021., Answer or Motion to Dismiss due by 5/24/2021 )(Signed by Judge Alfred H Bennett) Parties notified.(olindor, 4) (Entered: 04/16/2021) |
| 04/19/2021 | 55 | RESPONSE to 44 Opposed MOTION for Protective Order filed by Art Acevedo, Nadeem Ashraf, City Of Houston, Felipe Gallegos, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Marsha Todd, Thomas Wood. (Attachments: # 1 Proposed Order)( Per Attorney Filed in error)(Dempsey, Kelly) Modified on 4/19/2021 (mmapps, 4). (Entered: 04/19/2021) |
| 04/19/2021 | 56 | RESPONSE to 44 Opposed MOTION for Protective Order filed by Art Acevedo, Nadeem Ashraf, City Of Houston, Felipe Gallegos, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Marsha Todd, Thomas Wood. (Attachments: # 1 Proposed Order)(Dempsey, Kelly) (Entered: 04/19/2021) |
| 04/19/2021 | 57 | MOTION to Supplement Defendant City of Houston's Motion to Stay by Nadeem Ashraf, Felipe Gallegos, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Thomas Wood, filed. Motion Docket Date 5/10/2021. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Proposed Order)(Dempsey, Kelly) (Entered: 04/19/2021) |
| 04/20/2021 | 58 | JOINT DISCOVERY/CASE MANAGEMENT PLAN by Jo Ann Nicholas, John Nicholas, filed.(Avery, Jeffrey) (Entered: 04/20/2021) |
| 04/21/2021 | 59 | Request for Issuance of Summons as to Manuel Salazar, filed.(Gallagher, Michael) (Entered: 04/21/2021) |
| 04/22/2021 | 60 | Summons Issued as to Manuel Salazar. Issued summons delivered to plaintiff by NEF, filed.(hlerma, 4) (Main Document 60 replaced on 4/22/2021) (hlerma, 4). (Entered: 04/22/2021) |
| 04/26/2021 | 61 | REPLY in Support of 44 Opposed MOTION for Protective Order, filed by Jo Ann Nicholas, John Nicholas, Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle. (Avery, Jeffrey) (Entered: 04/26/2021) |
| 04/26/2021 | 68 | RETURN of Service of SUMMONS Executed as to Manuel Salazar served on 4/23/2021, answer due 5/14/2021, filed.(agould, 3) (Entered: 04/29/2021) |
| 04/26/2021 | 69 | RETURN of Service, filed.(agould, 3) (Entered: 04/29/2021) |
| 04/27/2021 | 62 | Second MOTION to Supplement Defendants' Motion to Stay by Art Acevedo, Nadeem Ashraf, City Of Houston, Felipe Gallegos, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Marsha Todd, Thomas Wood, filed. Motion Docket Date 5/18/2021. (Dempsey, Kelly) (Entered: 04/27/2021) |
| 04/27/2021 | 63 | Supplemental EXHIBITS re: 62 Second MOTION to Supplement Defendants' Motion to Stay by Art Acevedo, Nadeem Ashraf, City Of Houston, Felipe Gallegos, Robert |

| | | |
|---|---|---|
| | | Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Marsha Todd, Thomas Wood, filed. (Attachments: # 1 Exhibit E, # 2 Exhibit F, # 3 Exhibit G, # 4 Exhibit H)(Dempsey, Kelly) (Entered: 04/27/2021) |
| 04/28/2021 | 64 | PROPOSED ORDER *Pltfs' Proposed Scheduling Order*, filed.(Gallagher, Michael) (Entered: 04/28/2021) |
| 04/28/2021 | 65 | OBJECTIONS to 62 Second MOTION to Supplement Defendants' Motion to Stay, 57 MOTION to Supplement Defendant City of Houston's Motion to Stay , filed by Jo Ann Nicholas, John Nicholas. (Avery, Jeffrey) (Entered: 04/28/2021) |
| 04/28/2021 | 66 | RESPONSE in Opposition to 52 Opposed MOTION to Stay , 43 Opposed MOTION to Stay , filed by Jo Ann Nicholas, John Nicholas. (Attachments: # 1 Proposed Order)(Avery, Jeffrey) (Entered: 04/28/2021) |
| 04/28/2021 | 67 | PROPOSED ORDER *Defendants' Proposed Scheduling Order Assuming the Conclusion of the Criminal Proceedings by November 12, 2021*, filed.(Dempsey, Kelly) (Entered: 04/28/2021) |
| 04/29/2021 | 70 | NOTICE of attorney substitution by Art Acevedo, City Of Houston. Attorney Alistair Dawson and Al Odom added. Attorney Christy L Martin terminated, filed. (Dawson, Alistair) (Entered: 04/29/2021) |
| 04/30/2021 | | (Court only) ***Attorney Al Odom for Art Acevedo added. (ledwards, 4) (Entered: 04/30/2021) |
| 04/30/2021 | | Minute Entry for proceedings held before Judge Alfred H Bennett. SCHEDULING CONFERENCE held on 4/30/2021. The Court denies as moot the pending Motions to Dismiss Plaintiffs Original Complaints. The Court orders the parties to confer on the following for submission : 1) A protective order, 2) A narrowly-tailored stay regarding those defendants who have been criminally charged and are asserting their 5th amendment rights, 3) a proposed scheduling order. Defendants City of Houston and Acevado will produce certain discovery within 30 days, as stated on the record. The Court will schedule a status conference in 60 days. Appearances: Alistair B. Dawson, Al Odom, Bradley Aaron Morefield, David Allen Nachtigall, Christy L Martin, Dwayne Richard Day, Melissa Azadeh, Michael Patrick Doyle, Charles Bourque, Jr, Kelly Ann Dempsey, Michael T Gallagher.(Court Reporter: H. Alcaraz), filed.(ledwards, 4) (Entered: 04/30/2021) |
| 04/30/2021 | 71 | NOTICE of Setting. Parties notified. Status Conference set for 7/1/2021 at 10:30 AM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 04/30/2021) |
| 05/03/2021 | 72 | AO 435 TRANSCRIPT REQUEST by Alistair Dawson for Transcript of Status Conference on 04/30/2021 before Judge Bennett. Ordinary (30 days) turnaround requested. Court Reporter/Transcriber: Heather Alcaraz, filed. (Dawson, Alistair) (Entered: 05/03/2021) |
| 05/03/2021 | 73 | NOTICE *Letter to Judge Bennett following 4/30/2021 Status Conference* by Art Acevedo, City Of Houston, filed. (Dawson, Alistair) (Entered: 05/03/2021) |
| 05/06/2021 | 74 | Opposed MOTION to Intervene by HARRIS COUNTY DISTRICT ATTORNEY, filed. Motion Docket Date 5/27/2021. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Proposed Order)(Stevens, Elizabeth) (Entered: 05/06/2021) |
| 05/06/2021 | 75 | MOTION for Oral Hearing re: 74 Opposed MOTION to Intervene by HARRIS COUNTY DISTRICT ATTORNEY, filed. Motion Docket Date 5/27/2021. (Attachments: # 1 |

| | | Proposed Order)(Stevens, Elizabeth) (Entered: 05/06/2021) |
|---|---|---|
| 05/07/2021 | 76 | Opposed MOTION to Quash Subpoena by HARRIS COUNTY DISTRICT ATTORNEY, filed. Motion Docket Date 5/28/2021. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order 1, # 4 Proposed Order 2)(Stevens, Elizabeth) (Entered: 05/07/2021) |
| 05/10/2021 | 77 | RESPONSE in Opposition to 74 Opposed MOTION to Intervene, filed by Jo Ann Nicholas, John Nicholas. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Proposed Order)(Avery, Jeffrey) (Entered: 05/10/2021) |
| 05/11/2021 | 78 | NOTICE of Setting. Parties notified. Motion Hearing set for 5/17/2021 at 10:00 AM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 05/11/2021) |
| 05/13/2021 | 79 | NOTICE *Letter to Judge Bennett response to City of Houston* re: 73 Notice (Other) by Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle, filed. (Gallagher, Michael) (Entered: 05/13/2021) |
| 05/14/2021 | 80 | RESPONSE in Opposition to 74 Opposed MOTION to Intervene, filed by Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle. (Gallagher, Michael) (Entered: 05/14/2021) |
| 05/14/2021 | 81 | REPLY to Response to 74 Opposed MOTION to Intervene, filed by HARRIS COUNTY DISTRICT ATTORNEY. (Attachments: # 1 Exhibit)(Stevens, Elizabeth) (Entered: 05/14/2021) |
| 05/16/2021 | 82 | Other EXHIBITS re: 74 Opposed MOTION to Intervene by HARRIS COUNTY DISTRICT ATTORNEY, filed.(Stevens, Elizabeth) (Entered: 05/16/2021) |
| 05/16/2021 | 83 | Other EXHIBITS re: 76 Opposed MOTION to Quash Subpoena by HARRIS COUNTY DISTRICT ATTORNEY, filed.(Stevens, Elizabeth) (Entered: 05/16/2021) |
| 05/17/2021 | | Minute Entry for proceedings held before Judge Alfred H Bennett. MOTION HEARING held on 5/17/2021 ; Motion-related deadline set re: 74 Opposed MOTION to Intervene, 76 Opposed MOTION to Quash Subpoena, 75 MOTION for Oral Hearing re: 74 Opposed MOTION to Intervene. Harris County DAs Motion to Intervene and Motion to Stay (Doc. #74) are TAKEN UNDER ADVISEMENT. Opposed Motion to Quash Subpoena (Doc. #76) is GRANTED WITHOUT PREJUDICE. Materials to be reviewed in camera. Compliance date for subpoena to Forensic Science Center to be determined. Counsel will direct the Court to specific information to be reviewed. The Court took up letters regarding Garrity Statements. Counsel for City & Acevado will further investigate Garrity claims. Responses to Amended Complaint due May 24, 2021. The Court ORDERS plaintiffs counsel to keep counsel for the Harris County DA informed pending a ruling on the Motion to Intervene/Stay. Appearances: Alistair B. Dawson, Al Odom, David Allen Nachtigall, Christy L Martin, Dwayne Richard Day, Elizabeth Lee Stevens, Melissa Azadeh, Jeffrey I Avery, Michael Patrick Doyle, Charles Bourque, Jr, Kelly Ann Dempsey, Michael T Gallagher.(Court Reporter: S. Gunn), filed.(ledwards, 4) (Entered: 05/17/2021) |
| 05/17/2021 | | (Court only) ***Motion(s) terminated: 75 MOTION for Oral Hearing re: 74 Opposed MOTION to Intervene. (ledwards, 4) (Entered: 05/17/2021) |
| 05/17/2021 | | (Court only) ***Motion(s) terminated: 22 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Opposed MOTION to Stay , 21 MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, 25 MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Opposed MOTION to Stay , 26 MOTION to Dismiss *and Alternatively, Opposed* |

| | | |
|---|---|---|
| | | *Motion to Stay*, 11 First MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, 20 MOTION to Dismiss , 34 MOTION to Dismiss *and Opposed Motion to Stay*, 27 MOTION to Dismiss . Moot per Amended Complaint (ledwards, 4) Modified on 5/17/2021 (ledwards, 4). (Entered: 05/17/2021) |
| 05/20/2021 | 84 | Opposed MOTION for Extension of Time to File Responsive Pleadings to Plaintiffs' First Amended Complaints by Nadeem Ashraf, Felipe Gallegos, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood, filed. Motion Docket Date 6/10/2021. (Attachments: # 1 Proposed Order)(Azadeh, Melissa) (Entered: 05/20/2021) |
| 05/21/2021 | 85 | ORDER denying 84 Motion for Extension of Time.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 05/21/2021) |
| 05/21/2021 | 86 | AO 435 TRANSCRIPT REQUEST by L. Boyd Smith, Jr. for Transcript of Status Conference 4/30/21. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Heather Alcaraz, filed. (Gallagher, Michael) (Entered: 05/21/2021) |
| 05/21/2021 | 87 | AO 435 TRANSCRIPT REQUEST by L. Boyd Smith, Jr. for Transcript of Motion Hearing 5/17/21 before Judge Bennett. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Heather Alcaraz, filed. (Gallagher, Michael) (Entered: 05/21/2021) |
| 05/21/2021 | 88 | ANSWER to 48 Amended Complaint/Counterclaim/Crossclaim etc. by Steven Bryant, filed.(Nachtigall, David) (Entered: 05/21/2021) |
| 05/21/2021 | 89 | ANSWER to 49 Amended Complaint/Counterclaim/Crossclaim etc. by Steven Bryant, filed.(Nachtigall, David) (Entered: 05/21/2021) |
| 05/21/2021 | 90 | AO 435 TRANSCRIPT REQUEST by Alistair Dawson for Transcript of Motion hearing on 5/17/2021 before Judge Bennett. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Sean Gumm, filed. (Dawson, Alistair) (Entered: 05/21/2021) |
| 05/22/2021 | 91 | TRANSCRIPT re: before Judge Alfred H Bennett. Release of Transcript Restriction set for 8/20/2021., filed. (SeanGumm, ) (Entered: 05/22/2021) |
| 05/24/2021 | 92 | Notice of Filing of Official Transcript as to 91 Transcript. Party notified, filed. (dhansen, 4) (Entered: 05/24/2021) |
| 05/24/2021 | 93 | MOTION to Dismiss *Defendant Clemente Reyna's Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints* by Clemente Reyna, filed. Motion Docket Date 6/14/2021. (Morefield, Bradley) Modified on 12/16/2022 (ledwards, 4). (Entered: 05/24/2021) |
| 05/24/2021 | 94 | MOTION to Dismiss *Defendant Robert Gonzales' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints* by Robert Gonzales, filed. Motion Docket Date 6/14/2021. (Morefield, Bradley) Modified on 12/16/2022 (ledwards, 4). (Entered: 05/24/2021) |
| 05/24/2021 | 95 | NOTICE of Setting. Parties notified. Telephone Conference set for 5/24/2021 at 03:30 AM by telephone before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 05/24/2021) |
| 05/24/2021 | 96 | MOTION to Dismiss *Defendant Marsha Todd's Rule 12(B)(6) Motion to Dismiss* by Marsha Todd, filed. Motion Docket Date 6/14/2021. (Dempsey, Kelly) (Entered: 05/24/2021) |
| 05/24/2021 | 97 | |

| | | |
|---|---|---|
| | | MOTION to Dismiss *Defendant Felipe Gallegos' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints* by Felipe Gallegos, filed. Motion Docket Date 6/14/2021. (Martin, Christy) Modified on 12/16/2022 (ledwards, 4). (Entered: 05/24/2021) |
| 05/24/2021 | | Minute Entry for proceedings held before Judge Alfred H Bennett. TELEPHONE CONFERENCE held on 5/24/2021. The Court provided guidance regarding list of items requested for discovery. Appearances:Akilah Mance, Carolyn Martin. Alistair B. Dawson, David Allen Nachtigall, Christy L Martin, Dwayne Richard Day, Elizabeth Lee Stevens, Melissa Azadeh, Michael Patrick Doyle, Kelly Ann Dempsey.(Court Reporter: L. Smith), filed.(ledwards, 4) (Entered: 05/24/2021) |
| 05/24/2021 | 98 | MOTION to Dismiss *Defendant Officers' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints* by Nadeem Ashraf, Cedell Lovings, Frank Medina, Oscar Pardo, Thomas Wood, filed. Motion Docket Date 6/14/2021. (Martin, Christy) Modified on 12/16/2022 (ledwards, 4). (Entered: 05/24/2021) |
| 05/24/2021 | 99 | MOTION to Dismiss *Defendants Manuel Salazar and Eric Sepolio's Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints* by Manuel Salazar, Eric Sepolio, filed. Motion Docket Date 6/14/2021. (Attachments: # 1 Proposed Order, # 2 Proposed Order)(Martin, Carolyn) Modified on 12/16/2022 (ledwards, 4). (Entered: 05/24/2021) |
| 05/24/2021 | 100 | ANSWER to 48 Amended Complaint/Counterclaim/Crossclaim etc. by Gerald Goines, filed.(Day, Dwayne) (Entered: 05/24/2021) |
| 05/24/2021 | 101 | ANSWER to 49 Amended Complaint/Counterclaim/Crossclaim etc. by Gerald Goines, filed.(Day, Dwayne) (Entered: 05/24/2021) |
| 05/24/2021 | 102 | ANSWER to 48 Amended Complaint/Counterclaim/Crossclaim etc. by City Of Houston, filed.(Dawson, Alistair) (Entered: 05/24/2021) |
| 05/24/2021 | 103 | ANSWER to 49 Amended Complaint/Counterclaim/Crossclaim etc. by Art Acevedo, City Of Houston, filed.(Dawson, Alistair) (Entered: 05/24/2021) |
| 05/27/2021 | 104 | MOTION for Entry of Order re: Enter Confidentiality Order or Protective Order by Art Acevedo, City Of Houston, filed. Motion Docket Date 6/17/2021. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Dawson, Alistair) (Entered: 05/27/2021) |
| 05/27/2021 | 105 | EXHIBITS in re: USB, filed.(ClaudiaGutierrez, 4) (Entered: 05/27/2021) |
| 06/03/2021 | 106 | ORDER granting 104 Motion for Entry of Confidentiality Order or Protective Order.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 06/03/2021) |
| 06/09/2021 | 107 | ORDER denying 74 Motion to Intervene and Motion to Stay.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Main Document 107 replaced on 6/9/2021) (ledwards, 4). (Entered: 06/09/2021) |
| 06/09/2021 | 108 | TRANSCRIPT re: Status Conference held on 4/30/21 before Judge Alfred H Bennett. Court Reporter Heather Alcaraz. Ordering Party Boyd Smith. Release of Transcript Restriction set for 9/7/2021, filed. (halcaraz, ) (Entered: 06/09/2021) |
| 06/09/2021 | | (Court only) *** Party HARRIS COUNTY DISTRICT ATTORNEY terminated. (ledwards, 4) (Entered: 06/30/2021) |

| 06/10/2021 | 109 | Notice of Filing of Official Transcript as to 108 Transcript. Party notified, filed. (hcarr, 4) (Entered: 06/10/2021) |
|---|---|---|
| 06/14/2021 | 110 | RESPONSE in Opposition to 93 MOTION to Dismiss *Defendant Clemente Reyna's Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, 98 MOTION to Dismiss *Defendant Officers' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, 99 MOTION to Dismiss *Defendants Manuel Salazar and Eric Sepolio's Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, 96 MOTION to Dismiss *Defendant Marsha Todd's Rule 12(B)(6) Motion to Dismiss*, 97 MOTION to Dismiss *Defendant Felipe Gallegos' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, 94 MOTION to Dismiss *Defendant Robert Gonzales' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, filed by Clifford F. Tuttle, Jr. (Gallagher, Michael) (Entered: 06/14/2021) |
| 06/14/2021 | 111 | RESPONSE in Opposition to 93 MOTION to Dismiss *Defendant Clemente Reyna's Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, 98 MOTION to Dismiss *Defendant Officers' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, 99 MOTION to Dismiss *Defendants Manuel Salazar and Eric Sepolio's Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, 96 MOTION to Dismiss *Defendant Marsha Todd's Rule 12(B)(6) Motion to Dismiss*, 97 MOTION to Dismiss *Defendant Felipe Gallegos' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, 94 MOTION to Dismiss *Defendant Robert Gonzales' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, filed by Jo Ann Nicholas, John Nicholas. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Avery, Jeffrey) (Entered: 06/14/2021) |
| 06/18/2021 | 112 | Unopposed MOTION to Substitute Attorney Russell Hardin, Jr. in place of Christy Martin by Felipe Gallegos, filed. Motion Docket Date 7/9/2021. (Attachments: # 1 Proposed Order)(MacVane, John) (Entered: 06/18/2021) |
| 06/21/2021 | 113 | REPLY in Support of 93 MOTION to Dismiss *Defendant Clemente Reyna's Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, 98 MOTION to Dismiss *Defendant Officers' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, 99 MOTION to Dismiss *Defendants Manuel Salazar and Eric Sepolio's Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, 96 MOTION to Dismiss *Defendant Marsha Todd's Rule 12(B)(6) Motion to Dismiss*, 97 MOTION to Dismiss *Defendant Felipe Gallegos' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, 94 MOTION to Dismiss *Defendant Robert Gonzales' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, filed by Nadeem Ashraf, Felipe Gallegos, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Marsha Todd, Thomas Wood. (Azadeh, Melissa) (Entered: 06/21/2021) |
| 06/21/2021 | 114 | NOTICE *of Conferral and Supplemental Proposed Order on Narrowly Tailored Stay* by Nadeem Ashraf, Felipe Gallegos, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Marsha Todd, Thomas Wood, filed. (Attachments: # 1 Exhibit, # 2 Proposed Order)(Martin, Carolyn) (Entered: 06/21/2021) |
| 06/23/2021 | 115 | Supplemental RESPONSE in Opposition to 93 MOTION to Dismiss *Defendant Clemente Reyna's Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First* |

| | | |
|---|---|---|
| | | *Amended Complaints*, [26](#) MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, [98](#) MOTION to Dismiss *Defendant Officers' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, [24](#) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Opposed MOTION to Stay , [99](#) MOTION to Dismiss *Defendants Manuel Salazar and Eric Sepolio's Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, [11](#) First MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, [25](#) MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, [52](#) Opposed MOTION to Stay , [23](#) MOTION to Dismiss *and Alternatively, Opposed Motion to Stay*, [34](#) MOTION to Dismiss *and Opposed Motion to Stay*, [43](#) Opposed MOTION to Stay , [97](#) MOTION to Dismiss *Defendant Felipe Gallegos' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, [94](#) MOTION to Dismiss *Defendant Robert Gonzales' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints*, filed by Jo Ann Nicholas, John Nicholas. (Attachments: # [1](#) Proposed Order)(Doyle, Michael) (Entered: 06/23/2021) |
| 06/25/2021 | [116](#) | NOTICE of Appearance by Garrett S. Brawley on behalf of Art Acevedo, City Of Houston, filed. (Brawley, Garrett) (Entered: 06/25/2021) |
| 06/28/2021 | [117](#) | NOTICE of Appearance by Lena Silva on behalf of Art Acevedo, City Of Houston, filed. (Silva, Lena) (Entered: 06/28/2021) |
| 07/01/2021 | | Minute Entry for proceedings held before Judge Alfred H Bennett. STATUS CONFERENCE held on 7/1/2021. Issues taken up as stated on the record. Order granting the substitution of counsel and Motion to Stay signed and entered. The Court request that submitted documents by Houston Forensic Science Center be numbered (Bates stamped)for easier identification. Counsel provided with copies of letter received by the court. Counsel to confer regarding additional issues. A discovery hearing is scheduled August 20, 2021 at 10:00 a.m. A Hearing regarding the stay order scheduled November 5, 2021 at 10:00 a.m. Appearances:Akilah Mance, Houston Forensic Science Unit. Al Odom, Garrett Scott Brawley, Bradley Aaron Morefield, David Allen Nachtigall, Michael Patrick Doyle, Charles Bourque, Jr, , Kelly Ann Dempsey, Rusty Hardin, Dwayne Day.(Court Reporter: J. Sanchez), filed.(ledwards, 4) (Entered: 07/01/2021) |
| 07/01/2021 | [118](#) | ORDER granting [112](#) Motion to Substitute Attorney Attorney Christy L Martin terminated, Russell Hardin added.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 07/01/2021) |
| 07/01/2021 | | (Court only) ***Attorney Russell Hardin, Jr for Felipe Gallegos added. (ledwards, 4) (Entered: 07/01/2021) |
| 07/01/2021 | [119](#) | ORDER granting in part [43](#) Motion to Stay; granting in part [52](#) Motion to Stay; denying as moot [57](#) Motion to Supplement; denying as moot [62](#) Motion to Supplement; denying as moot [93](#) Motion to Dismiss; denying as moot [94](#) Motion to Dismiss; denying as moot [96](#) Motion to Dismiss; denying as moot [97](#) Motion to Dismiss; denying as moot [99](#) Motion to Dismiss; denying as moot [23](#) Motion to Dismiss, without prejudice to refiling once the Court determines that sufficient discovery has been completed..(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 07/01/2021) |
| 07/01/2021 | [120](#) | NOTICE of Setting. Parties notified. Discovery Hearing set for 8/20/2021 at 10:00 AM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 07/01/2021) |
| 07/01/2021 | [121](#) | NOTICE of Setting. Parties notified.Regarding Stay Order, Hearing set for 11/5/2021 at 10:00 AM at Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 07/01/2021) |

| 07/15/2021 | 122 | NOTICE *Request for Clarification of Order* by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Marsha Todd, Thomas Wood, filed. (Azadeh, Melissa) (Entered: 07/15/2021) |
|---|---|---|
| 07/15/2021 | 123 | NOTICE *Request for Clarification of Court's 07.01.2021 Order* re: 122 Notice (Other) by Felipe Gallegos, filed. (Hardin, Russell) (Entered: 07/15/2021) |
| 07/19/2021 | 127 | RETURN of Service Executed as to TXDPS - Texas Rangers Division Co on 07/15/2021 re: subpoena, filed.(thanniable, 4) (Entered: 07/22/2021) |
| 07/20/2021 | 124 | NOTICE *Defendant Officers' Letter to Court* by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Marsha Todd, Thomas Wood, filed. (Attachments: # 1 Exhibit)(Dempsey, Kelly) (Entered: 07/20/2021) |
| 07/21/2021 | 125 | NOTICE of Setting as to 122 Notice Requesting Clarification, 123 Notice Requesting Clarification. Parties notified. Hearing set for 7/27/2021 at 10:00 AM at Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 07/21/2021) |
| 07/22/2021 | 126 | RESPONSE to 124 Notice (Other), *re: Defendant Officers' Letter to Court*, filed by Jo Ann Nicholas, John Nicholas. (Avery, Jeffrey) (Entered: 07/22/2021) |
| 07/26/2021 | 128 | NOTICE of Appearance by Geoffrey G. Hoover on behalf of Manuel Salazar, filed. (Hoover, Geoffrey) (Entered: 07/26/2021) |
| 07/27/2021 | | Minute Entry for proceedings held before Judge Alfred H Bennett. MISCELLANEOUS HEARING held on 7/27/2021. Defendants Requests for Clarification (#122 & #123) taken up as stated on the record. The Court will issue further clarification as to its July 1, 2021 Order (#119). Defendants are ORDERED to file supplemental briefing on the Garrity issues by August 6. Counsel must also submit the relevant discovery to the Court for in camera review. Plaintiffs response is due by August 13. A reply, if necessary, may be filed by August 18. The parties are further ORDERED to submit a joint letter to the Court regarding other outstanding discovery issues by August 18. Additionally, counsel for the City of Houston must confer with the Harris County District Attorney and U.S. District Attorney regarding the ongoing criminal proceedings and provide the Court with a statute update. Counsel must also inform the Court of the status of the subpoena issued to the Texas Rangers. Finally, the nonindicted Officer Defendants must be prepared to present case law regarding their assertion of 5th amendment privileges at the August 20, 2021 discovery hearings. Appearances: Alistair B.Dawson,Geoffrey Glen Hoover, Al Odom, Russell Hardin, Jr, Melissa Azadeh, Christy L Martin.(Court Reporter: M. Malone), filed.(ledwards, 4) Modified on 11/9/2021 (ledwards, 4). (Entered: 07/27/2021) |
| 08/04/2021 | 129 | AO 435 TRANSCRIPT REQUEST by Michael Gallagher for Transcript of Telephonic Conf Hrg on 5/24/21 before Judge Bennett. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Lanie Smith, filed. (Gallagher, Michael) (Entered: 08/04/2021) |
| 08/06/2021 | 130 | TRANSCRIPT re: Telephone conference held on 5/24/2021 before Judge Alfred H Bennett. Court Reporter/Transcriber Lanie Smith. Ordering Party Boyd Smith Release of Transcript Restriction set for 11/4/2021., filed. (LanieSmith, ) (Entered: 08/06/2021) |
| 08/06/2021 | 131 | BRIEF Regarding Garrity Issues by City Of Houston, filed. (Attachments: # 1 Exhibit A)(Dawson, Alistair) (Entered: 08/06/2021) |
| 08/09/2021 | 132 | Notice of Filing of Official Transcript as to 130 Transcript. Party notified, filed. (dhansen, 4) (Entered: 08/09/2021) |

| 08/09/2021 | 133 | AO 435 TRANSCRIPT REQUEST by City of Houston/Alistair Dawson for Transcript of Telephonic hearing/05-24-2021/Al Bennett. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Lanie Smith, filed. (Dawson, Alistair) (Entered: 08/09/2021) |
|---|---|---|
| 08/09/2021 | 134 | ORDER 98 Motion to Dismiss Defendant Officers' Opposed Motion to Stay and Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaints. The Courts July 1, 2021 Order (#119) is hereby VACATED. Defendants Motions to Stay are GRANTED IN PART. The Court DEFERS its ruling on the Motions to Dismiss filed by Officer Defendants asserting their Fifth Amendment privileges. It is further ORDERED that Officer Defendants invoking the Fifth Amendment file a Stipulation asserting such privilege. (Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (ledwards, 4). (Entered: 08/09/2021) |
| 08/12/2021 | 135 | STIPULATION re: Fifth Amendment by Felipe Gallegos, filed.(Hardin, Russell) (Entered: 08/12/2021) |
| 08/13/2021 | 136 | RESPONSE to 131 Brief *City of Houston Brief Regarding Garrity Issues*, filed by Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle. (Gallagher, Michael) (Entered: 08/13/2021) |
| 08/16/2021 | 137 | MOTION for Entry of Order re: Entry of ESI Protocol by Jo Ann Nicholas, John Nicholas, filed. Motion Docket Date 9/7/2021. (Attachments: # 1 Exhibit A-redlined proposed ESI Protocol Order, # 2 Proposed Order)(Doyle, Michael) (Entered: 08/16/2021) |
| 08/18/2021 | 138 | NOTICE *of Stipulation Regarding Fifth Amendment* by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood, filed. (Martin, Christy) (Entered: 08/18/2021) |
| 08/18/2021 | 139 | STATUS REPORT by City Of Houston, filed. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Dawson, Alistair) (Entered: 08/18/2021) |
| 08/18/2021 | 140 | STATUS REPORT by Clifford F. Tuttle, Jr, filed.(Gallagher, Michael) (Entered: 08/18/2021) |
| 08/20/2021 | 141 | NOTICE of Setting. Parties notified. Status Conference regarding stay order is set for 11/5/2021 at 10:00 AM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 08/20/2021) |
| 08/20/2021 | | Minute Entry for proceedings held before Judge Alfred H Bennett. DISCOVERY HEARING held on 8/20/2021. The Court took up discovery issues as stated on the record. Status conference scheduled November 5, 2021 at 10:00 a.m. Appearances: Alistair B. Dawson, Al Odom, Dwayne Richard Day, Melissa Azadeh, Christy L Martin, Michael Patrick Doyle.(Court Reporter: N. Forrest), filed.(ledwards, 4) (Entered: 08/20/2021) |
| 08/23/2021 | 142 | PROPOSED ORDER *E-Discovery Order*, filed.(Dawson, Alistair) (Entered: 08/23/2021) |
| 08/24/2021 | 143 | AO 435 TRANSCRIPT REQUEST by Michael Gallagher for Transcript of Discovery Hearing on 8.20.21 before Judge Bennett. 14-Day turnaround requested. Court Reporter/Transcriber: Nichole Forrest, filed. (Gallagher, Michael) (Entered: 08/24/2021) |
| 08/25/2021 | | (Court only) ***Motion(s) terminated: 44 Opposed MOTION for Protective Order. DOC.#44 MOOTED by DOC.#106. (dosmith, 4) (Entered: 08/25/2021) |
| 08/25/2021 | | (Court only) ***Motion(s) terminated: 76 Opposed MOTION to Quash Subpoena. DOC.#76 was reviewed and ordered discoverable at 7/1/21 hearing. (dosmith, 4) (Entered: 08/25/2021) |

| 08/26/2021 | 144 | AO 435 TRANSCRIPT REQUEST by City of Houston/Alistair Dawson for Transcript of 08/20/2021. 14-Day turnaround requested. Court Reporter/Transcriber: Nichole Forrest, filed. (Dawson, Alistair) (Entered: 08/26/2021) |
|---|---|---|
| 08/26/2021 | 145 | E- DISCOVERY ORDER (Signed by Judge Alfred H Bennett) Parties notified.(gclair, 4) (Entered: 08/30/2021) |
| 09/15/2021 | 146 | TRANSCRIPT re: Hearing held on 8/20/21 before Judge Alfred H Bennett. Court Reporter/Transcriber Nichole Forrest, RDR, CRR, CRC. Release of Transcript Restriction set for 12/14/2021., filed. (NicholeForrest, ) (Entered: 09/15/2021) |
| 09/16/2021 | 147 | Notice of Filing of Official Transcript as to 146 Transcript. Party notified, filed. (olindor, 4) (Entered: 09/16/2021) |
| 11/03/2021 | 148 | STATUS REPORT by City Of Houston, filed.(Odom, Harold) (Entered: 11/03/2021) |
| 11/05/2021 | | Minute Entry for proceedings held before Judge Alfred H Bennett. STATUS CONFERENCE held on 11/5/2021. Issues taken up as stated on the record. Appearances: Alistair B. Dawson, Al Odom, Garrett Scott Brawley, David Allen Nachtigall, Russell Hardin, Jr, Dwayne Richard Day, Christy L Martin, Geoffrey Glen Hoover, Michael Patrick Doyle, Charles Bourque, Jr, Kelly Ann Dempsey.(Court Reporter: H. Alcaraz), filed.(ledwards, 4). (Entered: 11/05/2021) |
| 11/09/2021 | 149 | AO 435 TRANSCRIPT REQUEST by L. Boyd Smith, Jr. for Transcript of Status Conference Hrg on 11.5.21 before Judge Bennett. Ordinary (30 days) turnaround requested. Court Reporter/Transcriber: Heather Alcaraz, filed. (Gallagher, Michael) (Entered: 11/09/2021) |
| 11/10/2021 | 150 | AO 435 TRANSCRIPT REQUEST by City of Houston/Alistair Dawson for Transcript of Status Conference of 11/5/2021, before Judge Al Bennett. Ordinary (30 days) turnaround requested. Court Reporter/Transcriber: Heather Alcaraz, filed. (Dawson, Alistair) (Entered: 11/10/2021) |
| 11/17/2021 | 151 | NOTICE of Setting. Parties notified. Status Conference regarding depositions set for 12/15/2021 at 10:00 AM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 11/17/2021) |
| 12/03/2021 | 152 | Defendant Officers' Letter to Court by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Marsha Todd, Thomas Wood, filed. (Attachments: # 1 Exhibit, # 2 Exhibit)(Dempsey, Kelly) (Entered: 12/03/2021) |
| 12/06/2021 | 153 | NOTICE *Letter to Judge Bennett in response to Plaintiffs' Discovery Dispute Letter* by City Of Houston, filed. (Dawson, Alistair) (Entered: 12/06/2021) |
| 12/10/2021 | 154 | RESPONSE to 152 Document, *Pltfs Ltr to Judge Bennett re Pltfs Resp to Depositions*, filed by Clifford F. Tuttle, Jr. (Gallagher, Michael) (Entered: 12/10/2021) |
| 12/13/2021 | 155 | Letter to Court from HFSC *with Exhibit A* by Jo Ann Nicholas, filed. (Attachments: # 1 Exhibit Log provided by HFSC)(Doyle, Michael) (Entered: 12/13/2021) |
| 12/13/2021 | 156 | Nicholas Response to City's "Discovery Dispute" letter of December 8, 2021 by Jo Ann Nicholas, filed.(Doyle, Michael) (Entered: 12/13/2021) |
| 12/14/2021 | 157 | TRANSCRIPT re: Status Conference held on 11/5/21 before Judge Alfred H Bennett. Court Reporter Heather Alcaraz. Ordering Party L. Boyd Smith. Release of Transcript Restriction set for 3/14/2022, filed. (halcaraz, ) (Entered: 12/14/2021) |

| 12/15/2021 | 158 | Notice of Filing of Official Transcript as to 157 Transcript. Party notified, filed. (dhansen, 4) (Entered: 12/15/2021) |
| --- | --- | --- |
| 12/15/2021 | | (Court only) ***Motion(s) terminated: 137 MOTION for Entry of Order re: Entry of ESI Protocol. DOC.#137 resolved by DOC. #145. (dosmith, 4) (Entered: 12/15/2021) |
| 12/15/2021 | | Minute Entry for proceedings held before Judge Alfred H Bennett. STATUS CONFERENCE held on 12/16/2021. Letters received by the court regarding discovery issues, scheduling of deposition and scope, protective order, taken up as stated on the record. The court received an update from Akilah Mance, counsel for the Houston Forensic Science Dept. Appearances:Bradley Morefield, Boyd Smith. Alistair B. Dawson, Harold Al Odom, III, John Garnet MacVane, Russell Hardin, Jr, Dwayne Richard Day, Melissa Azadeh, Christy L Martin, Michael Patrick Doyle, Kelly Ann Dempsey.(Court Reporter: M. PCapitillo), filed.(ledwards, 4) Modified on 12/16/2021 (ledwards, 4). (Entered: 12/16/2021) |
| 12/16/2021 | 159 | NOTICE *Letter to Judge Bennett following 12/15/2021 Status Conference* by Art Acevedo, City Of Houston, filed. (Dawson, Alistair) (Entered: 12/16/2021) |
| 12/17/2021 | 160 | AO 435 TRANSCRIPT REQUEST by Michael Gallagher for Transcript of Status Conference 12.15.21. 14-Day turnaround requested. Court Reporter/Transcriber: Mary Capetillo, filed. (Gallagher, Michael) (Entered: 12/17/2021) |
| 12/20/2021 | 161 | PROPOSED ORDER *on Depositions* re: Status Conference,,, filed.(Gallagher, Michael) (Entered: 12/20/2021) |
| 12/20/2021 | 162 | Letter to Judge Bennett by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Marsha Todd, Thomas Wood, filed. (Attachments: # 1 Exhibit Proposed Order, # 2 Exhibit Proposed Order, # 3 Exhibit Email Correspondences)(Dempsey, Kelly) (Entered: 12/20/2021) |
| 12/21/2021 | 163 | AO 435 TRANSCRIPT REQUEST by City of Houston/Alistair Dawson for Transcript of 12/15/2021. 14-Day turnaround requested. Court Reporter/Transcriber: Mary Capetillo, filed. (Dawson, Alistair) (Entered: 12/21/2021) |
| 12/28/2021 | 164 | Unopposed MOTION to Substitute Attorney Kelly Dempsey in place of Geoffrey Hoover by Manuel Salazar, filed. Motion Docket Date 1/18/2022. (Attachments: # 1 Proposed Order)(Dempsey, Kelly) (Entered: 12/28/2021) |
| 12/29/2021 | 165 | ORDER granting 164 Motion to Substitute Attorney. Attorney Geoffrey Glen Hoover terminated. (Signed by Judge Alfred H Bennett) Parties notified.(ShoshanaArnow, 4) (Entered: 12/29/2021) |
| 02/01/2022 | 166 | Letter to the Court by Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle, filed.(Gallagher, Michael) (Entered: 02/01/2022) |
| 02/03/2022 | 167 | Defendant Officers' Letter to Court by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Marsha Todd, Thomas Wood, filed.(Martin, Christy) (Entered: 02/03/2022) |
| 02/11/2022 | 168 | TRANSCRIPT re: Status Conference held on 12/15/2021 before Judge Alfred H Bennett. Court Reporter/Transcriber Mary Capetillo. Release of Transcript Restriction set for 5/12/2022., filed. (Capetillo, Mary) (Entered: 02/11/2022) |
| 02/14/2022 | 169 | Notice of Filing of Official Transcript as to 168 Transcript. Party notified, filed. (dhansen, 4) (Entered: 02/14/2022) |

| | | |
|---|---|---|
| 04/26/2022 | 170 | ORDER DENYING Doc # 96 Motion to Dismiss Defendant Marsha Todd's Rule 12(B)(6) Motion to Dismiss by Marsha Todd (Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 04/26/2022) |
| 05/02/2022 | 171 | NOTICE of Setting. Parties notified. Status Conference set for 5/10/2022 at 09:00 AM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 05/02/2022) |
| 05/03/2022 | 172 | NOTICE of Setting. Parties notified. Status Conference set for 5/19/2022 at 02:00 PM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 05/03/2022) |
| 05/04/2022 | 173 | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 170 Order by Marsha Todd (Filing fee $ 505, receipt number ATXSDC-28125047), filed. (Dempsey, Kelly) (Entered: 05/04/2022) |
| 05/05/2022 | 174 | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 173 Notice of Appeal. Fee status: Paid. Reporter(s): J Sanchez; M Malone, filed. (Attachments: # 1 Notice of Appeal) (mperez, 1) (Entered: 05/05/2022) |
| 05/05/2022 | | Appeal Review Notes re: 173 Notice of Appeal. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal. Number of DKT-13 Forms expected: 2, filed.(mperez, 1) (Entered: 05/05/2022) |
| 05/06/2022 | 175 | MOTION to Stay *Pending Interlocutory Appeal* by Marsha Todd, filed. Motion Docket Date 5/27/2022. (Attachments: # 1 Proposed Order)(Dempsey, Kelly) (Entered: 05/06/2022) |
| 05/09/2022 | 176 | ANSWER to 49 Amended Complaint/Counterclaim/Crossclaim etc. with Jury Demand by Marsha Todd, filed.(Dempsey, Kelly) (Entered: 05/09/2022) |
| 05/09/2022 | 177 | ANSWER to 48 Amended Complaint/Counterclaim/Crossclaim etc. with Jury Demand by Marsha Todd, filed.(Dempsey, Kelly) (Entered: 05/09/2022) |
| 05/13/2022 | | Notice of Assignment of USCA No. 22-20233 re: 173 Notice of Appeal, filed.(scastillo, 1) (Entered: 05/13/2022) |
| 05/16/2022 | 178 | DKT13 TRANSCRIPT ORDER REQUEST by Robert W. Higgason. Transcript is already on file in Clerks office regarding Status Conference of 12/15/21 before Judge Bennett. (No transcript is needed). Court Reporter/Transcriber: Mary Capetillo. This order form relates to the following: 173 Notice of Appeal, Status Conference,, 168 Transcript, filed.(Higgason, Robert) (Entered: 05/16/2022) |
| 05/16/2022 | 179 | DKT13 TRANSCRIPT ORDER REQUEST by Robert W. Higgason. Transcript is already on file in Clerks office regarding Scheduling Conference on 4/30/21 and Status Conference on 11/5/21 before Judge Bennett. (No transcript is needed). Court Reporter/Transcriber: Heather Alcaraz. This order form relates to the following: 173 Notice of Appeal, 157 Transcript, Status Conference, 108 Transcript, Scheduling Conference,,,, filed.(Higgason, Robert) (Entered: 05/16/2022) |
| 05/16/2022 | 180 | DKT13 TRANSCRIPT ORDER REQUEST by Robert W. Higgason. Transcript is already on file in Clerks office regarding Motion Hearing on 5/17/21 before Judge Bennett. (No transcript is needed). Court Reporter/Transcriber: Sean Gumm. This order form relates to the following: 173 Notice of Appeal, 91 Transcript, Motion Hearing,,,,, filed.(Higgason, Robert) (Entered: 05/16/2022) |
| 05/16/2022 | 181 | |

| | | |
|---|---|---|
| | | DKT13 TRANSCRIPT ORDER REQUEST by Robert W. Higgason. Transcript is already on file in Clerks office regarding Telephone Conference on 5/24/21 before Judge Bennett. (No transcript is needed). Court Reporter/Transcriber: Lanie Smith. This order form relates to the following: Telephone Conference, <u>173</u> Notice of Appeal, <u>130</u> Transcript, filed.(Higgason, Robert) (Entered: 05/16/2022) |
| 05/16/2022 | <u>182</u> | DKT13 TRANSCRIPT ORDER REQUEST by Robert W. Higgason. This is to order a transcript of Miscellaneous Hearing on 7/27/21 before Judge Bennett. Court Reporter/Transcriber: Mayra Malone. This order form relates to the following: <u>173</u> Notice of Appeal, Miscellaneous Hearing,,,,,, filed.(Higgason, Robert) (Entered: 05/16/2022) |
| 05/16/2022 | <u>183</u> | DKT13 TRANSCRIPT ORDER REQUEST by Robert W. Higgason. Transcript is already on file in Clerks office regarding Discovery Hearing on 8/20/21 before Judge Bennett. (No transcript is needed). Court Reporter/Transcriber: Nichole Forrest. This order form relates to the following: <u>173</u> Notice of Appeal, <u>146</u> Transcript, Discovery Hearing,, filed.(Higgason, Robert) (Entered: 05/16/2022) |
| 05/17/2022 | <u>184</u> | DKT13 TRANSCRIPT ORDER REQUEST by Robert W. Higgason. This is to order a transcript of Status Conference on 07/01/21 before Judge Bennett. Court Reporter/Transcriber: Johnny Sanchez. This order form relates to the following: Status Conference,,, <u>173</u> Notice of Appeal, filed.(Higgason, Robert) (Entered: 05/17/2022) |
| 05/18/2022 | | Status Conference will be continued (ledwards, 4) (Entered: 05/18/2022) |
| 05/18/2022 | <u>185</u> | NOTICE of Resetting. Parties notified. Status Conference set for 6/1/2022 at 10:00 AM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 05/18/2022) |
| 05/27/2022 | <u>186</u> | Opposed RESPONSE in Opposition to <u>175</u> MOTION to Stay *Pending Interlocutory Appeal*, filed by Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle. (Gallagher, Michael) (Entered: 05/27/2022) |
| 05/27/2022 | <u>187</u> | PROPOSED ORDER *Denying Todd's Partially Opposed Mtn to Stay* re: <u>186</u> Response in Opposition to Motion, filed.(Gallagher, Michael) (Entered: 05/27/2022) |
| 05/27/2022 | <u>188</u> | JOINDER in <u>186</u> Response in Opposition to Motion , filed by Jo Ann Nicholas, John Nicholas. (Avery, Jeffrey) (Entered: 05/27/2022) |
| 06/01/2022 | | Minute Entry for proceedings held before Judge Alfred H Bennett. STATUS CONFERENCE held on 6/1/2022. The Court signed an order STAYING the Court's order denying Todd's Motion to Dismiss until resolution of Defendant Marsha Todd's interlocutory appeal. The Court took up issues regarding several depositions being sought, intension to allow limited discovery regrading qualified immunity. Court ORDERED Counsel to confer on dates for depositions. Appearances: Alistair B. Dawson, Al Odom, Bradley Aaron Morefield, David Allen Nachtigall, John Garnet MacVane, Marshall Douglas Murphy, Dwayne Richard Day, Christy L Martin, Michael Patrick Doyle, Charles Bourque, Jr, Kelly Ann Dempsey.(Court Reporter: N. Forrest), filed.(ledwards, 4) Modified on 6/1/2022 (ledwards, 4). (Entered: 06/01/2022) |
| 06/01/2022 | <u>189</u> | ORDER <u>175</u> Motion to Stay. It is ORDERED that the Court's Order deniying Todd's Motion to Dismiss (Doc. # 170) is hereby and in all things STAYED until the resolution of Defendant Marsha Todd's interlocutory appeal..(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 06/01/2022) |
| 06/01/2022 | <u>190</u> | ORDER regarding depositions of Nicole Blankenship-Reeves, Lt. S.C. Nguyen, Lt. J.L. French and Texas Ranger Jeff Wolf. (Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 06/01/2022) |

| 06/02/2022 | [191](#) | AO 435 TRANSCRIPT REQUEST by Michael Gallagher for Transcript of Status Conf Hearing on 06/01/2022 before Judge Bennett. 14-Day turnaround requested. Court Reporter/Transcriber: Nichole Forrest, filed. (Gallagher, Michael) (Entered: 06/02/2022) |
|---|---|---|
| 06/03/2022 | [192](#) | AO 435 TRANSCRIPT REQUEST by Alistair Dawson/City of Houston for Transcript of 6.1.2022 Status Conf before Judge Bennett. 14-Day turnaround requested. Court Reporter/Transcriber: Nichole Forrest, filed. (Dawson, Alistair) (Entered: 06/03/2022) |
| 06/06/2022 | | Appeal Remark re: [173](#) Notice of Appeal. (USCA No. 22-20233). Pending the filing of appeal transcripts [182](#) Miscellaneous Hearing on 7/27/21; [184](#) Status Conference on 07/01/21 [191](#) Status Conf Hearing on 06/01/2022, filed.(jtabares, 1) Modified on 6/8/2022 (jtabares, 1). (Entered: 06/06/2022) |
| 06/07/2022 | [193](#) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: [190](#) Order by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Marsha Todd, Thomas Wood (Filing fee $ 505, receipt number ATXSDC-28287305), filed. (Azadeh, Melissa) (Entered: 06/07/2022) |
| 06/08/2022 | [194](#) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: [193](#) Notice of Appeal,. Fee status: Paid. Reporter(s): J. Sanchez, N. Forrest, filed. (Attachments: # [1](#) Notice of Appeal) (jtabares, 1) (Entered: 06/08/2022) |
| 06/08/2022 | | Appeal Review Notes re: [193](#) Notice of Appeal. Fee status: Paid. The appeal filing fee has been paid. Nine (9) Hearings were held in the case - Six (6) transcripts were produced. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal. Number of DKT-13 Forms expected: 3, filed.(jtabares, 1) (Entered: 06/08/2022) |
| 06/09/2022 | [195](#) | USCA LETTER for the Fifth Circuit advising court reporter Sean W. Gumm the transcript must be filed with the District Court Clerk within 30 days from the date the USCA received the purchase order (USCA No. 22-20233), filed.(EfrainGarcia, 1) (Entered: 06/09/2022) |
| 06/09/2022 | [196](#) | USCA LETTER for the Fifth Circuit advising court reporter Johnny Sanchez the transcript must be filed with the District Court Clerk within 30 days from the date the USCA received the purchase order (USCA No. 22-20233), filed.(EfrainGarcia, 1) (Entered: 06/09/2022) |
| 06/10/2022 | [197](#) | ADVISORY by Art Acevedo, filed.(Dawson, Alistair) (Entered: 06/10/2022) |
| 06/11/2022 | [198](#) | TRANSCRIPT re: Status Conference held on 6/1/22 before Judge Alfred H Bennett. Release of Transcript Restriction set for 9/9/2022., filed. (Forrest, Nichole) (Entered: 06/11/2022) |
| 06/13/2022 | [199](#) | Notice of Filing of Official Transcript as to [198](#) Transcript. Party notified, filed. (dhansen, 4) (Entered: 06/13/2022) |
| 06/14/2022 | | Notice of Assignment of USCA No. 22-20279 re: [193](#) Notice of Appeal, filed.(EdnitaPonce, 1) (Entered: 06/14/2022) |
| 06/14/2022 | [200](#) | APPEAL TRANSCRIPT re Status Conference held on July 27, 2021 before Judge Alfred H Bennett. Court Reporter/Transcriber Mayra Malone. Ordering Party: Defendant. This transcript relates to the following: [182](#) Appeal Transcript Request,. Release of Transcript Restriction set for 9/12/2022., filed. (Malone, Mayra) (Entered: 06/14/2022) |
| 06/15/2022 | [201](#) | Notice of Filing of Official Transcript as to [200](#) Transcript - Appeal,. Party notified, filed. (jdav, 4) (Entered: 06/15/2022) |

| | | |
|---|---|---|
| 06/15/2022 | | Appeal Remark re: 173 Notice of Appeal. (USCA No. 22-20233) Pending the filing of Appeal Transcript - 184 Status Conference held on 7/1/2021, filed.(EdnitaPonce, 1) (Entered: 06/15/2022) |
| 06/22/2022 | 202 | DKT13 TRANSCRIPT ORDER REQUEST by Defendants-Appellants/Robert W. Higgason. Transcript is already on file in Clerks office regarding Status Conference on 06/01/22 before Judge Bennett. (No transcript is needed). Court Reporter/Transcriber: Nichole Forrest. This order form relates to the following: Status Conference,,, 193 Notice of Appeal,, filed. (Higgason, Robert) (Entered: 06/22/2022) |
| 06/22/2022 | 203 | DKT13 TRANSCRIPT ORDER REQUEST by Defendants-Appellants/Robert W. Higgason. Transcript is already on file in Clerks office regarding Miscellaneous Hearing on 7/27/21 before Judge Bennett. (No transcript is needed). Court Reporter/Transcriber: Mayra Malone. This order form relates to the following: 193 Notice of Appeal, 200 Transcript - Appeal, Miscellaneous Hearing,,,,,, filed. (Higgason, Robert) (Entered: 06/22/2022) |
| 06/22/2022 | 204 | DKT13 TRANSCRIPT ORDER REQUEST by Defendants-Appellants/Robert W. Higgason. Transcript is already on file in Clerks office regarding Status Conference on 07/01/21 before Judge Bennett. (No transcript is needed). Court Reporter/Transcriber: Johnny Sanchez. This order form relates to the following: Status Conference,,, 193 Notice of Appeal,, filed. (Higgason, Robert) (Entered: 06/22/2022) |
| 06/24/2022 | 205 | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 189 Order on Motion to Stay, by Marsha Todd (Filing fee $ 505, receipt number ATXSDC-28369907), filed. (Dempsey, Kelly) (Entered: 06/24/2022) |
| 06/24/2022 | 206 | MOTION to Stay *Pending Interlocutory Appeal* by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood, filed. Motion Docket Date 7/15/2022. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Martin, Christy) (Entered: 06/24/2022) |
| 06/27/2022 | 207 | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 205 Notice of Appeal, 206 MOTION to Stay *Pending Interlocutory Appeal*. Fee status: Paid, filed. (Attachments: # 1 Notice of Appeal) (mperez, 1) (Entered: 06/27/2022) |
| 06/27/2022 | | Appeal Review Notes re: 205 Notice of Appeal. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case - transcripts were produced. Number of DKT-13 Forms expected: 1, filed.(mperez, 1) (Entered: 06/27/2022) |
| 06/28/2022 | 208 | Fifth Circuit Court of Appeals LETTER advising the 30-day discount period expired on 6/15/2022. Therefore, the court reporter must discount the invoice by 10%. (USCA No. 22-20233), filed.(DorinaReyna, 1) (Entered: 06/28/2022) |
| 06/28/2022 | 209 | NOTICE *of Subpoena to Lt. Jeff Wolf* by City Of Houston, filed. (Dawson, Alistair) (Entered: 06/28/2022) |
| 07/07/2022 | | Notice of Assignment of USCA No. 22-20319 re: 205 Notice of Appeal, filed.(scastillo, 1) (Entered: 07/07/2022) |
| 07/07/2022 | 210 | JOINDER in 206 MOTION to Stay *Pending Interlocutory Appeal* , filed by City Of Houston. (Attachments: # 1 Exhibit A)(Dawson, Alistair) (Entered: 07/07/2022) |
| 07/11/2022 | 211 | DKT13 TRANSCRIPT ORDER REQUEST by Marsha Todd / Robert W. Higgason. |

| | | |
|---|---|---|
| | | Transcript is already on file in Clerks office regarding Status Conference on 07/01/21 before Judge Bennett. (No transcript is needed). Court Reporter/Transcriber: Johnny Sanchez. This order form relates to the following: Status Conference,,, 205 Notice of Appeal, filed. (Higgason, Robert) (Entered: 07/11/2022) |
| 07/11/2022 | 212 | USCA LETTER for the Fifth Circuit advising court reporter Johnny Sanchez the transcript must be filed with the District Court Clerk within 30 days from the date the USCA received the purchase order (USCA No. 22-20279), filed.(SaraCelis, 1) (Entered: 07/12/2022) |
| 07/12/2022 | 213 | NOTICE *of Service of Subpoena* by Jo Ann Nicholas, filed. (Doyle, Michael) (Entered: 07/12/2022) |
| 07/13/2022 | 214 | NOTICE *Letter to Judge Bennett regarding discovery dispute* by City Of Houston, filed. (Dawson, Alistair) (Entered: 07/13/2022) |
| 07/15/2022 | 215 | RESPONSE in Opposition to 206 MOTION to Stay *Pending Interlocutory Appeal*, filed by Jo Ann Nicholas, John Nicholas. (Doyle, Michael) (Entered: 07/15/2022) |
| 07/22/2022 | 216 | REPLY in Support of 206 MOTION to Stay *Pending Interlocutory Appeal*, filed by City Of Houston. (Dawson, Alistair) (Entered: 07/22/2022) |
| 07/28/2022 | 217 | USCA LETTER for the Fifth Circuit advising court reporter Mr. Johnny Sanchez the transcript must be filed with the District Court Clerk within 30 days from the date the USCA received the purchase order (USCA No. 22-20319), filed.(DahlilaRodriguez, 1) (Entered: 07/28/2022) |
| 08/02/2022 | 218 | USCA LETTER for the Fifth Circuit advising court reporter Robert William Higgason the transcript must be filed with the District Court Clerk within 30 days from the date the USCA received the purchase order (USCA No. 22-20279), filed.(DahlilaRodriguez, 1) (Entered: 08/02/2022) |
| 08/04/2022 | 219 | NOTICE *of Executed Subpoena for Jeff Wolf* by Jo Ann Nicholas, filed. (Doyle, Michael) (Entered: 08/04/2022) |
| 08/04/2022 | 220 | NOTICE of Setting. Parties notified. Status Conference set for 9/2/2022 at 11:00 AM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 08/04/2022) |
| 08/05/2022 | | (Court only) ***(PRIVATE ENTRY) EROA requested by the 5th Circuit; due by 8/8/22 (22-20279 CAG), filed. (EdnitaPonce, 1) (Entered: 08/05/2022) |
| 08/08/2022 | 221 | Order of USCA re: 205 Notice of Appeal ; USCA No. 22-20279. It is Ordered that Appellants' Motion for Stay pending Appeal is Granted, filed.(DahlilaRodriguez, 1) (Entered: 08/08/2022) |
| 08/08/2022 | | Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: 205 Notice of Appeal, 193 Notice of Appeal, USCA No. 22-20279, filed.(EdnitaPonce, 1) (Entered: 08/08/2022) |
| 08/08/2022 | | Electronic Access to Record on Appeal Provided re: 173 Notice of Appeal, 205 Notice of Appeal, 193 Notice of Appeal, to Attorney: Avery, Jeffrey I.; Azadeh, Melissa ; Gallagher, Michael Timothy -; Higgason, Robert William ; Martin, Christy Lynn. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 22-20279), filed.(EdnitaPonce, 1) (Entered: 08/08/2022) |
| 08/11/2022 | | Electronic Access to Supplemental Record on Appeal Provided re: 205 Notice of Appeal to Jeffrey Avery; Melissa Azadeh; Michael Gallagher; Robert Higgason & Christy Martin. |

| | | Attorneys of record at the Circuit may <u>download the record from the Court of Appeals</u>. (USCA No. 22-20279), filed.(DorinaReyna, 1) (Entered: 08/11/2022) |
|---|---|---|
| 08/18/2022 | | (Court only) ***(PRIVATE ENTRY) Supplemental EROA requested by Fifth Circuit (EXPEDITED); due on 8/19/2022, filed. (mperez, 1) (Entered: 08/18/2022) |
| 08/24/2022 | <u>222</u> | Fifth Circuit Court of Appeals LETTER advising the Judicial Council of the Fifth Circuit requires court reporters to file transcripts within 30 days or suffer a discount penalty. In this case, the 30-day discount period expired on 08/10/22. Therefore the court reporter must discount your invoice by 10% (USCA No. 22-20319), filed.(mperez, 1) (Entered: 08/24/2022) |
| 08/26/2022 | <u>223</u> | Other EXHIBITS re: USB <u>105</u> Exhibits, filed. (Attachments: # <u>1</u> Shotguns, # <u>2</u> Email, # <u>3</u> Amended reports 3, # <u>4</u> Chain of Custody Justice Trax, # <u>5</u> Chain of Custody Porter Lee)(hlerma, 4) (Additional attachment(s) added on 8/26/2022: # <u>6</u> Communication Log) (hlerma, 4). (Additional attachment(s) added on 8/26/2022: # <u>7</u> Email-1 2019, # <u>8</u> Email-1, # <u>9</u> email-2, # <u>10</u> email-3, # <u>11</u> email-4, # <u>12</u> email-5, # <u>13</u> email-6, # <u>14</u> email-7, # <u>15</u> email-8, # <u>16</u> mail-9, # <u>17</u> email-10) (hlerma, 4). (Additional attachment(s) added on 8/26/2022: # <u>18</u> email-12, # <u>19</u> email-13, # <u>20</u> email-14, # <u>21</u> email-20, # <u>22</u> email-21, # <u>23</u> email KAZ #0121339, # <u>24</u> email KAZ #121133719, # <u>25</u> email JD AH, # <u>26</u> Evidence List M Dailey, # <u>27</u> Evidence List N Teele, # <u>28</u> Evidence List V Boren, # <u>29</u> GSR Question) (hlerma, 4). (Additional attachment(s) added on 8/26/2022: # <u>30</u> Harding, A. Hutchens, # <u>31</u> INC #121337-19, # <u>32</u> M Seay 2-8-2019, # <u>33</u> M Seay phone call 2-12-19, # <u>34</u> M Seay phone call 4-12-2019, # <u>35</u> Meeting with SIU, # <u>36</u> Officer Lovings, # <u>37</u> Officer Woods, # <u>38</u> OIS 01233719, # <u>39</u> OIS Memo) (hlerma, 4). (Additional attachment(s) added on 8/26/2022: # <u>40</u> Paper Chain Custody N Azzarello-1, # <u>41</u> Paper Chain Custody N Azzarello-2, # <u>42</u> Paper Chain Custody N Teele-1, # <u>43</u> Paper Chain Custody N Teele-2, # <u>44</u> Paper Chain Custody N Teele-3, # <u>45</u> Paper Chain Custody V Boren, # <u>46</u> Paper COC, # <u>47</u> per your regarding HPD Inc.#1, # <u>48</u> Portal rejection email) (hlerma, 4). (Additional attachment(s) added on 8/26/2022: # <u>49</u> Snook email, # <u>50</u> Warrants requested) (hlerma, 4). (Additional attachment(s) added on 8/29/2022: # <u>51</u> CSC Care File-1 of 4) (hlerma, 4). (Additional attachment(s) added on 8/29/2022: # <u>53</u> AV Exam worksheet- 2 of 4, # <u>54</u> CSC Case File- 3 of 4, # <u>55</u> CSC Case File-1 (2019) 4 of 4) (hlerma, 4). (Additional attachment(s) added on 8/29/2022: # <u>56</u> AV Exam worksheet-1, # <u>57</u> AV Exam worksheet-2, # <u>58</u> Exam Worksheet S Ledesma-3) (hlerma, 4). (Additional attachment(s) added on 8/29/2022: # <u>59</u> Digital Case Notes S Ledesma-1, # <u>60</u> Digital Case Notes S Ledesma- Amended -1, # <u>61</u> Digital Case Notes S Ledesma- Amended-2) (hlerma, 4). (Additional attachment(s) added on 8/29/2022: # <u>62</u> Media Info S Ledesma-1, # <u>63</u> Media Info S Ledesma-2, # <u>64</u> Media Info S Ledesma-3, # <u>65</u> Media Info Intermediary File, # <u>66</u> Quick Hash Workstation #28-1, # <u>67</u> Hash Workstation #28-2) (hlerma, 4). (Additional attachment(s) added on 8/29/2022: # <u>68</u> Exhibit Scene Diagram H Fletcher, # <u>69</u> Scene Diagram K Winters, # <u>70</u> Scene Diagram M Dailey) (hlerma, 4). (Additional attachment(s) added on 8/29/2022: # <u>71</u> AV Exam Worksheet S Ledesma-1, # <u>72</u> AV Exam Worksheet S Ledesma-2, # <u>73</u> Digital Case Notes A Sudik, # <u>74</u> Digital Case Notes S Ledesma, # <u>75</u> Digital Case Notes S Ledesma-Amended, # <u>76</u> FA Exam Workseet Photo J Dupare -1) (hlerma, 4). (Additional attachment(s) added on 8/29/2022: # <u>77</u> FA Exam Workseet Photo J Dupare -2, # <u>78</u> FA Exam Worksheet Photo J Dupare -3, # <u>79</u> FA Exam Worksheet Photo J Dupare -4, # <u>80</u> FA Exam Worksheet Photo J Dupare -5, # <u>81</u> FA Exam Workseet Photo J Dupare -6, # <u>82</u> FA Exam Worksheet Photo J Dupare -7) (hlerma, 4). (Additional attachment(s) added on 8/29/2022: # <u>83</u> FA Exam Worksheet Photo J Dupre-8, # <u>84</u> FA Exam Worksheet Photo J Dupre-9, # <u>85</u> FA Exam Worksheet Photo J Dupre-10, # <u>86</u> FA Exam Worksheet Photo J Dupre-11, # <u>87</u> FA Exam Worksheet Photo J Dupre-12, # <u>88</u> FA Exam Worksheet Photo J Dupre-13) (hlerma, 4). (Additional attachment(s) added on 8/29/2022: # <u>89</u> FA Exam |

| | | |
|---|---|---|
| | | Worksheet Photo J Dupre, # 90 Media Info S Ledesma-1, # 91 Media Info-Intermediary File, # 92 Quick Hash Workstation #28 Ledesma-1, # 93 Quick Hash Workstation #28 S Ledesma) (hlerma, 4). Modified on 8/29/2022 (hlerma, 4). (Additional attachment(s) added on 8/29/2022: # 94 FA Exam Worksheet Photo J Dupre, # 95 FA Exam Worksheet Photo J Dupre-1, # 96 FA Exam Worksheet Photo J Dupre-2, # 97 FA Exam Worksheet Photo J Dupre, # 98 FA Exam Worksheet Photo J Dupre-4, # 99 FA Exam Worksheet Photo J Dupre-5, # 100 FA Exam Worksheet Photo J Dupre-6, # 101 FA Exam Worksheet Photo J Dupre-7, # 102 FA Exam Worksheet Photo J Dupre-8, # 103 FA Exam Worksheet Photo J Dupre-9, # 104 FA Exam Worksheet Photo J Dupre10) (hlerma, 4). (Additional attachment(s) added on 8/29/2022: # 105 FA Exam Worksheet Photo J Dupre-11, # 106 FA Exam Worksheet Photo J Dupre-12, # 107 FA Exam Worksheet Photo J Dupre-13, # 108 FA Exam Worksheet J Dupre, # 109 FA Exam Worksheet J Dupre-1, # 110 FA Exam Worksheet J Dupre-2) (hlerma, 4). (Additional attachment(s) added on 8/29/2022: # 111 Complete Case File & JT Attachments, # 112 Complete Case File & JT Attachments, # 113 Complete Case File & JT Attachments, # 114 Complete Case File & JT Attachments) (hlerma, 4). (Additional attachment(s) added on 8/30/2022: # 115 CSU Report -1, # 116 CSU Report -2, # 117 CSU Report -3, # 118 CSU Report -5, # 119 CSU Report -6, # 120 CSU Report -7, # 121 CSU Report -8, # 122 CSU Report -9, # 123 CSU Report -15, # 124 CSU Report -18) (hlerma, 4). (Additional attachment(s) added on 8/30/2022: # 125 CSU Report -23, # 126 CSU Report -32, # 127 Digital Report #52, # 128 Digital Report #52 Amended, # 129 Digital Report #53, # 130 Digital Report #54, # 131 Digital Report #52 Amended, # 132 Digital Report #61, # 133 DNA Report #2, # 134 DNA Report #7) (hlerma, 4). (Additional attachment(s) added on 8/30/2022: # 135 Exhibit & Firearm Information, # 136 FA Exam Worksheet Photo J Dupre, # 137 FA Exam Worksheet Photo J Dupre 1, # 139 Firearms Case File 2) (hlerma, 4). (Additional attachment(s) added on 8/30/2022: # 140 Firearms Report #14) (hlerma, 4). (Additional attachment(s) added on 8/30/2022: # 141 Firearms Report #0019, # 142 Firearms Report #25, # 143 Firearms Report #33, # 144 Firearms Report #34, # 145 Firearms Report #35, # 146 Firearms Report #57) (hlerma, 4). (Additional attachment(s) added on 8/30/2022: # 147 Forensic Biology Case File, # 148 List of Reports & Requests, # 149 NIBIN Report #58, # 150 NIBIN Worksheet J Dupre 1, # 151 NIBIN Worksheet J Dupre 2, # 152 Pistols & Associated Fired Evidence, # 153 Quality Report #63) (hlerma, 4). (Additional attachment(s) added on 8/30/2022: # 154 Rifles & Associated Fired Evidence Items, # 155 SCRN Report -1, # 156 SCRN Report -5, # 157 Seized Drugs Case File, # 159 Seized Drugs Report #13, # 160 Shotguns) (hlerma, 4). (Entered: 08/26/2022) |
| 09/01/2022 | 224 | CLERKS NOTICE OF CANCELLATION of Status Conference set for September 2, 2022 at 11:00 a.m. is CANCELED. Parties notified, filed. (ledwards, 4) (Entered: 09/01/2022) |
| 09/14/2022 | 225 | APPEAL TRANSCRIPT re Status Conference held on 7/1/2021 before Judge Alfred H Bennett. Court Reporter/Transcriber Johnny Sanchez. This transcript relates to the following: 211 Appeal Transcript Request,. Release of Transcript Restriction set for 12/13/2022., filed. (emathis, 4) (Entered: 09/14/2022) |
| 09/14/2022 | | Electronic Access to Supplemental Record on Appeal Provided re: 173 Notice of Appeal, 205 Notice of Appeal, 193 Notice of Appeal, to Jeffrey Avery; Melissa Azadeh; Michael Gallagher; Robert Higgason; Christy Martin. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 22-20279), filed.(DorinaReyna, 1) (Entered: 09/14/2022) |
| 09/15/2022 | 226 | Notice of Filing of Official Transcript as to 225 Transcript - Appeal,. Party notified, filed. (mmarquez, 5) (Entered: 09/15/2022) |

| 09/15/2022 | | (Court only) ***(PRIVATE ENTRY) Third Supplemental EROA requested by the Fifth Circuit. Due on 9/16/2022 [22-20279] (CAG), filed. (SaraCelis, 1) (Entered: 09/15/2022) |
|---|---|---|
| 09/15/2022 | | Third Supplemental Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: <u>205</u> Notice of Appeal USCA No. 22-20279, filed.(SaraCelis, 1) . (Entered: 09/15/2022) |
| 09/15/2022 | | Third Supplemental Electronic Access to Record on Appeal Provided re: <u>173</u> Notice of Appeal, <u>205</u> Notice of Appeal, <u>193</u> Notice of Appeal, to Jeffrey I. Avery, Melissa Azadeh, Michael Timothy Gallagher, Robert William Higgason, Christy Lynn Martin. Attorneys of record at the Circuit may <u>download the record from the Court of Appeals</u>. (USCA No. 22-20279), filed.(SaraCelis, 1) . (Entered: 09/15/2022) |
| 09/20/2022 | | (Court only) ***(PRIVATE ENTRY) EROA requested from the Fifth Circuit. Due on 10/05/2022 [22-20319] (CAG), filed. (SaraCelis, 1) (Entered: 09/20/2022) |
| 09/23/2022 | | Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: <u>173</u> Notice of Appeal, <u>205</u> Notice of Appeal USCA No. 22-20319, filed.(SaraCelis, 1) (Entered: 09/23/2022) |
| 09/23/2022 | | Electronic Access to Record on Appeal Provided re: <u>173</u> Notice of Appeal, <u>205</u> Notice of Appeal, <u>193</u> Notice of Appeal, to Robert Higgason. Attorneys of record at the Circuit may <u>download the record from the Court of Appeals</u>. (USCA No. 22-20319), filed.(SaraCelis, 1) (Entered: 09/23/2022) |
| 10/11/2022 | | (Court only) ***(PRIVATE ENTRY) EROA requested by the Fifth Circuit. Due on 10/26/2022 [22-20233] (SDH), filed. (SaraCelis, 1) (Entered: 10/11/2022) |
| 10/18/2022 | | Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: <u>173</u> Notice of Appeal USCA No. 22-20233, filed.(SaraCelis, 1) (Entered: 10/18/2022) |
| 10/18/2022 | | Electronic Access to Record on Appeal Provided re: <u>173</u> Notice of Appeal to Jeffrey I. Avery, Michael Timothy Gallagher, Robert William Higgason. Attorneys of record at the Circuit may <u>download the record from the Court of Appeals</u>. (USCA No. 22-20233), filed.(SaraCelis, 1) (Entered: 10/18/2022) |
| 11/03/2022 | <u>227</u> | Order of USCA re: <u>193</u> Notice of Appeal, ; USCA No. 22-20279. Remanded with Instructions. This is a limited remand, filed.(DahlilaRodriguez, 1) (Entered: 11/03/2022) |
| 11/10/2022 | <u>228</u> | ORDER. The Court clarifies that it did not definitively rule on Defendants' qualified immunity defenses or their motions to dismiss. Court will rule on the remaining Defendants' motions to dismiss (Docs. #93, #94, #97, #98, and #99) by December 5, 2022, without the previously ordered depositions. (Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 11/10/2022) |
| 12/16/2022 | <u>229</u> | ORDER granting in part <u>93</u> Motion to Dismiss; denying <u>94</u> Motion to Dismiss; granting in part <u>97</u> Motion to Dismiss; granting in part <u>98</u> Motion to Dismiss; granting in part <u>99</u> Motion to Dismiss.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 12/16/2022) |
| 12/19/2022 | | Electronic Access to Record on Appeal Provided re: <u>173</u> Notice of Appeal to Margaret Ewing Johnson Bryant. Attorneys of record at the Circuit may <u>download the record from the Court of Appeals</u>. (USCA No. 22-20233), filed.(SaraCelis, 1) (Entered: 12/19/2022) |
| 12/19/2022 | | Electronic Access to Record on Appeal Provided re: <u>205</u> Notice of Appeal to Margaret Ewing Johnson Bryant. Attorneys of record at the Circuit may <u>download the record from the Court of Appeals</u>. (USCA No. 22-20319), filed.(SaraCelis, 1) (Entered: 12/19/2022) |

| 12/20/2022 | 230 | NOTICE of Appearance by Margaret Bryant on behalf of Clifford F. Tuttle, Jr, filed. (Bryant, Margaret) (Entered: 12/20/2022) |
|---|---|---|
| 01/12/2023 | 231 | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 229 Order on Motion to Dismiss,,,,,,,,, by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood (Filing fee $ 505, receipt number ATXSDC-29318298), filed. (Azadeh, Melissa) (Entered: 01/12/2023) |
| 01/13/2023 | 232 | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 231 Notice of Appeal,. Fee status: Paid, filed. (Attachments: # 1 Notice of Appeal) (EfrainGarcia, 1) (Entered: 01/13/2023) |
| 01/13/2023 | | Appeal Review Notes re: 231 Notice of Appeal,. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case - transcripts were produced. Number of DKT-13 Forms expected: 1, filed.(EfrainGarcia, 1) (Entered: 01/13/2023) |
| 01/20/2023 | | Notice of Assignment of USCA No. 23-20013 re: 231 Notice of Appeal,, filed.(EfrainGarcia, 1) (Entered: 01/20/2023) |
| 01/20/2023 | | (Court only) Set/Cleared Flags. Appeal_Nat flag cleared. (EfrainGarcia, 1) (Entered: 01/20/2023) |
| 01/20/2023 | | (Court only) ***(PRIVATE ENTRY) EROA requested by the 5th Circuit, 4:21-CV-270 and 4:21-CV-272, due on 02/06/2023. [23-20013] (NFD), filed. (EfrainGarcia, 1) (Entered: 01/20/2023) |
| 01/23/2023 | | Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: 231 Notice of Appeal, USCA No. 23-20013, filed.(EfrainGarcia, 1) (Entered: 01/23/2023) |
| 01/23/2023 | | Electronic Access to Record on Appeal Provided re: 231 Notice of Appeal, to Robert William Higgason and Melissa Azadeh. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 23-20013), filed.(EfrainGarcia, 1) (Entered: 01/23/2023) |
| 02/24/2023 | | Electronic Access to Record on Appeal Provided re: 231 Notice of Appeal, to Margaret Ewing Johnson Bryant. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 23-20013), filed.(EfrainGarcia, 1) (Entered: 02/24/2023) |
| 03/31/2023 | | Electronic Access to Record on Appeal Provided re: 173 Notice of Appeal to Christy Lynn Martin. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 22-20233), filed.(SaraCelis, 1) (Entered: 03/31/2023) |
| 04/11/2023 | | Electronic Access to Record on Appeal Provided re: 173 Notice of Appeal, 205 Notice of Appeal, 193 Notice of Appeal, 231 Notice of Appeal, to Margaret Ewing Johnson Bryant. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 22-2033), filed.(SaraCelis, 1) (Entered: 04/11/2023) |
| 04/14/2023 | | Electronic Access to Record on Appeal Provided re: 173 Notice of Appeal, 205 Notice of Appeal, 193 Notice of Appeal, 231 Notice of Appeal, to Margaret Ewing Johnson Bryant. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 22-20319), filed.(SaraCelis, 1) (Entered: 04/14/2023) |
| 04/14/2023 | | Electronic Access to Record on Appeal Provided re: 173 Notice of Appeal, 205 Notice of Appeal, 193 Notice of Appeal, 231 Notice of Appeal, to Michael Patrick Doyle. Attorneys |

| | | |
|---|---|---|
| | | of record at the Circuit may <u>download the record from the Court of Appeals</u>. (USCA No. 22-20233), filed.(SaraCelis, 1) (Entered: 04/14/2023) |
| 04/26/2023 | | Electronic Access to Record on Appeal Provided re: <u>205</u> Notice of Appeal, <u>193</u> Notice of Appeal, <u>231</u> Notice of Appeal, to Michael Timothy Gallagher. Attorneys of record at the Circuit may <u>download the record from the Court of Appeals</u>. (USCA No. 22-20319), filed.(SaraCelis, 1) (Entered: 04/26/2023) |
| 05/24/2023 | <u>233</u> | Order of USCA - Per Curiam re: <u>231</u> Notice of Appeal ; USCA No. 22-20279. The case is REMANDED to the district court for proceedings consistent with this opinion, filed.(MaricelaPerez, 1) (Entered: 05/25/2023) |
| 07/27/2023 | <u>234</u> | NOTICE of Setting. Parties notified. Status Conference set for 8/18/2023 at 10:30 AM in Courtroom 9A before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 07/27/2023) |
| 08/09/2023 | <u>235</u> | Order of USCA Judgment re: <u>231</u> Notice of Appeal, ; USCA No. 23-20013. IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART and is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court. IT IS FURTHER ORDERED that each party bear its own costs on appeal, filed.(DahlilaRodriguez, 1) (Entered: 08/09/2023) |
| 08/09/2023 | <u>236</u> | Order of USCA Per Curiam re: <u>231</u> Notice of Appeal,. The case is remanded to the district court for proceedings consistent with this opinion, filed.(DahlilaRodriguez, 1) (Entered: 08/09/2023) |
| 08/14/2023 | <u>237</u> | NOTICE *Regarding Death of Robert Tuttle* by Clifford F. Tuttle, Jr, filed. (Gallagher, Michael) (Entered: 08/14/2023) |
| 08/18/2023 | <u>238</u> | Unopposed MOTION to Substitute Attorney Christy Martin in place of Bradley Morefield by Robert Gonzales, filed. Motion Docket Date 9/8/2023. (Martin, Christy) (Entered: 08/18/2023) |
| 08/18/2023 | <u>239</u> | Unopposed MOTION to Substitute Attorney Alexander Garcia in place of Bradley Morefield by Clemente Reyna, filed. Motion Docket Date 9/8/2023. (Garcia, Alexander) (Entered: 08/18/2023) |
| 08/18/2023 | <u>240</u> | Unopposed MOTION to Substitute Attorney Alexander Garcia in place of Bradley Morefield by Thomas Wood, filed. Motion Docket Date 9/8/2023. (Garcia, Alexander) (Entered: 08/18/2023) |
| 08/18/2023 | <u>241</u> | Unopposed MOTION to Substitute Attorney Michelle Taylor in place of Bradley Morefield by Nadeem Ashraf, filed. Motion Docket Date 9/8/2023. (Taylor, Michelle) (Entered: 08/18/2023) |
| 08/18/2023 | <u>242</u> | PROPOSED ORDER re: <u>238</u> Unopposed MOTION to Substitute Attorney Christy Martin in place of Bradley Morefield, filed.(Martin, Christy) (Entered: 08/18/2023) |
| 08/18/2023 | | Minute Entry for proceedings held before Judge Alfred H Bennett. STATUS CONFERENCE held on 8/18/2023: Additional status conference to be set in late September/ early October. Amended scheduling order to be entered by next week. The Court asked the filers of the most recent Docket Entries # [238-241] to submit Proposed Orders. Appearances: Alistair B. Dawson, Michelle Charlene Taylor, David Allen Nachtigall, Russell Hardin, Jr, Dwayne Richard Day, Christy L Martin, Melissa Azadeh, Michael Patrick Doyle, Alexander Edward Garcia, Kelly Ann Dempsey. (Court Reporter: D. Smith), filed.(JacquelineMata, 4) (Entered: 08/18/2023) |

| 08/18/2023 | 243 | PROPOSED ORDER re: 241 Unopposed MOTION to Substitute Attorney Michelle Taylor in place of Bradley Morefield, filed.(Taylor, Michelle) (Entered: 08/18/2023) |
|---|---|---|
| 08/18/2023 | 244 | PROPOSED ORDER re: 239 Unopposed MOTION to Substitute Attorney Alexander Garcia in place of Bradley Morefield, filed.(Garcia, Alexander) (Entered: 08/18/2023) |
| 08/18/2023 | 245 | PROPOSED ORDER re: 240 Unopposed MOTION to Substitute Attorney Alexander Garcia in place of Bradley Morefield, filed.(Garcia, Alexander) (Entered: 08/18/2023) |
| 08/18/2023 | 246 | ORDER granting 238 Motion to Substitute Attorney.(Signed by Judge Alfred H Bennett) Parties notified.(GabrielleLyons, 4) (Entered: 08/21/2023) |
| 08/18/2023 | 247 | ORDER granting 241 Motion to Substitute Attorney.(Signed by Judge Alfred H Bennett) Parties notified.(GabrielleLyons, 4) (Entered: 08/21/2023) |
| 08/18/2023 | 248 | ORDER granting 240 Motion to Substitute Attorney. (Signed by Judge Alfred H Bennett) Parties notified.(GabrielleLyons, 4) (Entered: 08/21/2023) |
| 08/18/2023 | 249 | ORDER granting 239 Motion to Substitute Attorney.(Signed by Judge Alfred H Bennett) Parties notified.(GabrielleLyons, 4) (Entered: 08/21/2023) |
| 08/21/2023 | 250 | AO 435 TRANSCRIPT REQUEST by Michael Gallagher for Transcript of Status Conf Hearing 08/18/2023 before Judge Bennett. 14-Day turnaround requested. Court Reporter/Transcriber: David Smith, filed. (Gallagher, Michael) (Entered: 08/21/2023) |
| 08/21/2023 | 251 | AO 435 TRANSCRIPT REQUEST by Alistair Dawson/City of Houston for Transcript of Status Conference on 08-18-2023 before Judge Al Bennett. Ordinary (30 days) turnaround requested. Court Reporter/Transcriber: David Smith, filed. (Dawson, Alistair) (Entered: 08/21/2023) |
| 08/23/2023 | 252 | Order of USCA; Judgment issued as mandate 8/23/2023 re: 205 Notice of Appeal ; USCA No. 22-20319. IT IS ORDERED and ADJUDGED that Todd's appeal of the district court's order respecting her motion to stay this appeal is DISMISSED as moot, filed.(MaricelaPerez, 1) (Entered: 08/23/2023) |
| 08/23/2023 | 253 | Order of USCA - Per Curiam re: 205 Notice of Appeal ; USCA No. 22-20233. As to Todd's appeal of the district court's denial ofher motion to dismiss, No. 22-20233, the judgment is REVERSED. We RENDER judgment in Todd's favor with respect to Plaintiffs' failure-to-supervise claims. Those claims are DISMISSED with prejudice. As to Todd's appeal of the district court's order respecting her motion to stay, No. 22-20319, the appeal is DISMISSED as moot, filed.(MaricelaPerez, 1) (Entered: 08/23/2023) |
| 08/23/2023 | 254 | Order of USCA; Judgment issued as mandate 8/23/2023 re: 173 Notice of Appeal ; USCA No. 22-20233. IT IS ORDERED and ADJUDGED that as to Todd's appeal of the district court's denial of her motion to dismiss, the judgment is REVERSED. We RENDER judgment in Todd's favor with respect to Plaintiffs' failure-to-supervise claims. Those claims are DISMISSED with prejudice, filed.(MaricelaPerez, 1) (Entered: 08/23/2023) |
| 08/23/2023 | 255 | Order of USCA - Per Curiam re: 173 Notice of Appeal ; USCA No. 22-20233. As to Todd's appeal of the district court's denial of her motion to dismiss, No. 22-20233, the judgment is REVERSED. We RENDER judgment in Todd's favor with respect to Plaintiffs' failure-to-supervise claims. Those claims are DISMISSED with prejudice, filed.(MaricelaPerez, 1) (Entered: 08/23/2023) |
| 08/23/2023 | | (Court only) ***Motion(s) terminated: 206 MOTION to Stay *Pending Interlocutory Appeal*. DOC.#206 MOOTED by DOC.#233 and status conference on 8/18/23. (DSmith, 4) (Entered: 08/23/2023) |

| | | |
|---|---|---|
| 08/29/2023 | 256 | NOTICE of Appearance by Aisha Dennis on behalf of Felipe Gallegos, filed. (Dennis, Aisha) (Entered: 08/29/2023) |
| 08/29/2023 | 257 | NOTICE of Setting. Parties notified. Status Conference set for 10/6/2023 at 10:00 AM in Courtroom 9A before Judge Alfred H Bennett, filed. (LisaEdwards, 4) (Entered: 08/29/2023) |
| 08/31/2023 | 258 | SCHEDULING ORDER. Amended Pleadings due by 9/29/2023. Joinder of Parties due by 9/29/2023 Pltf Expert Report due by 12/15/2023. Deft Expert Report due by 1/15/2024. Fact Discovery due by 1/31/2024. Dispositive Motion Filing due by 5/31/2024. Joint Pretrial Order due by 8/16/2024. Docket Call set for 9/13/2024 at 01:30 PM in Courtroom 9A before Judge Alfred H Bennett Jury Trial set for 9/16/2024 at 09:00 AM in Courtroom 9A before Judge Alfred H Bennett(Signed by Judge Alfred H Bennett) Parties notified.(GabrielleLyons, 4) (Entered: 08/31/2023) |
| 09/01/2023 | 259 | NOTICE of Setting. Parties notified. Status Conference set for 10/13/2023 at 10:30 AM in Courtroom 9A before Judge Alfred H Bennett, filed. (LisaEdwards, 4) (Entered: 09/03/2023) |
| 09/07/2023 | 260 | TRANSCRIPT re: Status Conference held on 08/18/2023 before Judge Alfred H Bennett. Court Reporter/Transcriber David S. Smith. Ordering Party Michael Gallagher and Alistair Dawson Release of Transcript Restriction set for 12/6/2023., filed. (Smith, David) (Entered: 09/07/2023) |
| 09/08/2023 | 261 | Notice of Filing of Official Transcript as to 260 Transcript,. Party notified, filed. (DarleneHansen, 4) (Entered: 09/08/2023) |
| 09/13/2023 | 262 | MOTION for *Judgment on the Pleadings* Judgment by Art Acevedo, filed. Motion Docket Date 10/4/2023. (Dawson, Alistair) (Entered: 09/13/2023) |
| 09/14/2023 | 263 | ANSWER to 49 Amended Complaint/Counterclaim/Crossclaim etc. with Jury Demand by Felipe Gallegos, filed.(MacVane, John) (Entered: 09/14/2023) |
| 09/19/2023 | 264 | NOTICE of Appearance by Jennifer E. Brevorka and Armstead Lewis on behalf of Felipe Gallegos, filed. (Brevorka, Jennifer) (Entered: 09/19/2023) |
| 09/27/2023 | 265 | Unopposed MOTION for Extension of Time Scheduling Order by Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle, filed. Motion Docket Date 10/18/2023. (Attachments: # 1 Proposed Order Mtn to Extend Scheduling Order Dllns)(Gallagher, Michael) (Entered: 09/27/2023) |
| 10/04/2023 | 266 | MOTION to Dismiss *Art Acevedo in his official capacity* by Jo Ann Nicholas, John Nicholas, filed. Motion Docket Date 10/25/2023. (Doyle, Michael) (Entered: 10/04/2023) |
| 10/10/2023 | 267 | NOTICE of Appearance by George Nachtigall on behalf of Steven Bryant, filed. (Nachtigall, David) (Entered: 10/10/2023) |
| 10/10/2023 | 268 | ORDER Granting 266 MOTION to Dismiss *Art Acevedo in his official capacity* (Signed by Judge Alfred H Bennett) Parties notified.(KimberlyPicota, 4) (Entered: 10/11/2023) |
| 10/12/2023 | 269 | RETURN of Service Executed as to Robert Antu on 09/15/2023 re: subpoena for deposition, filed.(Doyle, Michael) (Entered: 10/12/2023) |
| 10/12/2023 | | (Court only) ***Motion(s) terminated: 262 MOTION for *Judgment on the Pleadings* Judgment. DOC.#262 is Mooted by DOC.#268. (DSmith, 4) (Entered: 10/12/2023) |
| 10/13/2023 | | Minute Entry for proceedings held before Judge Alfred H Bennett. STATUS |

| | | |
|---|---|---|
| | | CONFERENCE held on 10/13/2023. Issues taken up as stated on the record. Appearances: Alistair B. Dawson, Al Odom, Lena Elizabeth Silva, David Allen Nachtigall, Marshall Douglas Murphy, Dwayne Richard Day, Christy L Martin, Jeffrey I Avery, Michael Patrick Doyle, Michael T Gallagher.(Court Reporter: L. Smith), filed.(LisaEdwards, 4) (Entered: 10/15/2023) |
| 10/13/2023 | 270 | ORDER granting 265 Motion for Extension of Time; Motion-related deadline set re: 265 Unopposed MOTION for Extension of Time Scheduling Order. Counsel to submit proposed scheduling order within 30 days of this order..(Signed by Judge Alfred H Bennett) Parties notified.(LisaEdwards, 4) (Entered: 10/15/2023) |
| 10/16/2023 | 271 | AO 435 TRANSCRIPT REQUEST by City of Houston/Alistair Dawson for Transcript of Status Conference on 10/13/2023 before Hon. Al Bennett. Ordinary (30 days) turnaround requested. Court Reporter/Transcriber: Lanie Smith, filed. (Dawson, Alistair) (Entered: 10/16/2023) |
| 10/17/2023 | 272 | AO 435 TRANSCRIPT REQUEST by Michael Gallagher for Transcript of Status Conf hearing 10.13.23 before Judge Bennett. Ordinary (30 days) turnaround requested. Court Reporter/Transcriber: Lanie Smith, filed. (Gallagher, Michael) (Entered: 10/17/2023) |
| 10/27/2023 | 273 | ANSWER to 48 Amended Complaint/Counterclaim/Crossclaim etc. with Jury Demand by Felipe Gallegos, filed.(Dennis, Aisha) (Entered: 10/27/2023) |
| 11/10/2023 | 274 | Amended PROPOSED ORDER *Scheduling Order*, filed.(Gallagher, Michael) (Entered: 11/10/2023) |
| 11/30/2023 | 275 | NOTICE *of Withdrawal of Attorney for Defendant Felipe Gallegos* by Felipe Gallegos, filed. (Lewis, Armstead) (Entered: 11/30/2023) |
| 11/30/2023 | 276 | Return of Service Unexecuted as to Art Acevedo re: subpoena for deposition, filed.(Doyle, Michael) (Entered: 11/30/2023) |
| 12/13/2023 | 277 | TRANSCRIPT re: Status Conference held on 10/13/2023 before Judge Alfred H Bennett. Court Reporter/Transcriber Cheryl Cummings, RDR, CRR, RMR, CRC. Release of Transcript Restriction set for 3/12/2024., filed. (CherylCummings, 4) (Entered: 12/13/2023) |
| 12/14/2023 | 278 | Notice of Filing of Official Transcript as to 277 Transcript. Party notified, filed. (DarleneHansen, 4) (Entered: 12/14/2023) |
| 01/09/2024 | 279 | RETURN of Service Executed as to Art Acevedo on 01/09/2024 re: Subpoena to Testify at Deposition in Civil Action, filed.(Doyle, Michael) (Entered: 01/09/2024) |
| 02/16/2024 | 280 | DESIGNATION OF EXPERT WITNESS LIST by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood, filed.(Azadeh, Melissa) (Entered: 02/16/2024) |
| 03/05/2024 | 281 | *** DISREGARD, ENTERED IN ERROR*** Modified on 3/5/2024 (LisaEdwards, 4). (Entered: 03/05/2024) |
| 03/05/2024 | 282 | NOTICE of Setting. Parties notified. Discovery Hearing set for 4/5/2024 at 10:30 AM in Courtroom 9A before Judge Alfred H Bennett, filed. (LisaEdwards, 4) (Entered: 03/05/2024) |
| 04/05/2024 | 283 | NOTICE *Letter to Judge Bennett Regarding Deposition of Former Assistant Chief Lopez* by City Of Houston, filed. (Dawson, Alistair) (Entered: 04/05/2024) |

| | | |
|---|---|---|
| 04/05/2024 | | Minute Entry for proceedings held before Judge Alfred H Bennett. STATUS CONFERENCE held on 4/5/2024. Issues taken up as stated on the record. Motion for Protective Order by District Attorney's Office DENIED. Request for depositions TAKEN UNDER ADVISEMENT. The court signed the amended proposed scheduling order (Doc # 274). A status conference is scheduled May 24, 2024. Trial scheduled November 12, 2024, at 9:00 a.m., Appearances: Stephen Smith. Michelle Charlene Taylor, Aisha Japera Dennis, Melissa Azadeh, Michael Patrick Doyle, Alexander Edward Garcia, Stan Clark. (Court Reporter: M. Walker-Bailey) filed. (lre4) (Entered: 04/07/2024) |
| 04/05/2024 | 285 | SCHEDULING ORDER. Expert Discovery due by 4/30/2024. Motion Filing due by 7/1/2024. Joint Pretrial Order due by 9/16/2024. Docket Call set for 11/8/2024 at 01:30 PM in Courtroom 9A before Judge Alfred H Bennett. Trial set for 11/12/2024 at 09:00 AM in Courtroom 9A before Judge Alfred H Bennett(Signed by Judge Alfred H Bennett) Parties notified. (glc4) (Entered: 04/08/2024) |
| 04/08/2024 | 284 | AO 435 TRANSCRIPT REQUEST by Michael Gallagher for Transcript of 4/5/24. 14-Day turnaround requested. Court Reporter/Transcriber: Monica Walker-Bailey, filed. (Gallagher, Michael) (Entered: 04/08/2024) |
| 04/09/2024 | 286 | AO 435 TRANSCRIPT REQUEST by City of Houston/Alistair Dawson for Transcript of Status Conference on 04/05/2024 before Judge Al Bennett. 14-Day turnaround requested. Court Reporter/Transcriber: Monica Walker-Bailey, filed. (Dawson, Alistair) (Entered: 04/09/2024) |
| 04/11/2024 | 287 | NOTICE *of Withdrawal of Emma Brockway* by Jo Ann Nicholas, John Nicholas, filed. (Brockway, Emma) (Entered: 04/11/2024) |
| 04/20/2024 | 288 | TRANSCRIPT re: Status Conference held on April 5, 2024 before Judge Alfred H Bennett. Court Reporter/Transcriber Monica Walker-Bailey. Ordering Party L. Boyd Smith Release of Transcript Restriction set for 7/19/2024., filed. (Walker-Bailey, Monica) (Entered: 04/20/2024) |
| 04/20/2024 | 289 | TRANSCRIPT re: Status Conference held on April 5, 2024 before Judge Alfred H Bennett. Court Reporter/Transcriber Monica Walker-Bailey. Ordering Party Alistair Dawson Release of Transcript Restriction set for 7/19/2024., filed. (Walker-Bailey, Monica) (Entered: 04/20/2024) |
| 04/22/2024 | 290 | Notice of Filing of Official Transcript as to 289 Transcript, 288 Transcript,. Party notified, filed. (srh4) (Entered: 04/22/2024) |
| 04/30/2024 | 291 | NOTICE *Letter to Judge Bennett Pursuant to the Court's Discovery Dispute Procedures* by City Of Houston, filed. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Dawson, Alistair) (Entered: 04/30/2024) |
| 05/09/2024 | 292 | NOTICE of Setting. Parties notified. Status Conference set for 5/24/2024 at 11:00 AM in Courtroom 9A before Judge Alfred H Bennett, filed. (lre4) (Entered: 05/09/2024) |
| 05/19/2024 | 293 | NOTICE of Resetting. Parties notified. Status Conference set for 5/29/2024 at 10:00 AM in Courtroom 9A before Judge Alfred H Bennett, filed. (lre4) (Entered: 05/19/2024) |
| 05/29/2024 | | Minute Entry for proceedings held before Judge Alfred H Bennett. STATUS CONFERENCE held on 5/29/2024. The Court took up discovery issues presented in letters to the court. Issues ruled on as stated on the record. The Court will allow ten interrogatories in lieu of the deposition for Chief Lopez. Counsel will confer and submit amended scheduling order dates. Appearances: Alistair B. Dawson, Michelle Charlene Taylor, Rachel Mae Lewis, Aisha Japera Dennis, Christy L Martin, Melissa Azadeh, |

| | | |
|---|---|---|
| | | Michael Patrick Doyle, Alexander Edward Garcia.(Court Reporter: D. Smith), filed. (lre4) (Entered: 05/29/2024) |
| 05/29/2024 | 294 | AO 435 TRANSCRIPT REQUEST by Alistair Dawson/City of Houston for Transcript of Status Conference, 5/29/2024, Hon. Al Bennett. 3-Day turnaround requested. Court Reporter/Transcriber: David Smith, filed. (Dawson, Alistair) (Entered: 05/29/2024) |
| 06/03/2024 | 295 | AO 435 TRANSCRIPT REQUEST by Michael Gallagher for Transcript of Status Conf Hearing 05/29/24 before Judge Bennett. 3-Day turnaround requested. Court Reporter/Transcriber: David Smith, filed. (Gallagher, Michael) (Entered: 06/03/2024) |
| 06/14/2024 | 296 | Agreed MOTION for Extension of Time Extend Motion Deadline by City Of Houston, filed. Motion Docket Date 7/5/2024. (Attachments: # 1 Proposed Order) (Brawley, Garrett) (Entered: 06/14/2024) |
| 06/24/2024 | 297 | ORDER granting re: 296 Agreed MOTION for Extension of Time Extend Motion Deadline. Motion Filing due by 8/9/2024.(Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 06/24/2024) |
| 07/09/2024 | 298 | MOTION Joint Agreed Motion to Extend Summary Judgment Page Limits by City Of Houston, filed. Motion Docket Date 7/30/2024. (Attachments: # 1 Proposed Order) (Dawson, Alistair) (Entered: 07/09/2024) |
| 07/12/2024 | 299 | ORDER granting 298 Agreed Motion to Extend Summary JudgmentPage Limits.(Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 07/13/2024) |
| 07/24/2024 | 300 | TRANSCRIPT re: Status Conference held on 05/29/2024 before Judge Alfred H Bennett. Court Reporter/Transcriber David S. Smith. Ordering Party Alistair Dawson, Michael Gallagher Release of Transcript Restriction set for 10/22/2024., filed. (Smith, David) (Entered: 07/24/2024) |
| 08/05/2024 | 301 | STIPULATION of Dismissal *with prejudice of all claims of excessive force in violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C.S. §§ 1983, 1988, against Defendants Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, and Thomas Wood* by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood, filed. (Azadeh, Melissa) (Entered: 08/05/2024) |
| 08/09/2024 | 302 | Unopposed MOTION to Seal Summary Judgment Motions and Exhibits by City Of Houston, filed. Motion Docket Date 8/30/2024. (Attachments: # 1 Proposed Order) (Dawson, Alistair) (Entered: 08/09/2024) |
| 08/09/2024 | 303 | MOTION to Exclude Expert Opinions and Testimony of Andrew Scott and Michael Maloney by City Of Houston, filed. Motion Docket Date 8/30/2024. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Proposed Order) (Dawson, Alistair) (Entered: 08/09/2024) |
| 08/09/2024 | 304 | SEALED EXHIBITS *No. 1* re: 303 MOTION to Exclude Expert Opinions and Testimony of Andrew Scott and Michael Maloney by City Of Houston, filed. (Dawson, Alistair) (Entered: 08/09/2024) |
| 08/09/2024 | 305 | SEALED MOTION *Defendant City of Houston's Motion for Partial Summary Judgment on Plaintiffs' Claimed Based on Service of the Warrant* by City Of Houston, filed. (Attachments: # 1 Exhibit 3, # 2 Exhibit 5, # 3 Exhibit 6, # 4 Exhibit 14, # 5 Exhibit 15, # 6 Exhibit 29, # 7 Exhibit 33, # 8 Exhibit 34, # 9 Exhibit 37, # 10 Exhibit 38, # 11 Exhibit |

| | | |
|---|---|---|
| | | 39, # <u>12</u> Exhibit 43, # <u>13</u> Exhibit 44) (Dawson, Alistair) (Entered: 08/09/2024) |
| 08/09/2024 | <u>306</u> | Other EXHIBITS re: <u>305</u> SEALED MOTION *Defendant City of Houston's Motion for Partial Summary Judgment on Plaintiffs' Claimed Based on Service of the Warrant* by City Of Houston, filed. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 4, # <u>4</u> Exhibit 7, # <u>5</u> Exhibit 8, # <u>6</u> Exhibit 9, # <u>7</u> Exhibit 10, # <u>8</u> Exhibit 11, # <u>9</u> Exhibit 12, # <u>10</u> Exhibit 13, # <u>11</u> Exhibit 16, # <u>12</u> Exhibit 17, # <u>13</u> Exhibit 18, # <u>14</u> Exhibit 19, # <u>15</u> Exhibit 20, # <u>16</u> Exhibit 21, # <u>17</u> Exhibit 22, # <u>18</u> Exhibit 23, # <u>19</u> Exhibit 24, # <u>20</u> Exhibit 25, # <u>21</u> Exhibit 26, # <u>22</u> Exhibit 27, # <u>23</u> Exhibit 28, # <u>24</u> Exhibit 30, # <u>25</u> Exhibit 31) (Dawson, Alistair) (Entered: 08/09/2024) |
| 08/09/2024 | <u>307</u> | Other EXHIBITS re: <u>305</u> SEALED MOTION *Defendant City of Houston's Motion for Partial Summary Judgment on Plaintiffs' Claimed Based on Service of the Warrant* by City Of Houston, filed. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Exhibit, # <u>4</u> Exhibit, # <u>5</u> Exhibit, # <u>6</u> Exhibit, # <u>7</u> Exhibit) (Dawson, Alistair) (Entered: 08/09/2024) |
| 08/09/2024 | <u>308</u> | SEALED MOTION *City of Houston's Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Alleged Excessive Force* by City Of Houston, filed. (Attachments: # <u>1</u> Exhibit 2, # <u>2</u> Exhibit 3, # <u>3</u> Exhibit 5, # <u>4</u> Exhibit 6, # <u>5</u> Exhibit 7, # <u>6</u> Exhibit 14, # <u>7</u> Exhibit 18, # <u>8</u> Exhibit 32, # <u>9</u> Exhibit 33, # <u>10</u> Exhibit 36, # <u>11</u> Exhibit 37, # <u>12</u> Exhibit 38, # <u>13</u> Exhibit 40, # <u>14</u> Exhibit 41, # <u>15</u> Exhibit 47, # <u>16</u> Exhibit 48) (Dawson, Alistair) (Entered: 08/09/2024) |
| 08/09/2024 | <u>309</u> | Other EXHIBITS re: <u>308</u> SEALED MOTION *City of Houston's Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Alleged Excessive Force* by City Of Houston, filed. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 4, # <u>3</u> Exhibit 8, # <u>4</u> Exhibit 9, # <u>5</u> Exhibit 10, # <u>6</u> Exhibit 11, # <u>7</u> Exhibit 12, # <u>8</u> Exhibit 13, # <u>9</u> Exhibit 15, # <u>10</u> Exhibit 16, # <u>11</u> Exhibit 17, # <u>12</u> Exhibit 19, # <u>13</u> Exhibit 20, # <u>14</u> Exhibit 21, # <u>15</u> Exhibit 22, # <u>16</u> Exhibit 23, # <u>17</u> Exhibit 24, # <u>18</u> Exhibit 25, # <u>19</u> Exhibit 26, # <u>20</u> Exhibit 27, # <u>21</u> Exhibit 28, # <u>22</u> Exhibit 29, # <u>23</u> Exhibit 30, # <u>24</u> Exhibit 31, # <u>25</u> Exhibit 34, # <u>26</u> Exhibit 35, # <u>27</u> Exhibit 39, # <u>28</u> Exhibit 42, # <u>29</u> Exhibit 43, # <u>30</u> Exhibit 44, # <u>31</u> Exhibit 45, # <u>32</u> Exhibit 46) (Dawson, Alistair) (Entered: 08/09/2024) |
| 08/09/2024 | <u>310</u> | MOTION for Judgment by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood, filed. Motion Docket Date 8/30/2024. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D) (Azadeh, Melissa) (Entered: 08/09/2024) |
| 08/09/2024 | <u>311</u> | MOTION to Seal Motion for Summary Judgment and Exhibits by Robert Gonzales, filed. Motion Docket Date 8/30/2024. (Attachments: # <u>1</u> Proposed Order) (Martin, Christy) (Entered: 08/09/2024) |
| 08/09/2024 | <u>312</u> | SEALED MOTION *for Summary Judgment* by Robert Gonzales, filed. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Appendix) (Martin, Christy) (Entered: 08/09/2024) |
| 08/09/2024 | <u>313</u> | MOTION for Summary Judgment *(Nicholas Plaintiffs)* by Steven Bryant, filed. Motion Docket Date 8/30/2024. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Exhibit, # <u>4</u> Proposed Order) (Nachtigall, David) (Entered: 08/09/2024) |
| 08/09/2024 | <u>314</u> | MOTION for Summary Judgment *(Tuttle Plaintiffs)* by Steven Bryant, filed. Motion Docket Date 8/30/2024. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Exhibit, # <u>4</u> Proposed Order) (Nachtigall, David) (Entered: 08/09/2024) |
| 08/09/2024 | <u>315</u> | |

| | | |
|---|---|---|
| | | MOTION to Seal Summary Judgment and Exhibits by Felipe Gallegos, filed. Motion Docket Date 8/30/2024. (Attachments: # 1 Proposed Order) (Dennis, Aisha) (Entered: 08/09/2024) |
| 08/09/2024 | 316 | MOTION for Partial Summary Judgment *against Defendants Sepolio, Salazar, Wood, Pardo, Medina, Reyna, Lovings, Ashraf, and Gonzales* by Jo Ann Nicholas, John Nicholas, Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle, filed. Motion Docket Date 8/30/2024. (Attachments: # 1 Exhibit A) (Doyle, Michael) (Entered: 08/09/2024) |
| 08/09/2024 | 317 | Unopposed MOTION to Extend Summary Judgment Page Limit by Felipe Gallegos, filed. Motion Docket Date 8/30/2024. (Attachments: # 1 Proposed Order) (Dennis, Aisha) (Entered: 08/09/2024) |
| 08/09/2024 | 318 | SEALED MOTION *for Summary Judgment* by Felipe Gallegos, filed. (Dennis, Aisha) (Entered: 08/09/2024) |
| 08/14/2024 | 319 | ORDER granting 302 Motion to Seal.(Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 08/14/2024) |
| 08/14/2024 | 320 | ORDER granting 317 Motion to Extend Summary Judgment Page Limit.(Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 08/14/2024) |
| 08/22/2024 | 321 | Unopposed MOTION for Extension of Time response deadlines by Clifford F. Tuttle, Jr, filed. Motion Docket Date 9/12/2024. (Attachments: # 1 Proposed Order Unopposed Mtn to Extend Response Deadlines) (Gallagher, Michael) (Entered: 08/22/2024) |
| 08/26/2024 | 322 | CERTIFICATE of Conference re: 311 MOTION to Seal Motion for Summary Judgment and Exhibits by Robert Gonzales, filed. (Martin, Christy) (Entered: 08/26/2024) |
| 08/26/2024 | 323 | ORDER granting 321 Motion for Extension of Time; Motion-related deadline set re: 321 Unopposed MOTION for Extension of Time response deadlines. Responses due by 9/13/2024..(Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 08/26/2024) |
| 08/30/2024 | 324 | RESPONSE to 316 MOTION for Partial Summary Judgment *against Defendants Sepolio, Salazar, Wood, Pardo, Medina, Reyna, Lovings, Ashraf, and Gonzales* filed by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood. (Azadeh, Melissa) (Entered: 08/30/2024) |
| 09/06/2024 | 325 | Unopposed MOTION for Extension of Time to Reply ISO Plaintiffs' Motion for Partial Summary Judgment by Clifford F. Tuttle, Jr, filed. Motion Docket Date 9/27/2024. (Attachments: # 1 Proposed Order Order Granting Extension of Deadline to Reply) (Dennis, Patrick) (Entered: 09/06/2024) |
| 09/11/2024 | 326 | ORDER granting 325 Motion for Extension of Time; Motion-related deadline set re: 325 Unopposed MOTION for Extension of Time to Reply ISO Plaintiffs' Motion for Partial Summary Judgment. Answer due by 9/13/2024.(Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 09/11/2024) |
| 09/11/2024 | 327 | Agreed MOTION for Extension of Time Joint PTO and MIL Deadlines by City Of Houston, filed. Motion Docket Date 10/2/2024. (Attachments: # 1 Proposed Order) (Dawson, Alistair) (Entered: 09/11/2024) |
| 09/13/2024 | 328 | SEALED EXHIBITS by Jo Ann Nicholas, filed. (cmk4) (Entered: 09/13/2024) |
| 09/13/2024 | 329 | MOTION for Continuance of Trial Date by City Of Houston, filed. Motion Docket Date 10/4/2024. (Attachments: # 1 Proposed Order) (Dawson, Alistair) (Entered: 09/13/2024) |

| 09/13/2024 | <u>330</u> | SEALED RESPONSE *in Opposition to* re: <u>308</u> SEALED MOTION *City of Houston's Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Alleged Excessive Force* by Jo Ann Nicholas, John Nicholas, filed. (Doyle, Michael) (Entered: 09/13/2024) |
|---|---|---|
| 09/13/2024 | <u>331</u> | SEALED RESPONSE *in Opposition to* re: <u>305</u> SEALED MOTION *Defendant City of Houston's Motion for Partial Summary Judgment on Plaintiffs' Claimed Based on Service of the Warrant* by Jo Ann Nicholas, John Nicholas, filed. (Doyle, Michael) (Entered: 09/13/2024) |
| 09/13/2024 | <u>332</u> | SEALED RESPONSE *in Opposition to* re: <u>312</u> SEALED MOTION *for Summary Judgment* by Jo Ann Nicholas, John Nicholas, filed. (Doyle, Michael) (Entered: 09/13/2024) |
| 09/13/2024 | <u>333</u> | SEALED RESPONSE *in Opposition to* re: <u>313</u> MOTION for Summary Judgment *(Nicholas Plaintiffs)* by Jo Ann Nicholas, John Nicholas, filed. (Doyle, Michael) (Entered: 09/13/2024) |
| 09/13/2024 | <u>334</u> | SEALED RESPONSE *in Opposition to* re: <u>318</u> SEALED MOTION *for Summary Judgment* by Jo Ann Nicholas, John Nicholas, filed. (Doyle, Michael) (Entered: 09/13/2024) |
| 09/13/2024 | <u>335</u> | SEALED RESPONSE *in Opposition to* re: <u>303</u> MOTION to Exclude Expert Opinions and Testimony of Andrew Scott and Michael Maloney by Jo Ann Nicholas, John Nicholas, filed. (Doyle, Michael) (Entered: 09/13/2024) |
| 09/13/2024 | <u>336</u> | SEALED EXHIBITS *re Plaintiffs' Responses to Defendants' Motions for Summary Judgment* by Jo Ann Nicholas, John Nicholas, filed. (Attachments: # <u>1</u> Exhibit Defs.' 14, # <u>2</u> Exhibit Defs.' 15, # <u>3</u> Exhibit Defs.' 18, # <u>4</u> Exhibit Defs.' 26, # <u>5</u> Exhibit Pls.' 7, # <u>6</u> Exhibit Pls.' 16, # <u>7</u> Exhibit Pls.' 19, # <u>8</u> Exhibit Pls.' 25, # <u>9</u> Exhibit Pls.' 29, # <u>10</u> Exhibit Pls.' 31, # <u>11</u> Exhibit Pls.' 32, # <u>12</u> Exhibit Pls.' 42, # <u>13</u> Exhibit Pls.' 51, # <u>14</u> Exhibit Pls.' 54, # <u>15</u> Exhibit Pls.' 56, # <u>16</u> Exhibit Pls.' 57, # <u>17</u> Exhibit Pls.' 87, # <u>18</u> Exhibit Pls.' 92, # <u>19</u> Exhibit Pls.' 99, # <u>20</u> Exhibit Pls.' 105, # <u>21</u> Exhibit Pls.' 107, # <u>22</u> Exhibit Pls.' 119, # <u>23</u> Exhibit Pls.' 125, # <u>24</u> Exhibit Pls.' 127, # <u>25</u> Exhibit Pls.' 128, # <u>26</u> Exhibit Pls.' 131, # <u>27</u> Exhibit Pls.' 145, # <u>28</u> Exhibit Pls.' 156, # <u>29</u> Exhibit Pls.' 158, # <u>30</u> Exhibit Pls.' 165, # <u>31</u> Exhibit Pls.' 167, # <u>32</u> Exhibit Pls.' 171, # <u>33</u> Exhibit Pls.' 188, # <u>34</u> Exhibit Pls.' A, # <u>35</u> Exhibit Pls.' B, # <u>36</u> Exhibit Pls.' C, # <u>37</u> Exhibit Pls.' D, # <u>38</u> Exhibit Pls.' E, # <u>39</u> Exhibit Pls.' F, # <u>40</u> Exhibit Pls.' G, # <u>41</u> Exhibit Pls.' H, # <u>42</u> Exhibit Pls.' I, # <u>43</u> Exhibit Pls.' J, # <u>44</u> Exhibit Pls.' K, # <u>45</u> Exhibit Pls.' L, # <u>46</u> Exhibit Pls.' M, # <u>47</u> Exhibit Pls.' N, # <u>48</u> Exhibit Pls.' O, # <u>49</u> Exhibit Pls.' P, # <u>50</u> Exhibit Pls.' Q, # <u>51</u> Exhibit Pls.' R, # <u>52</u> Exhibit Pls.' S, # <u>53</u> Exhibit Pls.' T, # <u>54</u> Exhibit Pls.' U, # <u>55</u> Exhibit Pls.' V, # <u>56</u> Exhibit Pls.' W, # <u>57</u> Exhibit Pls.' X, # <u>58</u> Exhibit Pls.' Y, # <u>59</u> Exhibit Pls.' Z, # <u>60</u> Exhibit Pls.' AA, # <u>61</u> Exhibit Pls.' AB, # <u>62</u> Exhibit Pls.' AC, # <u>63</u> Exhibit Pls.' AD, # <u>64</u> Exhibit Pls.' AE, # <u>65</u> Exhibit Pls.' AF, # <u>66</u> Exhibit Pls.' AG, # <u>67</u> Exhibit Pls.' AH, # <u>68</u> Exhibit Pls.' AI, # <u>69</u> Exhibit Pls.' AJ, # <u>70</u> Exhibit Pls.' AK, # <u>71</u> Exhibit Pls.' AL, # <u>72</u> Exhibit Pls.' AM, # <u>73</u> Exhibit Pls.' AN, # <u>74</u> Exhibit Pls.' AO, # <u>75</u> Exhibit Pls.' AP, # <u>76</u> Exhibit Pls.' AQ, # <u>77</u> Exhibit Pls.' AR, # <u>78</u> Exhibit Pls.' AT, # <u>79</u> Exhibit Pls.' AU, # <u>80</u> Exhibit Pls.' AV) (Doyle, Michael) (Entered: 09/13/2024) |
| 09/13/2024 | <u>337</u> | MOTION to Seal Motions and Exhibits [ECF Nos. 330 - 336 by Jo Ann Nicholas, John Nicholas, filed. Motion Docket Date 10/4/2024. (Doyle, Michael) Modified on 10/11/2024 (lre4). (Entered: 09/13/2024) |
| 09/13/2024 | <u>338</u> | MOTION for Leave to File Excess Pages by Jo Ann Nicholas, John Nicholas, filed. Motion Docket Date 10/4/2024. (Attachments: # <u>1</u> Proposed Order Granting Motion to Extend Page Limits on Gallegos MSJ Response [ECF No. 334]) (Doyle, Michael) |

| | | |
|---|---|---|
| | | (Entered: 09/13/2024) |
| 09/13/2024 | 339 | REPLY to 316 MOTION for Partial Summary Judgment *against Defendants Sepolio, Salazar, Wood, Pardo, Medina, Reyna, Lovings, Ashraf, and Gonzales* , filed by Jo Ann Nicholas, John Nicholas, Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle. (Doyle, Michael) (Entered: 09/13/2024) |
| 09/13/2024 | 340 | RESPONSE to 310 MOTION for Judgment , filed by Jo Ann Nicholas, John Nicholas, Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle. (Doyle, Michael) (Entered: 09/13/2024) |
| 09/13/2024 | 341 | SEALED EXHIBITS re: 334 Sealed Response by Jo Ann Nicholas, John Nicholas, filed. (Placed in vault) (mew4) (Entered: 09/18/2024) |
| 09/20/2024 | 342 | REPLY to Response to 313 MOTION for Summary Judgment *(Nicholas Plaintiffs)*, 314 MOTION for Summary Judgment *(Tuttle Plaintiffs)*, filed by Steven Bryant. (Nachtigall, David) (Entered: 09/20/2024) |
| 09/25/2024 | 343 | ORDER granting 327 Motion for Extension of Time; Motion-related deadline set re: 327 Agreed MOTION for Extension of Time Joint PTO and MIL Deadlines..(Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 09/25/2024) |
| 09/27/2024 | 344 | REPLY in Support of 310 MOTION for Judgment, filed by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood. (Azadeh, Melissa) (Entered: 09/27/2024) |
| 09/27/2024 | 345 | MOTION to Seal Summary Judgment Replies and Exhibits by City Of Houston, filed. Motion Docket Date 10/18/2024. (Attachments: # 1 Proposed Order) (Dawson, Alistair) (Entered: 09/27/2024) |
| 09/27/2024 | 346 | REPLY in Support of 303 MOTION to Exclude Expert Opinions and Testimony of Andrew Scott and Michael Maloney, filed by City Of Houston. (Dawson, Alistair) (Entered: 09/27/2024) |
| 09/27/2024 | 347 | SEALED REPLY *in Support of His Motion for Summary Judgment* re: 312 SEALED MOTION *for Summary Judgment* by Robert Gonzales, filed. (Martin, Christy) (Entered: 09/27/2024) |
| 09/27/2024 | 348 | SEALED REPLY *In Support of its Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Service of the Warrant* re: 305 SEALED MOTION *Defendant City of Houston's Motion for Partial Summary Judgment on Plaintiffs' Claimed Based on Service of the Warrant* by City Of Houston, filed. (Dawson, Alistair) (Entered: 09/27/2024) |
| 09/27/2024 | 349 | Other EXHIBITS re: 348 Sealed Response, by City Of Houston, filed. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Dawson, Alistair) (Entered: 09/27/2024) |
| 09/27/2024 | 350 | SEALED REPLY *In Support of its Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Alleged Excessive Force* re: 308 SEALED MOTION *City of Houston's Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Alleged Excessive Force* by City Of Houston, filed. (Attachments: # 1 Exhibit 49, # 2 Exhibit 50, # 3 Exhibit 53, # 4 Exhibit 54, # 5 Exhibit 55) (Dawson, Alistair) (Entered: 09/27/2024) |
| 09/27/2024 | 351 | Other EXHIBITS re: 350 Sealed Response, by City Of Houston, filed. (Attachments: # 1 Exhibit 52, # 2 Exhibit 56, # 3 Exhibit 57, # 4 Exhibit 58) (Dawson, Alistair) (Entered: 09/27/2024) |
| 09/27/2024 | 352 | Unopposed MOTION to Seal Summary Judgment Replies and Exhibits by Felipe Gallegos, filed. Motion Docket Date 10/18/2024. (Attachments: # 1 Proposed Order) |

| | | |
|---|---|---|
| | | (Hardin, Russell) (Entered: 09/27/2024) |
| 09/27/2024 | 353 | SEALED REPLY *IN SUPPORT OF* re: 318 SEALED MOTION *for Summary Judgment* by Felipe Gallegos, filed. (Attachments: # 1 Exhibit) (MacVane, John) (Entered: 09/27/2024) |
| 09/30/2024 | 354 | MOTION for Extension of Time to Extend the Joint Pretrial Order and Motion in Limine Deadlines by City Of Houston, filed. Motion Docket Date 10/21/2024. (Attachments: # 1 Proposed Order) (Dawson, Alistair) (Entered: 09/30/2024) |
| 10/01/2024 | 355 | NOTICE *Letter to Judge Bennett Containing Exhibits on Flash Drive* re: 348 Sealed Response, 350 Sealed Response, by City Of Houston, filed. (Dawson, Alistair) (Entered: 10/01/2024) |
| 10/02/2024 | 356 | NOTICE *of Joinder of Defendant City of Houston's Motion to Continue the Trial Date [Dkt. 329]* re: 329 MOTION for Continuance of Trial Date by Felipe Gallegos, filed. (Hardin, Russell) (Entered: 10/02/2024) |
| 10/03/2024 | 357 | RESPONSE in Opposition to 329 MOTION for Continuance of Trial Date, filed by Jo Ann Nicholas, John Nicholas. (Doyle, Michael) (Entered: 10/03/2024) |
| 10/04/2024 | 358 | ORDER denying 329 Motion for Continuance; Motion-related deadline set re: 329 MOTION for Continuance of Trial Date..(Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 10/04/2024) |
| 10/08/2024 | 359 | SEALED RESPONSE *and Objection to Defendant Gallegos's Declaration* re: 353 Sealed Response, 350 Sealed Response, by Jo Ann Nicholas, John Nicholas, filed. (Doyle, Michael) (Entered: 10/08/2024) |
| 10/09/2024 | doc | DISREGARD, CORRECTED BY DOC # 360 (lre4) (lre4). Modified on 10/11/2024 (lre4). (Entered: 10/10/2024) |
| 10/09/2024 | 360 | ORDER granting 311 Motion to Seal; granting 315 Motion to Seal; granting 337 Motion to Seal; granting 338 Motion for Leave to File Excess Pages; granting 352 Motion to Seal.(Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 10/11/2024) |
| 10/14/2024 | 361 | Opposed MOTION to Unseal Summary Judgment Briefing by Jo Ann Nicholas, John Nicholas, filed. Motion Docket Date 11/4/2024. (Attachments: # 1 Proposed Order) (Doyle, Michael) (Entered: 10/14/2024) |
| 10/15/2024 | 362 | MOTION to Strike 359 Sealed Response *Plaintiffs' Objection and Response to Defendant Felipe Gallegos's Declaration [Dkt. 359]* by Felipe Gallegos, filed. Motion Docket Date 11/5/2024. (Attachments: # 1 Proposed Order) (Hardin, Russell) (Entered: 10/15/2024) |
| 10/15/2024 | 363 | ORDER granting 354 Motion for Extension of Time; Motion-related deadline set re: 354 MOTION for Extension of Time to Extend the Joint Pretrial Order and Motion in Limine Deadlines..(Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 10/15/2024) |
| 10/21/2024 | 364 | MOTION In Limine by City Of Houston, filed. Motion Docket Date 11/12/2024. (Attachments: # 1 Exhibit 1) (Brawley, Garrett) (Entered: 10/21/2024) |
| 10/21/2024 | 365 | MOTION In Limine by Steven Bryant, filed. Motion Docket Date 11/12/2024. (Nachtigall, David) (Entered: 10/21/2024) |
| 10/21/2024 | 366 | SEALED MOTION *Defendant City of Houston's Bench Brief ISO its Motion in Limine Number 23 Regarding Inspections* by City Of Houston, filed. (Attachments: # 1 Exhibit 1) |

| | | |
|---|---|---|
| | | (Brawley, Garrett) (Entered: 10/21/2024) |
| 10/21/2024 | 367 | Other EXHIBITS re: 366 SEALED MOTION *Defendant City of Houston's Bench Brief ISO its Motion in Limine Number 23 Regarding Inspections* by City Of Houston, filed. (Brawley, Garrett) (Entered: 10/21/2024) |
| 10/21/2024 | 368 | MOTION In Limine by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood, filed. Motion Docket Date 11/12/2024. (Attachments: # 1 Proposed Order) (Azadeh, Melissa) (Entered: 10/21/2024) |
| 10/21/2024 | 369 | MOTION In Limine by Gerald Goines, filed. Motion Docket Date 11/12/2024. (Day, Dwayne) (Entered: 10/21/2024) |
| 10/21/2024 | 370 | MOTION In Limine by Jo Ann Nicholas, John Nicholas, Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle, filed. Motion Docket Date 11/12/2024. (Doyle, Michael) (Entered: 10/21/2024) |
| 10/21/2024 | 371 | SEALED DOCUMENT *Joint Pre-Trial Order* by Jo Ann Nicholas, John Nicholas, Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle, filed. (Doyle, Michael) (Entered: 10/21/2024) |
| 10/21/2024 | 372 | MOTION to Seal Joint Pre-Trial Order by Jo Ann Nicholas, John Nicholas, Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle, filed. Motion Docket Date 11/12/2024. (Doyle, Michael) (Entered: 10/21/2024) |
| 10/23/2024 | 373 | MOTION to Bifurcate Trial by City Of Houston, filed. Motion Docket Date 11/13/2024. (Attachments: # 1 Proposed Order) (Dawson, Alistair) (Entered: 10/23/2024) |
| 10/23/2024 | 374 | MOTION to Seal MIL No. 23 Bench Brief and Exhibit 1 by City Of Houston, filed. Motion Docket Date 11/13/2024. (Attachments: # 1 Proposed Order) (Dawson, Alistair) (Entered: 10/23/2024) |
| 10/25/2024 | 375 | NOTICE of Setting. Parties notified. Status Conference set for 10/29/2024 at 10:00 AM in Courtroom 9A before Judge Alfred H Bennett, filed. (lre4) (Entered: 10/25/2024) |
| 10/25/2024 | 376 | Proposed Voir Dire Questions (Nachtigall, David) (Entered: 10/25/2024) |
| 10/25/2024 | 377 | SEALED MOTION by Steven Bryant, filed. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) (Nachtigall, David) (Entered: 10/25/2024) |
| 10/25/2024 | 378 | MOTION Plaintiffs Objections to COH Trial Exhibit List by Clifford F. Tuttle, Jr, filed. Motion Docket Date 11/15/2024. (Gallagher, Michael) (Entered: 10/25/2024) |
| 10/25/2024 | 379 | Exhibit List by City Of Houston (Dawson, Alistair) (Entered: 10/25/2024) |
| 10/25/2024 | 380 | Witness List by City Of Houston (Dawson, Alistair) (Entered: 10/25/2024) |
| 10/25/2024 | 381 | Proposed Voir Dire Questions (Dawson, Alistair) (Entered: 10/25/2024) |
| 10/25/2024 | 382 | Proposed Jury Charge by City Of Houston (Dawson, Alistair) (Entered: 10/25/2024) |
| 10/25/2024 | 383 | NOTICE *Defendant City of Houston's Objections and Counter-Designations to Plaintiffs' Proffer of Deposition Testimony* by City Of Houston, filed. (Dawson, Alistair) (Entered: 10/25/2024) |
| 10/25/2024 | 384 | Exhibit List by Jo Ann Nicholas, John Nicholas, Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle (Doyle, Michael) (Entered: 10/25/2024) |

| 10/25/2024 | 385 | Proposed Voir Dire Questions (Doyle, Michael) (Entered: 10/25/2024) |
|---|---|---|
| 10/25/2024 | 386 | Proposed Jury Charge by Jo Ann Nicholas, John Nicholas, Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle (Doyle, Michael) (Entered: 10/25/2024) |
| 10/25/2024 | 387 | Witness List by Jo Ann Nicholas, John Nicholas, Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle (Doyle, Michael) (Entered: 10/25/2024) |
| 10/25/2024 | 388 | SEALED DOCUMENT *Deposition Proffers of Beynon, Follis, Ashraf, French, Duplechain, Goines, Termeulen, Nguyen, Lovings (Vol. 1 and 2), and Acevedo* by Jo Ann Nicholas, John Nicholas, Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle, filed. (Attachments: # 1 Proffer of Follis, # 2 Proffer of Ashraf, # 3 Proffer of French, # 4 Proffer of Duplechain, # 5 Proffer of Goines, # 6 Proffer of Termeulen, # 7 Proffer of Nguyen, # 8 Proffer of Lovings Vol. 1, # 9 Proffer of Lovings Vol. 2, # 10 Proffer of Acevedo) (Doyle, Michael) (Entered: 10/25/2024) |
| 10/25/2024 | 389 | NOTICE *of Filing Deposition Proffers* re: 388 Sealed Document,, by Jo Ann Nicholas, John Nicholas, Clifford F. Tuttle, Jr, Robert Tuttle, Ryan Tuttle, filed. (Doyle, Michael) (Entered: 10/25/2024) |
| 10/25/2024 | 390 | NOTICE *Defendant City of Houston's Objections to Plaintiffs' Exhibit List* by City Of Houston, filed. (Dawson, Alistair) (Entered: 10/25/2024) |
| 10/25/2024 | 391 | NOTICE *Defendant City of Houston's Deposition Designations* by City Of Houston, filed. (Dawson, Alistair) (Entered: 10/25/2024) |
| 10/25/2024 | 392 | OBJECTIONS , filed by Steven Bryant. (Nachtigall, David) (Entered: 10/25/2024) |
| 10/25/2024 | 393 | Proposed Jury Charge by Steven Bryant (Nachtigall, David) (Entered: 10/25/2024) |
| 10/25/2024 | 394 | OBJECTIONS to 379 Exhibit List, 384 Exhibit List *and MOTION to Close the Courtroom and Seal Pretrial and Trial Record*, filed by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood. (Attachments: # 1 Exhibit 1) (Azadeh, Melissa) (Entered: 10/25/2024) |
| 10/25/2024 | 395 | Exhibit List by Gerald Goines (Day, Dwayne) (Entered: 10/25/2024) |
| 10/25/2024 | 396 | Witness List by Gerald Goines (Day, Dwayne) (Entered: 10/25/2024) |
| 10/25/2024 | 397 | Proposed Jury Charge by Gerald Goines (Day, Dwayne) (Entered: 10/25/2024) |
| 10/25/2024 | 398 | Proposed Voir Dire Questions (Day, Dwayne) (Entered: 10/25/2024) |
| 10/25/2024 | 399 | PRETRIAL MEMORANDUM by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood (Martin, Christy) (Entered: 10/25/2024) |
| 10/29/2024 | 400 | NOTICE *of Joinder of Defendant City of Houston's Proposed Jury Charge [Dkt. No. 382]; Defendants Ashraf, Gonzales, Lovings, Medina, Pardo, Reyna, Salazar, Sepolio, and Woods, Objections to Exhibits [Dkt. No. 394]; and Defendant City of Houston's Motion in Limine [Dkt. No. 364]* by Felipe Gallegos, filed. (Hardin, Russell) (Entered: 10/29/2024) |
| 10/29/2024 | | Minute Entry for proceedings held before Judge Alfred H Bennett. STATUS CONFERENCE held on 10/29/2024. The Court ORDERS defendants who have not answered to file an answer within seven days. Pending Motions for Summary Judgment are under the review of the court. Trial is reset to May 5, 2025, an order will follow. |

| | | |
|---|---|---|
| | | Appearances: Alistair B. Dawson, Al Odom, Garrett Scott Brawley, Michelle Charlene Taylor, David Allen Nachtigall, Russell Hardin, Jr, Marshall Douglas Murphy, Christy L Martin, Melissa Azadeh, Boyd Smith, Michael Doyel.(Court Reporter: L. Smith), filed. (lre4) (Entered: 10/29/2024) |
| 10/29/2024 | 401 | AMENDED SCHEDULING ORDER. Docket Call set for 5/2/2025 at 10:00 AM in Courtroom 9A before Judge Alfred H Bennett Jury. Trial set for 5/5/2025 at 09:00 AM in Courtroom 9A before Judge Alfred H Bennett(Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 10/29/2024) |
| 11/04/2024 | 402 | Unopposed MOTION for Extension of Time Extend the Response Deadline to Plaintiffs' Motion to Unseal Summary Judgment Briefing and Exhibits by City Of Houston, filed. Motion Docket Date 11/25/2024. (Attachments: # 1 Proposed Order) (Brawley, Garrett) (Entered: 11/04/2024) |
| 11/04/2024 | 403 | AO 435 TRANSCRIPT REQUEST by Christy L. Martin for Transcript of Status conference on 10/29/2024 before Judge Bennett. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Lanie Smith, filed. (Martin, Christy) (Entered: 11/04/2024) |
| 11/04/2024 | 404 | RESPONSE to 361 Opposed MOTION to Unseal Summary Judgment Briefing filed by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood. (Martin, Christy) (Entered: 11/04/2024) |
| 11/04/2024 | 405 | RESPONSE to 362 MOTION to Strike 359 Sealed Response *Plaintiffs' Objection and Response to Defendant Felipe Gallegos's Declaration [Dkt. 359]* filed by Jo Ann Nicholas, John Nicholas. (Attachments: # 1 Proposed Order Denying Motion to Strike) (Doyle, Michael) (Entered: 11/04/2024) |
| 11/05/2024 | 406 | AO 435 TRANSCRIPT REQUEST by Michael Gallagher for Transcript of Status Conf Hearing 10.29.24 Judge Bennett. 3-Day turnaround requested. Court Reporter/Transcriber: Lanie Smith, filed. (Gallagher, Michael) (Entered: 11/05/2024) |
| 11/05/2024 | 407 | MOTION to Seal Defendants Partially Opposed Motion for Leave to File Answers Under Seal by Nadeem Ashraf, Robert Gonzales, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, Thomas Wood, filed. Motion Docket Date 11/26/2024. (Attachments: # 1 Proposed Order) (Azadeh, Melissa) (Entered: 11/05/2024) |
| 11/05/2024 | 408 | SEALED DOCUMENT *Defendant Robert Gonzales Answer to Nicholas Plaintiffs' Amended Complaint* by Robert Gonzales, filed. (Martin, Christy) (Entered: 11/05/2024) |
| 11/05/2024 | 409 | SEALED DOCUMENT *Defendant Robert Gonzales Answer to Tuttle Plaintiffs' Amended Complaint* by Robert Gonzales, filed. (Martin, Christy) (Entered: 11/05/2024) |
| 11/05/2024 | 410 | SEALED DOCUMENT *Defendant Frank Medina's Answer to Nicholas Plaintiffs' Amended Complaint* by Frank Medina, filed. (Martin, Christy) (Entered: 11/05/2024) |
| 11/05/2024 | 411 | SEALED DOCUMENT *Defendant Frank Medina's Answer to Tuttle Plaintiffs' Amended Complaintf* by Frank Medina, filed. (Martin, Christy) (Entered: 11/05/2024) |
| 11/05/2024 | 412 | SEALED DOCUMENT *Defendant Clemente Reyna's Answer to Nicholas Plaintiffs' Amended Complaint* by Clemente Reyna, filed. (Garcia, Alexander) (Entered: 11/05/2024) |
| 11/05/2024 | 413 | SEALED RESPONSE re: 48 Amended Complaint/Counterclaim/Crossclaim etc. by Cedell Lovings, filed. (Azadeh, Melissa) (Entered: 11/05/2024) |

| 11/05/2024 | [414](#) | SEALED DOCUMENT *Defendant Clemente Reyna's Answer to Tuttle Plaintiffs' Amended Complaint* by Clemente Reyna, filed. (Garcia, Alexander) (Entered: 11/05/2024) |
| --- | --- | --- |
| 11/05/2024 | [415](#) | SEALED DOCUMENT *Defendant Thomas Wood's Answer to Nicholas Plaintiffs' Amended Complaint* by Thomas Wood, filed. (Garcia, Alexander) (Entered: 11/05/2024) |
| 11/05/2024 | [416](#) | SEALED DOCUMENT *Defendant Thomas Wood's Answer to Tuttle Plaintiffs' Amended Complaint* by Thomas Wood, filed. (Garcia, Alexander) (Entered: 11/05/2024) |
| 11/05/2024 | [417](#) | SEALED RESPONSE re: [48](#) Amended Complaint/Counterclaim/Crossclaim etc. by Oscar Pardo, filed. (Azadeh, Melissa) (Entered: 11/05/2024) |
| 11/05/2024 | [418](#) | SEALED DOCUMENT *Defendant Nadeem Ashraf's Answer to Nicholas Plaintiffs' Amended Complaint* by Nadeem Ashraf, filed. (Taylor, Michelle) (Entered: 11/05/2024) |
| 11/05/2024 | [419](#) | SEALED RESPONSE re: [48](#) Amended Complaint/Counterclaim/Crossclaim etc. by Eric Sepolio, filed. (Azadeh, Melissa) (Entered: 11/05/2024) |
| 11/05/2024 | [420](#) | SEALED DOCUMENT *Defendant Nadeem Ashraf's Answer to Tuttle Plaintiffs' Amended Complaint* by Nadeem Ashraf, filed. (Taylor, Michelle) (Entered: 11/05/2024) |
| 11/05/2024 | [421](#) | SEALED RESPONSE re: [49](#) Amended Complaint/Counterclaim/Crossclaim etc. by Cedell Lovings, filed. (Azadeh, Melissa) (Entered: 11/05/2024) |
| 11/05/2024 | [422](#) | SEALED DOCUMENT *Defendant Manuel Salazar's Answer to Nicholas Plaintiffs' Amended Complaint* by Manuel Salazar, filed. (Taylor, Michelle) (Entered: 11/05/2024) |
| 11/05/2024 | [423](#) | SEALED DOCUMENT *Defendant Manuel Salazar's Answer to Tuttle Plaintiffs' Amended Complaint* by Manuel Salazar, filed. (Taylor, Michelle) (Entered: 11/05/2024) |
| 11/05/2024 | [424](#) | SEALED RESPONSE re: [49](#) Amended Complaint/Counterclaim/Crossclaim etc. by Oscar Pardo, filed. (Azadeh, Melissa) (Entered: 11/05/2024) |
| 11/05/2024 | [425](#) | SEALED RESPONSE re: [49](#) Amended Complaint/Counterclaim/Crossclaim etc. by Eric Sepolio, filed. (Azadeh, Melissa) (Entered: 11/05/2024) |
| 11/11/2024 | [426](#) | TRANSCRIPT re: Status conference proceedings held on 10/29/2024 before Judge Alfred H Bennett. Court Reporter/Transcriber Lanie Smith. Release of Transcript Restriction set for 2/10/2025., filed. (LanieSmith, 4) (Entered: 11/11/2024) |
| 11/11/2024 | [427](#) | RESPONSE to [361](#) Opposed MOTION to Unseal Summary Judgment Briefing filed by City Of Houston. (Dawson, Alistair) (Entered: 11/11/2024) |
| 11/11/2024 | [428](#) | Notice of Filing of Official Transcript re: [426](#) Transcript. Parties notified, filed. (SDTX_CMECF_AutoDocket, ) (Entered: 11/11/2024) |
| 11/12/2024 | [429](#) | RESPONSE in Opposition to [373](#) MOTION to Bifurcate Trial, filed by Jo Ann Nicholas, John Nicholas. (Attachments: # [1](#) Proposed Order) (Doyle, Michael) (Entered: 11/12/2024) |
| 11/15/2024 | [430](#) | RESPONSE to [394](#) Objections, *Response to Motion to Seal Courtroom and Trial Record*, filed by Jo Ann Nicholas. (Attachments: # [1](#) Proposed Order) (Doyle, Michael) (Entered: 11/15/2024) |
| 11/18/2024 | [431](#) | REPLY in Support of [361](#) Opposed MOTION to Unseal Summary Judgment Briefing, filed by Jo Ann Nicholas. (Doyle, Michael) (Entered: 11/18/2024) |
| 11/21/2024 | [432](#) | Opposed MOTION to Dismiss *Certain Individual Defendants* by Jo Ann Nicholas, filed. |

| | | |
|---|---|---|
| | | Motion Docket Date 12/12/2024. (Attachments: # 1 Proposed Order) (Doyle, Michael) M (Entered: 11/21/2024) |
| 11/26/2024 | 433 | RESPONSE in Opposition to 407 MOTION to Seal Defendants Partially Opposed Motion for Leave to File Answers Under Seal, filed by Jo Ann Nicholas. (Attachments: # 1 Proposed Order) (Doyle, Michael) (Entered: 11/26/2024) |
| 12/05/2024 | 434 | RESPONSE to 432 Opposed MOTION to Dismiss *Certain Individual Defendants* filed by Manuel Salazar, Thomas Wood, Oscar Pardo, Frank Medina, Clemente Reyna, Cedell Lovings, Nadeem Ashraf, Eric Sepolio. (Attachments: # 1 Exhibit A, # 2 Proposed Order) (Azadeh, Melissa) (Entered: 12/05/2024) |
| 12/13/2024 | 435 | ORDER granting 402 Motion for Extension of Time.(Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 12/15/2024) |
| 12/19/2024 | 436 | ORDER denying as moot 316 Motion for Partial Summary Judgment; 432 Motion to Dismiss. The Court finds that the Motion to Dismiss should be granted and the Defendant Officers should be dismissed with prejudice. If Plaintiffs wish to withdraw their Motion to Dismiss, they must file a motion to withdraw by January 3, 2025. Should Plaintiffs opt to withdraw their Motion to Dismiss, the Court will move forward with the consideration of the pending Motion for Judgment (Doc. #310). If Plaintiffs do not withdraw their Motion to Dismiss, the Court will order the dismissal of the Defendant Officers with prejudice. (Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 12/19/2024) |
| 01/06/2025 | 437 | ORDER granting in part 432 Motion to Dismiss. Specifically, all of Plaintiffs' claims against Defendants Eric Sepolio, Manuel Salazar, Thomas Wood, Oscar Pardo, Prank Medina, Clemente Reyna, Cedell Lovings, and Nadeem Ashraf are hereby DISMISSED WITH PREJUDICE. This Order does not affect or operate to exhaust any remaining asserted claims against other parties..(Signed by Judge Alfred H Bennett) Parties notified. (lre4) (Entered: 01/06/2025) |
| 03/31/2025 | 438 | Sealed ORDER. filed. (Attachments: # 1 Continuation Pages 42-57) (lre4) Modified on 3/31/2025 (lre4). (Entered: 03/31/2025) |
| 04/08/2025 | 439 | NOTICE of Setting as to 361 Opposed MOTION to Unseal Summary Judgment Briefing. Motion Hearing set for 4/15/2025 at 10:00 AM in Courtroom 9A before Judge Alfred H Bennett. Status Conference set for 4/15/2025 at 10:30 AM in Courtroom 9A before Judge Alfred H Bennett, filed. (lre4) (Entered: 04/08/2025) |
| 04/08/2025 | | (Court only) ***Motion(s) terminated: 362 MOTION to Strike 359 Sealed Response *Plaintiffs' Objection and Response to Defendant Felipe Gallegos's Declaration [Dkt. 359]*. DOC.#362 DENIED per DOC.#438. (dds4) (Entered: 04/08/2025) |
| 04/08/2025 | | (Court only) ***Motion(s) terminated: 377 SEALED MOTION . DOC.#377 improperly docketed as a motion. (dds4) (Entered: 04/08/2025) |
| 04/15/2025 | | Minute Entry for proceedings held before Judge Alfred H Bennett. MOTION HEARING held on 4/15/2025, STATUS CONFERENCE held on 4/15/2025. The Court is inclined to unseal (Order dated March 31, 2025). Counsel will advise the court by Friday, April 25, 2025, of those portions of the record they object or agree to being unsealed. The trial is currently scheduled to begin in May; however, the Court was informed that an appeal is forthcoming and will request a stay of all deadlines. Appearances: Alistair B. Dawson, Al Odom, Christy L Martin, Melissa Azadeh, Alexander Edward Garcia, Michael T Gallagher.(Court Reporter: D. Prather), filed. (lre4) (Entered: 04/15/2025) |
| 04/15/2025 | 440 | |

| | | |
|---|---|---|
| | | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit by Felipe Gallegos (Filing fee $ 605, receipt number ATXSDC-33253993), filed. (Hardin, Russell) (Entered: 04/15/2025) |
| 04/16/2025 | 441 | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 440 Notice of Appeal. Fee status: Paid. Reporter(s): D. Prather, filed. (jrl1) (Entered: 04/16/2025) |
| 04/16/2025 | | Appeal Review Notes re: 440 Notice of Appeal. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal.Fourteen (14) transcripts were produced. Number of DKT-13 Forms expected: 1, filed. (jrl1) (Entered: 04/16/2025) |
| 04/17/2025 | 442 | AO 435 TRANSCRIPT REQUEST by Michael Gallagher for Transcript of Motion hearing 4.15.25 before Judge Bennett. Ordinary (30 days) turnaround requested. Court Reporter/Transcriber: Donna Prather, filed. (Gallagher, Michael) (Entered: 04/17/2025) |
| 04/22/2025 | 443 | MOTION to Stay *[PARTIALLY UNOPPOSED]* by Felipe Gallegos, filed. Motion Docket Date 5/13/2025. (Attachments: # 1 Proposed Order) (MacVane, John) (Entered: 04/22/2025) |
| 04/25/2025 | 444 | Letter to Court by Robert Gonzales, filed. (Martin, Christy) (Entered: 04/25/2025) |
| 04/25/2025 | 445 | NOTICE *Letter to Judge Bennett* by City Of Houston, filed. (Dawson, Alistair) (Entered: 04/25/2025) |
| 04/25/2025 | 446 | SUPPLEMENT to 361 Opposed MOTION to Unseal Summary Judgment Briefing by Jo Ann Nicholas, filed. (Attachments: # 1 Exhibit) (Doyle, Michael) (Entered: 04/25/2025) |
| 04/26/2025 | 447 | DKT13 TRANSCRIPT ORDER REQUEST by Felipe Gallegos. Transcript is unnecessary for appeal purposes This order form relates to the following: 440 Notice of Appeal, filed. (MacVane, John) (Entered: 04/26/2025) |
| 04/27/2025 | 448 | CLERKS NOTICE OF CANCELLATION Docket Call and Trial Setting set for May 2, 2025, at 10:00 AM and May 5, 2025, is CANCELED. Parties notified, filed. (lre4) (Entered: 04/27/2025) |
| 04/28/2025 | | Notice of Assignment of USCA No. 25-20132 re: 440 Notice of Appeal, filed. (jmt1) (Entered: 04/28/2025) |
| 04/29/2025 | | (Court only) Set/Cleared Flags. APPEAL_NAT flag cleared. (jmt1) (Entered: 04/29/2025) |
| 04/30/2025 | | (Court only) ***(PRIVATE ENTRY) EROA requested by the 5th Circuit (4:21-CV-270 and 4:21-CV-272), due on 05/15/2025. [25-20132] (PAC, filed. (jmt1) (Entered: 04/30/2025) |

2

[Notice of Appeal    ROA.3730-32]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD F. TUTTLE, JR., et al. | § | |
| *Consolidated with* | § | |
| JOHN NICHOLAS, et al. | § | |
| | § | |
| Plaintiffs, | § | CASE NO. 4:21-CV-00270 |
| | § | *Consolidated with* |
| v. | § | CASE NO. 4:21-cv-00272 |
| | § | |
| FELIPE GALLEGOS, et al. | § | |
| | § | |
| Defendants. | § | |

## **NOTICE OF APPEAL**

Notice is hereby given that Defendant Felipe Gallegos, a defendant in the above-styled case, appeals to the United States Court of Appeals for the Fifth Circuit from the Court's Sealed Order rendered on March 31, 2025 (Dkt. #438), denying Felipe Gallegos's Motion for Summary Judgment based upon qualified immunity (Dkt. #318) and related Motion to Strike (Dkt. #362). This order is immediately appealable pursuant to collateral order doctrine under *Mitchell v. Forsyth*, 472 U.S. 511 (1985), among other authorities.

Dated: <u>April 15, 2025</u>

Respectfully submitted,

<u> /s/ Russell Hardin, Jr.      </u>
Russell Hardin, Jr.
*Attorney-in-Charge*
Texas State Bar No. 08972800
Southern District of Texas No. 19424
Email: rhardin@rustyhardin.com

OF COUNSEL:
RUSTY HARDIN & ASSOCIATES, LLP
Letitia D. Quinones (Of Counsel to the Firm)
State Bar No. 24008433
Federal I.D. No. 23722
John MacVane (Of Counsel to the Firm)
State Bar No. 24085444
Federal I.D. No. 2209776
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800
Email: rhardin@rustyhardin.com
Email: lquinones@rustyhardin.com
Email: jmacvane@rustyhardin.com

***ATTORNEYS FOR DEFENDANT***
***FELIPE GALLEGOS***

25-20132.3731

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on April 15, 2025, a true and correct copy of the foregoing was delivered to all parties through their counsel(s) of record, in accordance with the Rules, via email or CM/ECF to the following:

Michael Patrick Doyle
mdoyle@doylelawfirm.com
Jeffrey I. Avery
jeffavery@doylelawfirm.com
Patrick M. Dennis
Doyle LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
service@doylelawfirm.com

Michael T. Gallagher
mike@gld-law.com
L. Boyd Smith, Jr.
bsmith@fld-law.com
Pamela R. McLemore
pamm@gld-law.com
The Gallagher Law Firm
2905 Sackett St
Houston, TX 77098

Charles Bourque, Jr.
St. Martin & Bourque
315 Barrow St
Houma, LA 70360
cbourque@stmblaw.com

Dwayne Richard Day
Attorney at Law
3401 Allen Pkwy, Suite 100
Houston, TX 77019
Fax: 713-759-6930
dday@ddaylaw.com

David Allen Nachtigall
Attorney at Law, PLLC
1545 Heights, Ste. 100
Houston, TX 77008
david@dntriallaw.com

Alistair B. Dawson
adawson@beckredden.com Lena
Elizabeth Silva
lsilva@beckredden.com Garrett
Scott Brawley
gbrawley@beckredden.com Beck
Redden LLP
1221 McKinney, Ste 4500
Houston, TX 77010

Harold Al Odom, III Odom
Law Firm
601 Sawyer, Suite 225
Houston, TX 77007
aodom@aodomlawfirm.com

Christy L. Martin
christy.martin@houstontx.gov
Melissa Azadeh
melissa.azadeh@houstontx.gov
Kelly Ann Dempsey
kelly.dempsey@houstontx.gov
Alexander E. Garcia
alexander.garcia@houstontx.gov
Michelle Charlene Taylor
michelle.taylor2@houstontx.gov
City of Houston
900 Bagby St., 3rd Floor
Houston, Texas 77002


        */s/ John MacVane*
        John MacVane

3

25-20132.3732

# 3

[Order        ROA.14154-14210]

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD F. TUTTLE, JR., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-00270 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are the following motions: (1) Defendant City of Houston's (the "City")

Motion to Exclude Expert Opinions and Testimony of Andrew Scott and Michael Maloney (the

"Motion to Exclude") (Doc. #303), Plaintiffs' Response (Doc. #335), and the City's Reply (Doc.

#346); (2) Defendant Felipe Gallegos' ("Gallegos") Motion for Summary Judgment (Doc. #318),

Plaintiffs' Response (Doc. #334), Gallegos' Reply (Doc. #353), and Plaintiffs' Sur-Reply[1] (Doc.

#359); (3) Defendant Robert Gonzales' ("Gonzales") Motion for Judgment on the Pleadings (the

"Motion for Judgment")[2] (Doc. #310), Plaintiffs' Response (Doc. #340), and Gonzales' Reply

---

[1] In Gallegos' Reply (Doc. #353), he submitted a new affidavit to dispute certain arguments raised in Plaintiffs' Response (Doc. #334). Plaintiffs then filed an Objection and Response that (1) objects to the Court's consideration of Gallegos' affidavit and (2) responds to this new evidence. Doc. #359. In turn, Gallegos filed a Motion to Strike the Objection and Response, arguing that it was filed without leave of Court. Doc. #362. To aid in the complete and efficient resolution of the issues presented in Gallegos' Motion for Summary Judgment, the Court (1) overrules Plaintiffs' objection to Gallegos' new affidavit and (2) denies Gallegos' Motion to Strike (Doc. #362) and accepts Plaintiffs' Objection and Response as a Sur-Reply.

[2] The Motion for Judgment was filed by Gonzales as well as former Defendants Nadeem Ashraf, Cedell Lovings, Frank Medina, Oscar Pardo, Clemente Reyna, Manuel Salazar, Eric Sepolio, and Thomas Wood (collectively, the "Individual Officers"). Doc. #310. However, the Individual Officers have since been dismissed from this case. *See* Doc. #437. Thus, the Motion for Judgment

25-20132.14154

(Doc. #344); (4) Gonzales' Motion for Summary Judgment (Doc. #312), Plaintiffs' Response (Doc. #332), and Gonzales' Reply (Doc. #347); (5) Defendant Steven Bryant's ("Bryant") Motions for Summary Judgment (Doc. Nos. 313, 314), Plaintiffs' Response (Doc. #333), and Bryant's Reply (Doc. #342); and (6) the City's Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Service of the Warrant (Doc. #305) and Motion for Partial Summary Judgment on Plaintiffs' Claims Based on Alleged Excessive Force (Doc. #308) (collectively, the City's "Motions for Summary Judgment"), Plaintiffs' Responses (Doc. Nos. 330, 331), and the City's Replies (Doc. Nos. 348, 350).

Having considered the parties' arguments, the submissions, and the applicable legal authority, the Court denies the Motion to Exclude (Doc. #303), denies Gallegos' Motion for Summary Judgment (Doc. #318), grants the Motion for Judgment (Doc. #310) as it pertains to Gonzales, grants Gonzales' Motion for Summary Judgment (Doc. #312), grants Bryant's Motions for Summary Judgment (Doc. Nos. 313, 314) in part, and grants the City's Motions for Summary Judgment (Doc. Nos. 305, 308).[3]

## I.  Background

### a.  Factual Background

This case arises from the botched execution of a no-knock search warrant by the Houston Police Department's ("HPD") Narcotics Division, Squad 15, at 7815 Harding Street on January 28, 2019, during which Dennis Tuttle ("Tuttle") and Rhogena Nicholas ("Nicholas") (collectively,

---

is DENIED as MOOT as it pertains to the Individual Officers. In this Order, the Court will evaluate the Motion for Judgment as it pertains to Gonzales only.
[3] Also before the Court is the City's Motion to Seal its Brief in Support of its Motion in Limine (the "Motion to Seal"). Doc. #374. Plaintiffs have not filed a response, which the Court takes "as a representation of no opposition." *See* S.D. Tex. Local R. 7.4. The Court finds good cause to grant the Motion to Seal.

25-20132.14155

"Decedents") were killed. The families and estates of Tuttle and Nicholas (collectively,
"Plaintiffs") now bring this case pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging
constitutional violations against the City and the HPD officers and supervisors who were involved
in the raid.

### 1. The Search Warrant

On January 8, 2019, the Decedents' neighbor, Patricia Garcia ("Garcia"), repeatedly called
911 and falsely claimed that her daughter was doing drugs inside the Decedents' home at 7815
Harding Street. Doc. #336, Ex. 42 at 4. Garcia also claimed that there were guns inside the home.[4]
*Id.* In response to Garcia's 911 call, HPD Officers Richard Morales ("Morales") and Nichole
Blankenship-Reeves ("Blankenship-Reeves") were dispatched to investigate 7815 Harding Street.
*Id.*; Doc. #336, Ex. 43 at 8. While outside of the house, a woman walked by on the phone and
stated that cops were at a "dope house." Doc. #306, Ex. 4 at 7. However, Morales and
Blankenship-Reeves did not observe any criminal activity, or anyone coming or going from the
house. Doc. #336, Ex. 42 at 8, Ex. 43 at 10–11. Blankenship-Reeves passed on a note she prepared
regarding 7815 Harding Street to Lieutenant Marsha Todd ("Todd") in the Narcotics Division.
Doc. #336, Ex. 42 at 38. Todd then passed the tip to Squad 15 Officer Defendant Gerald Goines
("Goines"). Doc. #336, Ex. 64 at 16.

On January 28, 2019, Goines secured a no-knock search warrant for 7815 Harding Street.
Doc. #336, Ex. 10. To obtain the warrant, Goines lied on an affidavit and falsely claimed that on
January 27, 2019, a confidential informant purchased heroin and observed a firearm at 7815
Harding Street. Doc. #336, Ex. 10 at 5, Ex. 40 at 7. Goines also falsely claimed that fellow Squad

---

[4] Garcia later pleaded guilty to one count of false information and hoaxes as a result of her
fabricated reports. *See United States v. Garcia*, No. 21-20309, 2022 WL 1014146, at *1 (5th Cir.
Apr. 5, 2022).

25-20132.14156

15 Officer Steven Bryant observed the drug buy.[5]  Doc. #336, Ex. 10, at 5, Ex. 11 at 50–51.

After Goines obtained the Harding Street search warrant, his Squad 15 supervisors, Sergeants Clemente Reyna ("Reyna") and Thomas Wood ("Wood") reviewed the warrant and a tactical plan for its execution.  Doc. #306, Ex. 24 at 5; Doc. #305, Ex. 6 at 28.  Reyna and Wood then forwarded these documents to their supervisor, Lieutenant Robert Gonzales, who oversaw Squad 15.  Doc. #306, Ex. 24 at 5; Doc. #305, Ex. 6 at 28.  Ultimately, Wood approved the execution of the warrant to proceed.  Doc. #306, Ex. 24 at 5.  Wood then accompanied Squad 15 Officers Frank Medina ("Medina") and Felipe Gallegos on a "drive-by" of 7815 Harding Street for tactical purposes.  Doc. #305, Ex. 6 at 18, 20, 25.  After the drive-by, Goines led a pre-raid briefing with all of the officers who would partake in the execution of the search warrant.  Doc. #306, Ex. 24 at 7.  Goines summarized the Decedents' property and told officers to expect a female resident, a male resident known to carry a gun, and an aggressive dog.  *Id.*

### 2.  The Raid

Shortly after the briefing, a group of eighteen officers dispatched to 7815 Harding Street to execute the warrant.  *See* Doc. #308, Ex. 7 at 5.  The "entry team" for the warrant execution consisted of Squad 15 Officers Medina, Bryant, Gallegos, Goines, Cedell Lovings ("Lovings"), Manuel Salazar ("Salazar"), Oscar Pardo ("Pardo"), Eric Sepolio ("Sepolio"), and Nadeem Ashraf ("Ashraf"), as well as Sergeants Reyna and Wood (collectively, the "Squad 15 Officers").  *Id.* HPD Officers Morales, Blankenship-Reeves, Joseph Arechiga, Samuel Garza ("Garza"), Valeriano Rios ("Rios"), and Yvette Ortiz ("Ortiz") assisted with "perimeter security."  *Id.* Though Morales, Blankenship-Reeves, Rios, Ortiz, and Garza had body-worn cameras ("BWC"),

---

[5] In connection with his lying to obtain the Harding Street search warrant, Goines has been convicted of felony murder.

25-20132.14157

they failed to activate them prior to the start of the raid, in violation of HPD's policy. Doc. #336,
Ex. 9 at 53. Instead, they activated their BWCs at differing times during and after the raid.

When the caravan of officers arrived at 7815 Harding Street, the entry team organized into
a "stack" and breached the front door while announcing that police were there. Doc. #336, Ex. 70
at 31, Ex. 71 at 9. Medina was the first to enter the home, breaking left upon entry. Doc. #336,
Ex. 47 at 6. According to Medina, he noticed Nicholas standing to his left and told her to put her
hands on her face and to get down. *Id.* at 13. Nicholas did not comply, and she continued to yell
and "flail[]" her hands. *Id.* Medina then heard a gunshot from his right and turned to see an
"angry" dog, which he shot. *Id.* at 13, 19. Shortly thereafter, Medina was shot in the shoulder and
fell back against a couch. *Id.* at 21. At that time, Medina first observed Tuttle behind a wall in
the dining room area of the home. *Id.* Medina then went unconscious. *Id.* Bullet fragments
consistent with a .223-caliber gun were noted in Medina's gunshot wound. Doc. #336, Ex. 34 at
35.

Lovings was the second person to enter the house. Doc. #309, Ex. 6 at 6. While Medina
had gone to the left, Lovings broke to the right. *Id.* at 7. Lovings saw a dog running toward him,
and around the same time saw a "muzzle flash"—a glimpse of light that accompanies a gunshot.
*Id.* at 6. Lovings then fired his M6 .223 rifle at the dog "several" times. *Id.* at 6, 11; *see* Doc.
#336, Ex. 34 at 27. In addition, though Lovings did not hear a gunshot, he heard Medina yell that
he was "hit." Doc. #309, Ex. 6 at 6. After Lovings shot the dog, he observed another muzzle flash
from the dining room area, where he saw Tuttle standing with a gun. *Id.* at 11. Tuttle and Lovings
then fired their weapons at each other. *Id.* at 12. Tuttle shot Lovings in the neck with a .357
revolver gun, leaving Lovings paralyzed from the neck down. *Id.* at 8, 12; Doc. #336, Ex. 34 at
35; Doc. #309, Ex. 1 at 4. Lovings was unsure whether any of the bullets he fired hit Tuttle, but

25-20132.14158

he did observe Tuttle "flinch" and hide back behind a wall. Doc. #309, Ex. 6 at 12. Lovings, who

laid paralyzed on the floor, then saw Tuttle attempt to take the rifle off his body. *Id.* at 9.

Salazar and Pardo entered the residence just after Medina and Lovings. *See* Doc. #336,

Ex. 34 at 27. When Salazar entered, he observed Lovings shoot at the dog. Doc. #336, Ex. 41 at

15. Salazar also saw Tuttle behind a wall shooting a gun three to four times toward Medina, and

he heard Medina say he was "hit." *Id.* at 14. Salazar then fired his Springfield 1911 .45 caliber

handgun at Tuttle approximately ten times. *Id.* at 3, 17. After shooting at Tuttle, Salazar fell to

the ground and rolled out of the house. *Id.* at 19. Pardo only made it a few steps inside the house

before he heard someone yell "dog" and the firing of multiple gunshots. Doc. #336, Ex. 71 at 11.

Pardo then heard Medina say he was "hit" and saw Medina laying on the couch. *Id.* at 12. Pardo

also observed Nicholas standing over Medina, yelling. *Id.* at 13. Pardo was then pushed out of

the house along with Salazar. *Id.* at 14. At this point, only Medina and Lovings remained inside

the house—both of them injured.

What happened next is hotly disputed. In sum, there are three versions of events. The first

version has been advanced by the City, Squad 15 Officers, and Gonzales, based primarily on the

recollections of the Squad 15 Officers. The second version has been advanced by Plaintiffs based

primarily on the available BWC video and the opinions of their retained expert, Michael Maloney

("Maloney"). The third version comes from Maloney, based on his crime scene reconstruction

and independent investigation of what occurred during the raid. Each version of events is

recounted in detail below.

### i.    The City, Squad 15 Officers, and Gonzales' Version

During the sequence of events outlined above, Gallegos stood outside the house, just to the

right of the front porch. Doc. #309, Ex. 5 at 7. From his position, he heard several gunshots and

25-20132.14159

heard Medina yell that he was "hit." *Id.* Gallegos then observed Salazar and Pardo "fall backwards off the front porch." *Id.* at 8. Next, Gallegos saw Lovings drop in the threshold of the doorway. *Id.* At this point, Gallegos gained view of the inside the house, where he observed Medina unconscious on the couch and Nicholas standing over him, cursing and tugging at the gun attached to Medina's vest. *Id.* at 10. Nicholas' hands later tested positive for gunshot residue. Doc. #308, Ex. 2 at 5. As he observed Nicholas tugging at Medina's gun, Gallegos shot at Nicholas with his M6 .223 rifle between one and three times. Doc. #309, Ex. 5 at 11. At least one of the bullets hit and killed Nicholas, who fell toward the couch. *Id.* at 11–12. At some point after Gallegos shot Nicholas, Sepolio went inside the house and helped extract Medina. Doc. #336, Ex. 39 at 199, Ex. 72 at 21.

After Gallegos shot and killed Nicholas, he continued to hear gunshots from inside the house. Doc. #309, Ex. 5 at 12. Gallegos took a couple of steps back from the door, still along the right side of the house, where he shot through the wall toward where he believed Tuttle was located. *Id.* Gallegos then broke a window that was near him so that he could see inside the home. *Id.* at 13. Inside the window, Gallegos observed an empty bedroom. *Id.* Gallegos then backed up toward a tree and yelled for someone to grab Lovings. *Id.* at 14. Goines then went toward the front door, but was struck by a bullet or bullet fragments in his face, causing him to retreat. *Id.* Next, Reyna attempted to approach the front door, at which time Gallegos saw "two hands come out of the front door holding a revolver" pointed at Reyna. Doc. #309, Ex. 5 at 14. Tuttle and Reyna exchanged gunfire simultaneously, with Reyna using his .40 caliber Glock. *Id.* at 15; Doc. #309, Ex. 20 at 6–7. Bullet fragments from Tuttle's gunshots hit Reyna's face, causing injuries. Doc. #309, Ex. 20 at 7.

After observing Tuttle shoot at Reyna, Gallegos shot Tuttle in his left hand. Doc. #309,

7

Ex. 5 at 14. Reyna then moved away from the house, and Tuttle retreated into the house. *Id.* at 15. Gallegos began moving from his position near the tree to gain vision inside the doorway. Doc. #309, Ex. 5 at 15. Gallegos saw Tuttle inside the house, leaning against the front door and holding a gun to his chest with his right hand. *Id.* at 16. According to Gallegos, Tuttle raised the gun toward him. *Id.* at 17. Thus, Gallegos shot at Tuttle several times, with the bullets hitting Tuttle at least once in the shoulder and twice in the buttocks area. *Id.* at 17–18. Tuttle fell to the ground inside the house, causing Gallegos to lose his visual. *Id.* at 18. Pardo then attempted to retrieve Lovings, who was still injured and laying in the doorway. Doc. #336, Ex. 71 at 19. Pardo observed Tuttle sitting on the floor near Lovings, just inside the home, with a gun in his hand. *Id.* Pardo then shot at Tuttle once and retreated to a position near Gallegos. *Id.* at 19–20.

Gallegos walked up the stairs of the front porch and saw Tuttle through the doorway. *Id.* Tuttle was in a seated position on the floor with a gun in his right hand, resting on his thigh. *Id.* Tuttle began yelling at Gallegos, asking what he wanted and stating there were "no drugs." *Id.* at 19. Gallegos told Tuttle to stop moving, after which Tuttle "look[ed] directly at [Gallegos]" and "beg[an]" to raise the weapon." *Id.* Gallegos raised his own weapon, at which time Tuttle "flinched." *Id.* Gallegos then shot Tuttle for a final time, hitting Tuttle in his "back/neck area" and killing him. *Id.* From Squad 15's initial entry of the home to Gallegos' final shot at Tuttle, the entire gunfight lasted eighty seconds. Doc. #309, Ex. 4 at 6.

### ii. Plaintiffs' Version

Plaintiffs dispute several aspects of the City, Squad 15 Officers, and Gonzales' version of events. First, though Medina, Lovings, Goines, and Reyna all suffered gunshot wounds during the raid, there is only evidence that Lovings was shot by Tuttle. Doc. #336, Ex. 34 at 35. Medina, Goines, and Reyna's wounds were consistent with .223-caliber weapons—which were only carried

8

by other officers. *Id.*

Second, Plaintiffs aver that Gallegos shot Nicholas *after* Medina was extracted from the house—making it impossible for Gallegos to have seen Nicholas standing over Medina, tugging at his weapon, before Gallegos shot her. Doc. #330 at 11–12. In support of this theory, Plaintiffs point to the available BWC video, which shows the Squad 15 Officers exiting a white van and moving toward the home. Doc. #336, Ex. 62 at 00:09. About seventeen seconds after the officers start moving toward the house, a loud noise is captured by Rios' BWC. *Id.* at 00:26. About ten seconds later, a series of gunshots is heard. *Id.* at 00:38. According to Plaintiffs, these are mostly shots fired by Salazar and Lovings. Doc. #330 at 12. About two seconds later, Sepolio and Medina are pictured running from the direction of the house toward Squad 15's white van. Doc. #336, Ex. 62 at 00:40; Doc. #336, Ex. 70 at 39–40. Rios' BWC then shows a flash of the front of the house. Doc. #336, Ex. 62 at 00:40. According to Plaintiffs, this short snippet portrays Medina and Sepolio behind a van and Gallegos to the far left of the house. Doc. #330 at 13. Below is an image from Plaintiffs' briefing that shows the snippet from Rios' BWC as well as Plaintiffs' believed identification of the officers. *Id.* at 9.



In the five seconds following this snippet, the BWC captures the sound of several more gunshots. Doc. #336, Ex. 62 at 00:40–00:46. According to Plaintiffs, these shots were also likely

25-20132.14162

fired by Salazar and Lovings. Doc. #330 at 14. It is at this point that Plaintiffs believe Gallegos moved toward the house and engaged Nicholas—after Medina had already moved outside. *Id.* Moreover, it is only after Medina and Sepolio are seen exiting the house that a sound consistent with glass (i.e., a window) breaking is heard on the BWC. Doc. #336, Ex. 62 at 00:47–00:49. Thus, Plaintiffs claim Gallegos could not have seen Nicholas tugging at Medina's gun inside the home. Instead, Plaintiffs allege Gallegos shot Nicholas without warning or provocation. Doc. #330 at 15.

Third, Plaintiffs dispute that Gallegos could have shot Nicholas in her right side if she was standing over Medina. Nicholas was shot twice: once on her right thigh and once on the right side of her torso. Doc. #336, Ex. 67 at 21–22. But Maloney, through his investigation, determined that if Nicholas was standing over Medina while Medina was sitting on the couch, Gallegos could not have shot her on the right side because he would have only been exposed to Nicholas' left side. Doc. #336, Ex. 34 at 35–36.

Fourth, Plaintiffs dispute that it would have been possible for Tuttle to hold or raise his weapon at Gallegos when Gallegos shot him the final two times. Doc. #330 at 16–17. Maloney's investigation revealed that Tuttle was shot a total of nine times. Doc. #336, Ex. 34 at 33. Some of these gunshot wounds were sustained when Gallegos shot Tuttle after observing him exchange gunfire with Reyna. *Id.*; *supra* p. 7. According to Maloney, after Gallegos fired these shots, Tuttle had sustained seven total gunshot wounds, including wounds to "both arms and hands." Doc. #336, Ex. 34 at 33. At this point, Maloney opines that Tuttle was "incapable of holding a weapon." Doc. #336, Ex. 34 at 33. Thus, when Gallegos shot Tuttle the final two times, it would not have been possible for Tuttle to raise or point a weapon. *Id.* at 33–34.

10

25-20132.14163

### iii. Maloney's Version

Interestingly, Plaintiffs have advanced a theory of events that differs slightly from the final conclusion of their retained expert, Maloney. In particular, Maloney concluded that Gallegos shot Nicholas "[a]fter Medina is shot and collapses on the couch." *Id.* at 26. Indeed, Maloney's investigation revealed that, from Gallegos' shooting position, he could not have actually seen Nicholas. *Id.* at 27. Instead, Maloney opines that Gallegos shot toward Nicholas, through the front door where Tuttle was standing, and the bullet was "destabilized by the doorframe," grazed Tuttle's forearm, and ultimately killed Nicholas. *Id.* at 26–27. This is corroborated in part by a bullet that was recovered from the couch inside the Decedents' home, which contained both Tuttle and Nicholas' DNA. *Id.* at 35.

### b. Procedural History

On April 9, 2021, Tuttle's family and estate (the "Tuttle Plaintiffs") and Nicholas' family and estate (the "Nicholas Plaintiffs") filed their respective Amended Complaints, which are the live pleadings, asserting claims against the City, the Squad 15 Officers, and Gonzales. Doc. Nos. 48, 49. Specifically, Plaintiffs asserted state law wrongful death and survival claims as well as Section 1983 claims that stem from unlawful search and seizure due to (1) lack of probable cause arising from obtaining the Harding Street warrant and (2) excessive force arising from the raid. *Id.* Throughout the pendency of this lawsuit, several of Plaintiffs' claims have been dismissed. And on January 6, 2025, the Court dismissed all of Plaintiffs' remaining claims against Sepolio, Salazar, Wood, Pardo, Medina, Reyna, Lovings, and Ashraf (collectively, the "Individual Officers"). Doc. #437.

In addition to Plaintiffs' wrongful death and survival claims, the following Section 1983 claims remain pending: (1) with respect to Gallegos, Plaintiffs' excessive force claims; (2) with

25-20132.14164

respect to Gonzales, the Nicholas Plaintiffs' supervisory liability claims based on excessive force and the Nicholas and Tuttle Plaintiffs' supervisory liability claims based on lack of probable cause; (3) with respect to Bryant, Plaintiffs' excessive force and probable cause claims; (4) with respect to the City, Plaintiffs' municipal liability claims based on excessive force and lack of probable cause; and (5) with respect to Goines, Plaintiffs' excessive force and probable cause claims. *See id.* With respect to Bryant and Gonzales, Plaintiffs have also suggested that they have pending Section 1983 conspiracy claims. *See* Doc. Nos. 332, 333, 340.

Apart from Goines, all of the remaining Defendants have moved for summary judgment or judgment on the pleadings on all of the remaining claims asserted against them. Doc. Nos. 305, 308, 310, 312, 313, 314, 318. Gallegos and Gonzales have also asserted qualified immunity. *See id.* Moreover, the City has moved to exclude certain opinions by Plaintiffs' experts. Doc. #303. The Court will resolve the City's Motion to Exclude (Doc. #303) first because it bears upon evidence submitted in support of Plaintiffs' responses to the parties' various summary-judgment motions. Then, the Court will resolve Gallegos' Motion for Summary Judgment (Doc. #318), Gonzales' Motion for Judgment (Doc. #310) and Motion for Summary Judgment (Doc. #312), Bryant's Motions for Summary Judgment (Doc. Nos. 313, 314), and the City's Motions for Summary Judgment (Doc. Nos. 305, 308) in turn.

## II.  Legal Standards

### a.  Federal Rule of Civil Procedure 56

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014)

25-20132.14165

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing FED R. CIV. P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the nonmoving party.' Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).

**b.  Federal Rule of Civil Procedure 12(c)**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The standard for deciding a Rule 12(c) motion is identical to that of Rule 12(b)(6). *Mt. Hawley Ins. Co. v. Jamal & Kamal, Inc.*, 550 F. Supp. 3d 432, 435 (S.D. Tex. 2021).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss under Rule 12(b)(6), courts must

25-20132.14166

liberally construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Id.* at 662. In addition, all reasonable inferences must be drawn in the plaintiff's favor. *Severance v. Patterson*, 566 F. 3d. 490, 501 (5th Cir. 2009). A well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### c.    Qualified Immunity

Qualified immunity protects government officials sued in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is an "immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009). Once a defendant has invoked the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

In *Saucier v. Katz*, the Supreme Court established a two-part framework to determine if a plaintiff has overcome a qualified-immunity defense. 533 U.S. 194 (2001). First, the court asks whether, taken in the light most favorable to the injured party, "the facts alleged show the officer's conduct violated a constitutional right." *Id.* at 201. Second, the court considers whether the allegedly violated right was "clearly established." *Id.* at 201. When deciding whether the constitutional right was clearly established, the court asks whether the law so clearly and unambiguously prohibited the conduct such that a reasonable official would understand that what he was doing violated the law. *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). "Answering

14

25-20132.14167

in the affirmative requires the court to be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity. This requirement establishes a high bar." *Id.* Furthermore, even if "the defendant's actions violated a clearly established constitutional right," the court will then ask whether qualified immunity is nevertheless "appropriate because the defendant's actions were 'objectively reasonable' in light of 'law which was clearly established at the time of the disputed action.'" *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (quoting *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004)).

### III. Analysis

#### a. The City's Motion to Exclude

First, the Court will resolve the City's Motion to Exclude because it seeks exclusion of evidence submitted in support of Plaintiffs' Responses to the parties' various summary-judgment motions. Specifically, the City asks the Court to exclude the opinions of Plaintiffs' experts Andrew Scott ("Scott") and Maloney pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993). Doc. #303.

"The admission or exclusion of expert testimony is a matter left to the discretion of the trial court." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). Witnesses who are qualified by "knowledge, skill, experience, training or education" may present opinion testimony. FED. R. EVID. 702. However, the proponent of such a witness must demonstrate that "it is more likely than not" that (1) the expert's knowledge will assist the trier of fact, (2) "the testimony is based upon sufficient facts or data," (3) "the testimony is the product of reliable principles and methods," and (4) the expert has applied the principles and methods reliably to the facts of the case. *Id.*

25-20132.14168

"[I]n determining the admissibility of expert testimony, the district court should approach its task with proper deference to the jury's role as the arbiter of disputes between conflicting opinions." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) (cleaned up). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *14.38 Acres of Land*, 80 F.3d at 1077 (cleaned up). Typically, juries should "hear the expert's testimony and decide whether the predicate facts are accurate." *Ureteknologia De Mexico S.A. De C.V. v. Uretek (USA), Inc.*, 434 F. Supp. 3d 517, 529 (S.D. Tex. 2020). Courts are narrowly tasked with making "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93.

### 1. Scott

The City first moves to exclude Scott's opinion that the Harding Street search warrant was based on false information and not on probable cause, which is contrary to established police practices and HPD policy. Doc. #303 at 9. The City argues that this opinion is based on an undisputed issue, duplicative, and unhelpful to the jury. *Id.* However, the Court finds that this opinion testimony is relevant to Plaintiffs' claims against the City and "will help the trier of fact to understand the evidence." FED. R. EVID. 702(a); *see also Est. of Baker v. Castro*, No. CV H-15-3495, 2018 WL 11354973, at *4 (S.D. Tex. Sept. 18, 2018) (determining that Scott is "qualified to discuss officer practices and standards based on his approximately thirty years in law

16

enforcement occupations"). As such, the Court denies the City's request to exclude and strike this opinion.

Second, the City moves to exclude Scott's opinion that HPD had a custom of allowing officers to engage in excessive force. Doc. #303 at 9–11. Specifically, the City argues that this opinion is unreliable because Scott relied on newspaper articles that predate former HPD Chief Art Acevedo's ("Acevedo") tenure and did not conduct an independent analysis "to determine if a single use of force incident found to be justified by the City under Chief Acevedo was . . . actually unjustified." *Id.* at 10. However, these issues "regarding the reliability of Scott's methodology are more appropriately addressed at trial on cross-examination." *Est. of Baker*, 2018 WL 11354973, at *4 (rejecting the City's argument that Scott's testimony was unreliable because "Scott just reviewed materials that were provided to him and did not conduct an independent investigation"); *see also 14.38 Acres of Land*, 80 F.3d at 1077 ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."). As such, the Court denies the Motion to Exclude as it pertains to Scott.

### 2. Maloney

Next, the City moves to exclude Maloney's opinions in their entirety because they are unreliable. Doc. #303 at 11–14. The City also takes issue specifically with Maloney's opinion that, from Gallegos' position at the time he fatally shot Nicholas, Gallegos could not have seen Nicholas standing over Medina. Rather, Maloney has determined that Gallegos fired a shot that grazed Tuttle but ultimately hit and killed Nicholas. Maloney based this conclusion, in part, on the fact that a bullet was recovered from the couch inside the Decedents' home that had both Nicholas and Tuttle's DNA. The City argues for the exclusion of Maloney's opinions because (1)

17

when presented with unseen evidence that Plaintiffs' counsel had neglected to present, Maloney changed his mind about one of his separate, unrelated opinions, (2) Maloney only reviewed Lovings' deposition transcript and did not review the depositions of any other Squad 15 Officers, and (3) with respect to his opinion regarding Nicholas' death, Maloney did not exclude other possible alternatives as to why Nicholas and Tuttle's DNA could be found on the couch bullet. *Id.*

In crafting his expert report, Maloney conducted (1) a "crime scene investigation" at 7815 Harding street to "collect and document remaining ballistic evidence, blood stain pattern/DNA evidence, and trajectories," (2) "a review of both the Houston Forensic Science Center and Texas Ranger's processing, documentation and analysis of the scene," (3) "a crime scene analysis/reconstruction," and (4) "statement audits to determine the veracity of witnesses statements for forensic viability." Doc. #336, Ex. 34 at 5. And though Maloney did not review all of the Squad 15 Officers' *depositions* in this case, he did review their sworn statements that were made to HPD's Internal Affairs Division ("IAD") shortly after the raid took place. *See id.* at 6. In addition, Maloney's opinions regarding how Nicholas was ultimately killed are not exclusively premised on the DNA found on the couch bullet. *See* Doc. #336, Ex. 79 at 43–44. For example, Maloney's opinion was also based on blood flow from Nicholas' body, where she dropped after being shot, the medical examiner's statements, and bullet trajectories. *Id.* Given the breadth of Maloney's preparation for his expert opinion, it appears that the City's objections primarily concern the "bases and sources" of Maloney's opinion, which go to the "weight to be assigned that opinion rather than its admissibility." *14.38 Acres of Land*, 80 F.3d at 1077 (cleaned up). As such, the Court finds that Maloney's opinions are both relevant and reliable, and the Motion to Exclude is denied.

25-20132.14171

**b.    Gallegos' Motion for Summary Judgment**

Next, Gallegos has asserted qualified immunity and moved for summary judgment with respect to Plaintiffs' Section 1983 excessive force claims and state law wrongful death and survivor claims.  Doc. #318.  To defeat a qualified-immunity defense, Plaintiffs must raise a genuine issue of material fact as to whether (1) Gallegos violated the Decedents' statutory or constitutional rights, and (2) the unlawfulness of Gallegos' conduct was clearly established.  The Court will evaluate each prong of the qualified-immunity analysis in turn.

**1.    Constitutional Violation**

Plaintiffs allege that Gallegos violated the Decedents' Fourth Amendment right to be free from unreasonable search and seizure by using unreasonable and excessive force.  Doc. Nos. 48, 49.  To prevail on a claim for the use of excessive force under the Fourth Amendment, Plaintiffs must show an "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."  *Trammell v. Fruge*, 868 F.3d 332, 340 (5th Cir. 2017).  Because the Decedents died as a result of Gallegos' use of force, only the second and third elements—which are "often intertwined"—are in dispute.  *See Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012).

"Excessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'"  *Hanks v. Rogers*, 853 F.3d 738, 745 (5th Cir. 2017) (quoting *Graham v. Connor*, 490 U.S. 386 (1989)).  Courts consider three factors when determining whether force was excessive or unreasonable: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight."  *Graham*, 490 U.S. at 396.  However, "[t]he threat-of-

19

25-20132.14172

harm factor typically predominates the analysis when deadly force has been deployed." *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1163 (5th Cir. 2021). Thus, in the Fifth Circuit, "[a]n officer's use of deadly force is not excessive, and thus no constitutional violation occurs, when the officer reasonably believes that the suspect poses a threat of serious harm to the officer or to others." *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). In analyzing the threat posed by a suspect, Fifth Circuit "precedent dictates that the threat be examined only at the moment deadly force is used and that an officer's conduct leading to that point is not considered."[6] *Crane v. City of Arlington, Tex.*, 50 F.4th 453, 466 (5th Cir. 2022). Thus, an officer's "actions prior to the moment he used deadly force, escalatory as they were, cannot be considered." *Id.*

Here, Plaintiffs have identified the following instances of alleged excessive force: (1) the fatal shots Gallegos fired at Nicholas and (2) the final two shots Gallegos fired at Tuttle. Doc. #334 at 39, 33. The Court will evaluate the excessiveness and reasonableness of the force used against Nicholas and Tuttle separately.

### i. Nicholas

Gallegos argues that his use of force against Nicholas was not excessive or unreasonable because he reasonably believed Nicholas posed a threat of harm. Doc. #318 at 21. Specifically, Gallegos argues that he only shot Nicholas after Medina and Lovings had been shot, and while Nicholas was standing over an incapacitated Medina attempting to take his gun. *Id.* at 21–24. In support of this argument, Gallegos relies on: (1) his own sworn testimony based on his recollection of events, (2) the testimony of other Squad 15 Officers, (3) a report showing Nicholas' hands tested positive for gunshot residue, and (4) investigations by the IAD and Texas Rangers, which

---

[6] The Court notes that the Supreme Court has granted certiorari in *Barnes v. Felix*, 91 F.4th 393 (5th Cir.), *cert. granted*, 145 S. Ct. 118 (2024), to examine the propriety the so-called "moment of threat doctrine."

25-20132.14173

concluded that that the use of force against Nicholas was justified. *See* Doc. #309, Ex. 4 at 6; Doc. #308, Ex. 6 at 46. Plaintiffs, however, argue that Gallegos shot Nicholas unprovoked, while she was unarmed, and *after* Medina had exited the house. Doc. #334 at 29–33. To support their argument, Plaintiffs rely on (1) a BWC snippet that Plaintiffs assert shows Gallegos standing away from the house at the same time Medina is pictured outside, (2) Maloney's expert opinion that, based on the location of Nicholas' gunshot wounds, Nicholas could not have been standing over Medina when Gallegos shot her, and (3) credibility issues regarding the testimony of Gallegos and other Squad 15 Officers. *See id.*

The Fifth Circuit has made clear that no constitutional violation exists where an officer uses deadly force on a suspect that appears to be reaching for a weapon. *See, e.g.*, *Valderas v. City of Lubbock*, 937 F.3d 384, 390 (5th Cir. 2019) ("Our circuit has repeatedly held that an officer's use of deadly force is reasonable when an officer reasonably believes that a suspect was attempting to use or reach for a weapon."); *Batyukova v. Doege*, 994 F.3d 717, 729 (5th Cir. 2021) (affirming summary judgment in favor of the officer where he "made a split-second decision to use deadly force against a non-compliant person who made a movement consistent with reaching for a weapon"). Thus, if Nicholas was reaching for Medina's weapon when Gallegos used deadly force, Gallegos would be entitled to summary judgment on Plaintiffs' excessive force claim. But, as the Court outlines in detail below, there is conflicting evidence on this issue that creates factual disputes which preclude summary judgment.

First, Plaintiffs have provided BWC video that depicts an officer, whom Plaintiffs have identified as Gallegos, standing away from the house while Medina and Sepolio are running out of the house. Plaintiffs assert that they are able to identify this officer as Gallegos because (1) the officer in the video appears to be wearing a short sleeve shirt, which Gallegos wore the day of the

25-20132.14174

raid, (2) the officer in the video appears to have a skin tone and tattoos consistent with Gallegos'
body, and (3) the Texas Rangers' report placed Gallegos in the location of the unidentified officer
in the video. Doc. #336, Ex. 19 at 8, Ex. 70 at 51–52. Gallegos has since submitted an affidavit
wherein he disputes that the unidentified officer in the video is him. *See* Doc. #353, Ex. 1.

Second, Plaintiffs point to several inconsistencies in Gallegos' own testimony.
Significantly, Gallegos first indicated to the IAD that he broke the window *before* he shot Nicholas.
Doc. #336, Ex. 18 at 17–18. In the BWC video, however, Medina is seen exiting the house well
before the sound of glass breaking is heard. Gallegos later changed his testimony and stated that
he broke the window *after* he shot Nicholas. Gallegos also stated in his IAD interview that
Nicholas did not actually "lay her hands" on Medina's weapon. Doc. #336, Ex. 18 at 37. But in
his deposition, Gallegos testified that he observed Nicholas "tugging" and "pulling" at Medina's
gun. Doc. #336, Ex. 39 at 103.

Third, even assuming that Medina was still inside the house when Gallegos shot Nicholas,
Maloney determined that Nicholas could not have been standing over Medina on the couch. This
is because, based on the layout of the house, location of the couch, and Gallegos' position when
he shot Nicholas, Maloney determined that Nicholas would have been exposing only the left side
of her body to Gallegos. Doc. #356, Ex. 34 at 35. However, Nicholas was shot on the *right* side
of her body. Doc. #336, Ex. 67 at 21–22. As such, Maloney concluded that "Nicholas was not
next to the policeman or reaching over his body for the shotgun when she was shot." Doc. #3356,
Ex. 34 at 32.

Thus, Plaintiffs have presented evidence that suggests (1) Medina was not inside the house
when Nicholas was shot and (2) Nicholas could not have been standing over Medina, or even next
to Medina, when Gallegos shot her. However, Gallegos testified that he shot Nicholas because he

22

25-20132.14175

observed her grabbing Medina's weapon. Moreover, Nicholas' hands tested positive for gunshot residue. Importantly, "[a]t this stage of the case, the court may not weigh the evidence and/or judge the credibility of the witnesses." *McIntosh v. Smith*, 690 F. Supp. 2d 515, 527 (S.D. Tex. 2010). Given the competing evidence, and construing all facts in favor of Plaintiffs, the Court finds that Gallegos has not conclusively established that Nicholas posed a threat of harm. Specifically, a fact issue exists as to whether Nicholas was standing over Medina and attempting to grab his weapon at the time Gallegos shot her. As such, with respect to Nicholas, the Court finds Plaintiffs have met their burden to raise a fact issue as to the first prong of the qualified-immunity analysis.

### ii. Tuttle

Next, Gallegos asserts that his use of force against Tuttle was justified because Tuttle posed a threat of harm. Doc. #318 at 24–26. Though Tuttle suffered nine total gunshot wounds, Plaintiffs only challenge the constitutionality of the final two shots Gallegos fired at Tuttle. Doc. #334 at 33–38. Specifically, Plaintiffs argue that Gallegos used excessive force when he shot Tuttle (1) in the buttocks area and (2) in his neck/back area. *Id.* In both instances, Gallegos recalls that Tuttle was holding a gun or raised his weapon. *Supra* pp. 7–8. However, Plaintiffs argue that during both instances, Tuttle had already sustained seven gunshot wounds, including to both hands and arms, that would have rendered him incapable of holding a gun. Doc. #334 at 33–38.

In this Circuit, "[a]n officer's use of deadly force is not excessive, and thus no constitutional violation occurs, when the officer reasonably believes that the suspect poses a threat of serious harm to the officer or to others." *Manis*, 585 F.3d at 843. However, "[m]erely having a gun in one's hand does not mean *per se* that one is dangerous." *Graves v. Zachary*, 277 F. App'x 344, 348 (5th Cir. 2008). Moreover, "an exercise of force that is reasonable at one moment can

23

25-20132.14176

become unreasonable in the next if the justification for the use of force has ceased." *Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 413 (5th Cir. 2009); *see also Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 277 (5th Cir. 2015).

For instance, in *Graves*, an officer responded to a call reporting that the plaintiff threatened his girlfriend with a gun. 277 F. App'x at 345. When the officer arrived on the scene, he observed the plaintiff with a gun to his own head. *Id.* The officer, who stated he feared the plaintiff may turn the gun on others, shot the plaintiff once. *Id.* at 346. "After a short delay," the officer shot the plaintiff again, this time in the chest. *Id.* The plaintiff alleged that the second shot constituted excessive force because he had already been incapacitated by the first shot. *Id.* The district court denied the officer's summary-judgment motion and found that he was not entitled to qualified immunity. *Id.* at 345. On appeal, the Fifth Circuit affirmed, finding that there were "factual disputes as to whether [the plaintiff] was incapacitated by the first shot such that the second shot was unnecessary." *Id.* at 348. Specifically, the Fifth Circuit rejected the officer's argument that "as long as [the plaintiff] possessed the gun," he posed a threat of harm, because "[m]erely having a gun in one's hand does not mean *per se* that one is dangerous." *Id.* Instead, the question is whether, "[v]iewing the facts objectively, after being shot, did [the plaintiff] appear to be in any condition to fire his weapon?" *Id.* Because "[the officer] says yes, but [the plaintiff] says no," the Fifth Circuit found there was a fact issue as to "whether [the officer] violated [the plaintiff's] constitutional rights by shooting him after he was already 'incapacitated.'" *Id.* at 348–49.

Similarly, in *Mason*, an officer and his police canine responded to reports of an armed robbery. 806 F.3d at 272. When he arrived on the scene, the officer observed the plaintiff with a gun in his waistband. *Id.* at 273. The officer then sent the police canine after the plaintiff. *Id.* According to the officer, the plaintiff's hand came in contact with his gun after being attacked by

24

25-20132.14177

the dog. *Id.* Thus, the officer shot the plaintiff five times, at which point the plaintiff laid in a "prone position, face down." *Id.* The officer then "temporarily stopped firing." *Id.* According to the officer, he observed the plaintiff move in a way that suggested he was about pull out his gun. *Id.* at 274. In contrast, another eyewitness stated she only saw the plaintiff "pick up his head and put it back down." *Id.* After observing the plaintiff's movement, the officer shot the plaintiff two more times, killing him. *Id.* Though the district court granted summary judgment in favor of the officer on the plaintiff's excessive force claim, the Fifth Circuit reversed. *Id.* at 277. In so doing, the Fifth Circuit noted that "force that is reasonable at one moment can become unreasonable in the next." *Id.* (internal quotations and citation omitted). And in the *Mason* case, "a reasonable jury could conclude that [the plaintiff] lay incapacitated on the ground and did not move in a threatening manner before [the officer] fired the final two shots." *Id.* In reaching this conclusion, the Fifth Circuit relied on the eyewitness's testimony, as well as an expert's testimony that it would have been difficult for the plaintiff to move his arm after being shot five times. *Id.*

Here, it is undisputed that, at the time Gallegos fired the shots in question, (1) Tuttle had shot Lovings, (2) three other officers had also sustained gunshot wounds[7], and (3) Tuttle had already been shot several times. It is also undisputed that, throughout the entire eighty-second exchange, Tuttle fired his gun three to four times. Doc. #336, Ex. 70 at 89, Ex. 34 at 35. However, the parties dispute whether Tuttle was already incapacitated or capable of firing his weapon at the time Gallegos fired the final two shots. Because Gallegos shooting Tuttle in the buttocks and neck were "two distinct moments of force," the Court will analyze them separately. *See Tucker v. City of Shreveport*, 998 F.3d 165, 171 (5th Cir. 2021) (internal quotations omitted).

---

[7] The Court notes that the parties *do* dispute whether those gunshots came from Tuttle or by friendly fire.

25-20132.14178

First, the Court turns to the shot to Tuttle's buttocks. Gallegos has testified that he stood near a tree and observed Tuttle and Reyna exchange gunfire near the doorway of the house, at which time Gallegos shot Tuttle in the hand. *Supra* pp. 7–8. Tuttle then retreated into the house, and Gallegos moved from his position near the tree. *Id.* As Gallegos approached, he saw Tuttle leaning against the front door. *Id.* According to Gallegos, Tuttle then raised his weapon and Gallegos shot several times, hitting Tuttle at least once in his buttocks. *Id.* However, Plaintiffs assert that Tuttle was already incapable of holding or raising a weapon. Doc. #334 at 34. Specifically, Maloney testified that, by the time Gallegos shot Tuttle in the buttocks and neck, Tuttle had already "received shots to both arms and hands" and "was incapable of holding a weapon." Doc. #336, Ex. 34 at 33. Likewise, forensic pathologist Dr. Robert C. Bux ("Dr. Bux") testified that (1) the gunshot to Tuttle's left arm made it "impossible to grasp a firearm, let alone pull the trigger" and (2) the gunshot to Tuttle's right wrist made it "unlikely that he could grasp the gun and pull the trigger." Doc. #336, Ex. 36 at 10–11. As in *Graves*, the question in this case is whether, "[v]iewing the facts objectively, after being shot, did [Tuttle] appear to be in any condition to fire his weapon? [Gallegos] says yes, but [Plaintiffs] say no." *Graves*, 277 Fed. App'x at 348. Thus, because Plaintiffs have pointed to evidence suggesting that Plaintiff was incapacitated at the time Gallegos shot Tuttle in the buttocks, there is a factual dispute as to "whether [Gallegos] violated [Tuttle's] constitutional rights by shooting him after he was already 'incapacitated.'" *See id.* at 348–49.

Next, the Court evaluates the final shot to Tuttle's neck. According to Gallegos, after he shot Tuttle in the buttocks, Tuttle fell to the ground inside the house. *Supra* p. 8. Pardo then observed Tuttle with a gun in his hand and near Lovings, who lay paralyzed on the ground. Pardo shot at Tuttle once, but it is unclear if Tuttle was hit. *See* Doc. #336, Ex. 71 at 20. Pardo retreated

25-20132.14179

to a position near Gallegos, who continued to walk toward the house. *Supra* p. 8. Gallegos found Tuttle in a seated position near the doorway and again saw Tuttle begin to raise his weapon. *Id.* Gallegos then shot Tuttle near the back of his neck. *Id.* To refute Gallegos' recollection of events, Plaintiffs again rely on the testimony of Maloney and Dr. Bux, which indicates Tuttle was not able to hold or raise a weapon by this point. *See* Doc. #334 at 34. In addition, audio from BWC suggests that this final shot occurred twenty seconds after the previous gunshots are heard. Doc. #336, Ex. 62 at 1:27–1:47. And while the audio also reveals that someone appeared to yell "stop moving," that statement is heard at the same time the final shot is fired. *Id.* at 1:47. Thus, as in *Mason*, the Court finds there is evidence that, viewed in the light most favorable to Plaintiffs, suggests that Tuttle would not have been capable of holding a weapon or moving in a threatening manner at the time Gallegos fired this final shot. *See Mason*, 806 F.3d at 277. As such, a fact issue also exists as to whether Tuttle was "incapacitated" when Gallegos shot Tuttle's neck. Plaintiffs have therefore met their burden to raise a fact issue as to the first prong of the qualified immunity analysis as it relates to Tuttle.

## 2. Clearly Established Law

Because Plaintiffs have raised a fact issue with respect to whether Gallegos engaged in unconstitutionally excessive force, "[t]he next question is whether [Gallegos'] violation was objectively unreasonable in light of clearly established law." *See Graves*, 277 Fed. App'x at 349. "While a plaintiff need not find a case 'directly on point,'" to show a clearly established law violation, "'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Roque v. Harvel*, 993 F.3d 325, 334 (5th Cir. 2021) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)). "The Supreme Court has also explained that the clearly established law 'should not be defined at a high level of generality.'" *Id.* at 334–35 (quoting *White v. Pauly*, 580 U.S. 73, 79

27

(2017)). However, "in an obvious case, general standards can clearly establish the answer, even without a body of relevant case law." *Id.* at 335 (cleaned up).

First, with respect to Nicholas, Plaintiffs argue that it is clearly established law that officers cannot use deadly force on unarmed and nondangerous suspects. Doc. #334 at 39. Gallegos has not provided any other justification for shooting Nicholas other than thinking she posed a threat because she was standing over Medina and grabbing at his weapon. Doc. #318 at 21–24. However, viewing the evidence in the light most favorable to Plaintiffs, it is possible that at the time Gallegos shot Nicholas, Medina was either not inside the home or Nicholas was not reaching for his weapon. It has long been clearly established law that "[a] police officer may not seize an unarmed, nondangerous suspect by shooting [her] dead." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). Because fact issues exist with respect to whether Nicholas posed a threat at the time Gallegos shot her, and because the law is clearly established that officers cannot use deadly force on a nonthreatening suspect, Gallegos is not entitled to qualified immunity as it pertains to his shooting of Nicholas.

Next, with respect to Tuttle, Plaintiffs argue that it is clearly established that officers cannot use deadly force on a suspect who has been incapacitated. Doc. #334 at 39. While Gallegos asserts that he only shot Tuttle after Tuttle raised his own weapon, the Court has determined fact issues exist on this issue. *Supra* pp. 19–27. Viewing the evidence in the light most favorable to Plaintiffs, it is possible that Tuttle was already "incapacitated or otherwise incapable of using [a weapon] (functionally unarmed)." *See Roque*, 993 F.3d at 335. And "multiple cases show that by [January 28, 2019], the day that [Gallegos] shot [Tuttle], it was clearly established that after incapacitating a suspect who posed a threat, an officer cannot continue using deadly force." *Id.* at 336 (citing *Lytle*, 560 F.3d at 413; *Plumhoff v. Rickard*, 572 U.S. 765, 777 (2014)). Specifically, as the Court

25-20132.14181

outlined above, *Graves* and *Mason* show that it was clearly established that it is a violation of the Fourth Amendment to shoot dead a suspect who has been incapacitated and is functionally unarmed, even where that suspect previously posed a threat. *See Graves*, 277 Fed. App'x at 348; *Mason*, 806 F.3d at 277. Because there are factual disputes regarding whether Tuttle was incapacitated when Gallegos shot him the final two times, Gallegos is not entitled to qualified immunity as it pertains to his shooting of Tuttle. As such, Gallegos' Motion for Summary Judgment is denied with respect to Plaintiffs' Section 1983 excessive force claims.

### 3. Wrongful Death and Survival Claims

Plaintiffs' Amended Complaints assert wrongful death and survival claims against Gallegos pursuant to Sections 71.004 and 71.021 of the Texas Civil Practice and Remedies Code. Doc. #48 ¶¶ 189, 192; Doc. #49 ¶¶ 214, 217. Gallegos has moved for summary judgment with respect to Plaintiffs' state law claims because they are barred by individual immunity under Section 101.106 of the Texas Tort Claims Act ("TTCA") ("Section 101.106"). Doc. #318 at 27 (citing TEX. CIV. PRAC. & REM. CODE § 101.106). In response, Plaintiffs argue that they are not asserting claims under the TTCA. Doc. #334 at 39–40. Rather, their state law claims "are simply the derivative method for asserting wrongful death and survival under Section 1983." *Id.*

"Section 101.106(a) applies to tort claims, including intentional tort claims." *Chavez v. Alvarado*, 550 F. Supp. 3d 439, 451 (S.D. Tex. 2021). However, Section 101.106 "does not apply to [Section] 1983 claims." *Id.* (collecting cases). As such, Gallegos is not entitled to summary judgment on Plaintiffs' derivative Section 1983 wrongful death and survival claims. *See Edwards v. Oliver*, No. 3:17-CV-01208-M-BT, 2021 WL 881283, at *11 (N.D. Tex. Jan. 19, 2021), *report and recommendation adopted*, 2021 WL 873190 (N.D. Tex. Mar. 9, 2021), *appeal dismissed and remanded on other grounds*, 31 F.4th 925 (5th Cir. 2022) ("Accordingly, Plaintiffs' § 1983

25-20132.14182

wrongful-death and survival claims are not subject to or barred by the [TTCA] at Texas Civil Practice and Remedies Code § 101.106, and [the defendant] is not entitled to summary judgment on Plaintiffs' § 1983 wrongful-death and survival claims on that ground."). Gallegos' Motion for Summary Judgment is therefore denied.

### c. Gonzales' Motion for Judgment and Motion for Summary Judgment

With respect to Gonzales, the Nicholas Plaintiffs have asserted supervisory liability claims premised on excessive force and lack of probable cause. Doc. #49. The Tuttle Plaintiffs have only asserted supervisory liability claims based on lack of probable cause. Doc. #48. Plaintiffs have also suggested they have pending claims against Gonzales for Section 1983 conspiracy, as well as state law wrongful death and survival. However, Gonzales disputes that such claims remain pending. *See* Doc. #310. Thus, Gonzales has asserted qualified immunity and moved for summary judgment on all of Plaintiffs' supervisory liability claims, and has moved for judgment on the pleadings with respect to any purported conspiracy or state law claims. Doc. Nos. 310, 312. The Court will first resolve Gonzales' Motion for Summary Judgment as it pertains to Plaintiffs' supervisory liability claims. Then, the Court will turn to the Motion for Judgment as it pertains to Plaintiffs' conspiracy and state law claims.

### 1. Supervisory Liability

"A supervisory official may be held liable under [Section] 1983 only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Tex. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). "Supervisory officials cannot be held liable under [S]ection 1983 for the actions of subordinates . . . on any theory of vicarious or *respondeat superior* liability." *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d

30

375, 381 (5th Cir. 2005). Instead, "Plaintiffs must show that the conduct of the supervisors denied [the Decedents'] constitutional rights." *Id.* "To hold a supervisory official so liable, the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998).

"For an official to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Smith*, 158 F.3d at 912 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). This "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997). "Deliberate indifference requires a showing of more than negligence or even gross negligence." *Est. of Davis*, 406 F.3d at 381. "To establish deliberate indifference, 'a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation.'" *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)). As the Fifth Circuit has explained:

> Prior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question. That is, notice of a pattern *of similar* violations is required. While the specificity required should not be exaggerated, our cases require that the prior acts be fairly similar to what ultimately transpired and, in the case of excessive use of force, that the prior act have involved injury to a third party.

*Est. of Davis*, 406 F.3d at 383 (citations omitted).

Alternatively, "a plaintiff may demonstrate liability based on a single incident if the constitutional violation was the highly predictable consequence of a particular failure to train" or

31

25-20132.14184

supervise. *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 397 (5th Cir. 2017) (internal quotations and citations omitted). This so-called "single incident exception" is "narrow," and one that the Fifth Circuit has reiterated it is "reluctant to expand." *Burge v. St. Tammany Par.*, 336 F.3d 363, 373 (5th Cir. 2003). "To rely on this exception, a plaintiff must prove that the 'highly predictable' consequence of a failure to train [or supervise] would result in the specific injury suffered, and that the failure to train [or supervise] represented the 'moving force' behind the constitutional violation." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). The single-incident exception is "generally reserved" for cases in which the policymaker provides no training or supervision "with respect to the relevant constitutional duty." *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 625 n.5 (5th Cir. 2018).

### i. Excessive Force

As to the Nicholas Plaintiffs' excessive force claims, Gonzales argues there is no fact issue as to whether he acted with deliberate indifference. Doc. #312 at 14–15. In response, the Nicholas Plaintiffs generally argue that Gonzales acted with deliberate indifference because he "knew or should have known" (1) that HPD had a history of failing to hold officers responsible for "shooting civilians," (2) "the common-sense implications of a no-knock raid and the risk for violence and excessive force that could occur," and (3) that, "if [Gonzales] was permitting his officers to violate the [C]onstitution by pursuing no-knock warrants without adequate probable cause, other constitutional violations may follow." Doc. #332 at 15–16.

None of the Nicholas Plaintiffs' arguments "demonstrate a prior pattern by [Gallegos] of violating constitutional rights by employing excessive force," which is what the Court must focus on for purposes of evaluating deliberate indifference. *See Est. of Davis*, 406 F.3d at 383. Indeed, the Nicholas Plaintiffs point to no evidence that is "relevant to whether [Gonzales] was on notice

25-20132.14185

that [Gallegos] might use excessive force when confronted with" the execution of a no-knock search warrant. *See Roberts*, 397 F.3d at 294. Because the Nicholas Plaintiffs have failed to raise a fact issue as to whether Gonzales acted with deliberate indifference, Gonzales is entitled to summary judgment with respect to the Nicholas Plaintiffs' supervisory liability claims based on excessive force.

### ii. Lack of Probable Cause

Next, with respect to Plaintiffs' claims based on lack of probable cause, Gonzales again argues (1) that he did not act with deliberate indifference and (2) that there is no causal nexus between the alleged failure to supervise and the violation of the Decedents' rights. Doc. #312 at 16–20. Gonzales also argues that Plaintiffs cannot show he violated any clearly established law. *Id.* at 20. However, as discussed in detail below, "[b]ecause this case falters on the requirement of deliberate indifference, [the Court] need not address the other two prongs of supervisory liability." *Est. of Davis*, 406 F.3d at 382.

Plaintiffs first argue that Gonzales was deliberately indifferent because he had actual or constructive knowledge that Goines had a pattern of violating constitutional rights. Doc. #332 at 11. As outlined above, "[t]o prevail under a deliberate indifference theory, a plaintiff must show that the defendant official 'was aware of facts from which an inference of substantial risk of serious harm could be drawn,' and that 'the official actually drew that inference.'" *Ford v. Anderson Cnty., Tex.*, 102 F.4th 292, 317 (5th Cir. 2024) (quoting *Thompson v. Upshur Cnty.*, 245 F.3d 447, 458–59 (5th Cir. 2001)).

Here, Plaintiffs point to several pieces of evidence that they argue indicate that Goines had a pattern of lying on search warrant affidavits. For instance, a post-raid internal audit by HPD specifically noted "a *pattern* of criminal conduct by [Goines]." Doc. #336, Ex. 1 at 4 (emphasis

25-20132.14186

added). Notably, "Goines knowingly portrayed false or misleading information in order to obtain no knock search warrants in his investigations" on six different occasions in 2018 and 2019 alone. *Id.* at 13. In addition, a survey of more than one hundred search warrants that Goines obtained between 2012 and 2019 revealed that almost all of them were requests for no-knock warrants based on the suspect possessing a firearm. *See* Doc. #336, Ex. 61. However, after execution of all of these search warrants, Goines listed a firearm as being recovered in only one instance. *Id.* Another post-raid HPD audit also revealed widespread violations of Standard Operating Procedures ("SOPs") within HPD's Narcotics Division, including a number of violations by Goines from 2016 to 2019. *See* Doc. #305, Ex. 5.

Though there is certainly evidence indicating Goines had a history of lying on affidavits and violating other SOPs, Plaintiffs have fallen short of showing that Gonzales was "*aware*" of these facts such that he could draw the inference that a substantial risk of serious harm existed. *See, e.g.*, *Est. of Davis*, 406 F.3d at 385 (finding no deliberate indifference where there was "no evidence to suggest" that the supervisors were "aware" of evidence that could have indicated the subordinate officer would use excessive force). And though Plaintiffs have argued that Gonzales *should have* uncovered Goines' pattern of misconduct, "[t]he test for deliberate indifference is subjective, rather than objective, in nature because *an official's failure to alleviate a significant risk that he should have perceived but did not*, while no cause for commendation, *cannot under our cases be condemned* as the infliction of punishment." *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009) (cleaned up) (emphasis added). In addition, the Court understands that post-raid investigations revealed significant failures on Gonzales' part as a supervisor. *See* Doc. #336, Ex. 11 at 13–21. However, "[a]ctions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of

34

qualified immunity." *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999). The highly stringent standard of deliberate indifference requires Plaintiffs to raise a fact issue as to whether Gonzales was subjectively aware of facts that would have permitted him to infer that a substantial risk of serious harm existed. And Plaintiffs point to no evidence that suggests Gonzales was aware that Goines had previously lied on search warrant affidavits. In other words, "there is no conduct from which it could be reasonably concluded that [Gonzales] made a deliberate or conscious choice to endanger constitutional rights." *Est. of Davis*, 406 F.3d at 385.

Plaintiffs also attempt to rely on the "single incident exception." Doc. #332 at 11. In this regard, Plaintiffs must show that Goines received *no* training or supervision regarding the constitutional violation at issue. *See Est. of Davis*, 406 F.3d at 386); *Lewis v. Williamson Cnty., Tex.*, No. 1:21-CV-00074-LY-SH, 2022 WL 2161054, at *6 (W.D. Tex. June 15, 2022) ("[Plaintiff] does not satisfy the narrow single-incident exception because he does not allege that Williamson County officers received no supervision or training regarding the constitutional violation at issue."). However, the evidence before the Court shows that Goines received at least some training and supervision. For instance, in 2018, when Gonzales became aware that Goines had not been timely submitting paperwork, Goines was prohibited from "working new cases" and "solely work[ed] on his case files." Doc. #336, Ex. 11 at 18. In addition, all HPD officers— including Goines—received training consistent with standards set forth by the Texas Commission on Law Enforcement ("TCOLE"). *See* Doc. #305, Ex. 8 at 39–52 (noting course completions in, among other things, "investigations," "ethics," "report writing," and "mechanics of arrest and search"). "It is not enough to say that more or different training or supervision would have prevented the result of the ill-fated raid." *Est. of Davis*, 406 F.3d at 386. Thus, Plaintiffs cannot rely on the single incident exception. Because Plaintiffs have not raised a fact issue with respect

35

25-20132.14188

to deliberate indifference, Gonzales' Motion for Summary Judgment is granted as to Plaintiffs' supervisory liability claims based on lack of probable cause for the warrant.

### 2.  Conspiracy and State Law Claims

Next, Gonzales has moved for judgment on the pleadings with respect to any supposed conspiracy claims asserted by the Plaintiffs.  Doc. #310.  As an initial matter, the parties dispute whether Plaintiffs ever actually asserted a conspiracy claim against Gonzales to begin with.  *See* Doc. Nos. 310, 340.  By way of background on this issue, Plaintiffs filed their respective Amended Complaints on April 9, 2021.  Doc. Nos. 48, 49.  In response, Gonzales—along with the Individual Officers—asserted qualified immunity and moved to dismiss under Rule 12(b)(6).  On December 16, 2022, the Court issued an Order resolving the various motions to dismiss, which the Individual Officers and Gonzales appealed.  Doc. #229.  The Fifth Circuit determined that Plaintiffs had plausibly alleged Section 1983 excessive force claims against the Individual Officers based on direct liability theories, as well as supervisory liability claims against Gonzales.  *Id.* at 8–9. However, the Fifth Circuit held Plaintiffs failed to sufficiently allege excessive force and search-and-seizure claims premised on failure-to-intervene theories.  *Id.*  The Fifth Circuit also left intact Plaintiffs' wrongful death and survival claims.  *Id.* at 9.  Neither this Court nor the Fifth Circuit explicitly addressed any supposed conspiracy claims asserted by the Plaintiffs.

On August 5, 2024, Plaintiffs, the Individual Officers, and Gonzales jointly stipulated to the dismissal of Plaintiffs' excessive force claims.  Doc. #301.  On August 9, 2024, the Individual Officers and Gonzales filed the Motion for Judgment, arguing that the stipulated dismissal of the excessive force claims also disposed of Plaintiffs' state law wrongful death and survivor claims because Plaintiffs no longer have any pending Section 1983 claims.  Doc. #310 at 9.  The Individual Officers and Gonzales also argue that, to the extent Plaintiffs assert that they have

25-20132.14189

pending conspiracy claims, either (1) Plaintiffs never pleaded conspiracy, or (2) their conspiracy claims are insufficiently pled.  *Id.*  In their Response to the Motion for Judgment, Plaintiffs argue they still have pending Section 1983 conspiracy claims against the Individual Officers and Gonzales.  Doc. #340.  However, Plaintiffs subsequently moved for voluntary dismissal of their remaining claims against the Individual Officers pursuant to Rule 41(a)(2).  Doc. #432.  Thus, on January 6, 2024, the Court dismissed the Individual Officers from this case with prejudice, thereby mooting the Motion for Judgment with respect to these parties.  However, the issues presented in the Motion for Judgment remain ripe for consideration as it pertains to Gonzales.

"To prove a conspiracy under [Section] 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation occurred."  *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (per curium).  "A plaintiff must develop facts that evince 'a preceding agreement, not merely parallel conduct that could as well be independent action.'"  *Morales v. Carrillo*, 625 F. Supp. 3d 587, 599 (W.D. Tex. 2022) (quoting *Jabary*, 547 F. App'x at 610); *see also Watsky v. Williamson Cnty., Texas*, No. 1:21-CV-374-RP, 2024 WL 3433705, at *3 (W.D. Tex. July 15, 2024) ("Allegations of conspiracy without facts demonstrating prior agreement between defendants cannot survive a motion to dismiss.").

Here, Plaintiffs' respective Amended Complaints contain only conclusory allegations regarding a supposed conspiracy involving Gonzales to deprive the Decedents' of their constitutional rights.  For instance, while Plaintiffs generally allege Gonzales knew that Squad 15 Officers "would obtain illegal search warrants" or "conspired to deprive" constitutional rights, Plaintiffs have pleaded no facts that show a "prior agreement" between Gonzales and any other party to falsify a search warrant or use excessive force.  *See Watsky*, 2024 WL 3433705, at *3;

25-20132.14190

Doc. #48 ¶¶ 97, 112; Doc. #49 ¶ 160. Thus, even assuming that Plaintiffs have pending conspiracy claims against Gonzales, the Court finds they have not plausibly alleged these claims under Rule 12(c). In addition, with respect to Plaintiffs' state law claims against Gonzales, Plaintiffs have stated that they "only asserted these claims as part of their Section 1983 claims." Doc. #340 at 5–6. As such, because the Court has determined that Plaintiffs have no viable Section 1983 claims against Gonzales, their state law claims should also be dismissed. The Motion for Judgment is therefore granted with respect to Gonzales.

### d. Bryant's Motions for Summary Judgment

Bryant moves for summary judgment with respect to Plaintiffs' Section 1983 claims based on excessive force and lack of probable cause for the warrant, as well as their state law wrongful death and survival claims. Doc. Nos. 313, 314. In response, Plaintiffs did not oppose summary judgment on their excessive force claims, but argue that fact issues preclude summary judgment on their remaining claims. Doc. #333 at 10. Plaintiffs also assert they have pending conspiracy claims against Bryant, which was not substantively addressed in Bryant's Motion for Summary Judgment. *Id.* at 15.

#### 1. Lack of Probable Cause

First, Bryant moves for summary judgment on Plaintiffs' Section 1983 claims based on lack of probable cause for the search warrant, which are premised on both direct liability and failure to intervene theories. Doc. #313 at 8; Doc. #314 at 6. "To state a claim under [Section] 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). In addition, "an officer may be liable under [Section] 1983 under a theory of bystander liability where

25-20132.14191

the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (internal quotations and citation omitted). The alleged constitutional violation in this case involves the Fourth Amendment, which protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause." U.S. CONST. amend. IV.

Plaintiffs argue that several pieces of evidence raise a fact issue with respect to whether Bryant either (1) was directly involved in obtaining the Harding Street warrant or (2) knew about Goines lying to obtain the warrant and failed to intervene. Doc. #333 at 12–14. Notably, prior to the Harding Street raid, Bryant and Goines already had a history of falsely listing each other on search warrant affidavits as the second officer present during confidential informant drug buys. Doc. #305, Ex. 4 at 4. And in this case, Bryant "indicated he became aware of the Harding Street investigation on January 27, 2019, when Officer Goines called him and told him he was going to do a buy. Officer Goines told Officer Bryant he did not need him to accompany him to the buy." Doc. #336, Ex. 11 at 38. However, consistent with their "pattern of criminal misconduct," Goines listed Bryant on the Harding Street warrant as a witness to the confidential informant drug buy. *See* Doc. #305, Ex. 4 at 4. In fact, this drug buy never occurred. However, two days *after* the raid, Bryant "tagged" narcotics that were supposedly bought from the confidential informant.[8] Doc. #336, Ex. 11 at 7. Moreover, in Bryant's depositions during the course of this case, he has consistently asserted his Fifth Amendment privilege in response to questions concerning his

---

[8] In connection with his post-raid misconduct, Bryant has since pleaded guilty to destruction, alteration, or falsification of records in federal investigations and bankruptcy, in violation of 18 U.S.C. § 1519. *See* Plea Agreement, *United States of America v. Bryant*, 4:19-cr-832 (S.D. Tex. June 1, 2021), ECF No. 113.

25-20132.14192

knowledge of and involvement in Goines' Harding Street investigation. *See, e.g.*, Doc. #336, Ex. 45 at 23–30.

Other than the call Goines made to Bryant the night before the raid, which apprised Bryant that Goines was planning a drug buy for his investigation of 7815 Harding Street, there is no evidence before the Court demonstrating Bryant's direct involvement in obtaining the warrant. As such, the Court finds that Plaintiffs have not raised a genuine factual dispute as to whether Bryant had any direct involvement in Goines fraudulently obtaining the Harding Street warrant. However, Plaintiffs have raised a genuine factual dispute with respect to their failure to intervene claims. Specifically, Plaintiffs have presented evidence which suggests that Goines and Bryant had an established history of falsely listing each other as second witnesses to drug buys. And in this case, there is evidence suggesting Goines told Bryant he was going to organize a drug buy for his Harding Street investigation but "did not need [Bryant] to accompany him to the buy." Doc. #336, Ex. 11 at 38. This is enough to raise a factual dispute as to whether, consistent with their history of lying on search warrant affidavits, Goines would again lie about Bryant witnessing a drug buy at 7815 Harding Street. Given that Goines called Bryant and informed him of the upcoming buy before obtaining the warrant, Bryant also had a "reasonable opportunity to prevent" Goines from violating Plaintiffs' constitutional rights. *See Whitley*, 726 F.3d at 646. Thus, Bryant's Motion for Summary Judgment is granted with respect to Plaintiffs' claims based on lack of probable cause to the extent such claims are premised on direct liability, but denied to the extent the claims are premised on failure to intervene.

### 2. Conspiracy

Next, the Court addresses Plaintiffs' supposed conspiracy claims against Bryant. Though Bryant failed to substantively address these claims in his Motion for Summary Judgment, he

25-20132.14193

sought judgment on all of Plaintiffs' "federal and Texas state claims." Doc. #313 at 14; Doc. #314 at 14. In addition, Bryant's Reply brief—in an abundance of caution—requested leave for the Court to address this issue because the same arguments presented in Bryant's Motion for Summary Judgment apply to Plaintiffs' purported conspiracy claims. Doc. #342 at 4–5. Thus, the Court will evaluate whether Plaintiffs' conspiracy claims withstand summary judgment.

As the Court recounted above with respect to Gonzales, "[t]o prove a conspiracy under [Section] 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation occurred." *Jabary*, 547 F. App'x at 610. Plaintiffs allege that Bryant conspired with Goines to obtain a fraudulent search warrant for 7815 Harding Street, in violation of the Decedents' Fourth Amendment rights. *See* Doc. #58 ¶ 112; Doc. #49 ¶ 159. However, Plaintiffs have not pointed to any evidence that suggests Bryant and Goines came to a "preceding agreement" to violate Plaintiffs' Fourth Amendment rights. *See Morales*, 625 F. Supp. 3d at 599 (quoting *Jabary*, 547 F. App'x at 610); *Watsky*, 2024 WL 3433705, at *3. As such, summary judgment is granted with respect to Plaintiffs' conspiracy claims against Bryant.

### 3. State Law Claims

Finally, Bryant has moved for summary judgment with respect to Plaintiffs' state law wrongful death and survival claims, arguing that "there is an absence of evidence that Bryant caused any injury to, or the death of," the Decedents. Doc. #313 at 11–12; Doc. #314 at 11–12. Plaintiffs, on the other hand, argue that they have raised a fact issue as to whether Bryant caused the Decedents' deaths. Doc. #333 at 14–15.

"[A] plaintiff seeking to recover on a wrongful death claim under [Section] 1983 must prove both the alleged constitutional deprivation required by [Section] 1983 and the causal link

41

25-20132.14194

between the defendant's unconstitutional acts or omissions and the death of the victim, as required

by the state's wrongful death statute." *Phillips ex rel. Phillips v. Monroe Cnty., Miss.*, 311 F.3d

369, 374 (5th Cir. 2002). Under Texas's wrongful death statute, "a plaintiff seeking to recover . .

. must demonstrate that the defendant's wrongful actions more likely than not caused the

decedent's death—not just that they reduced the decedent's chance of survival by some lesser

degree." *Slade v. City of Marshall, Tex.*, 814 F.3d 263, 264–65 (5th Cir. 2016). There is an

"important[t] . . . distinction between survival and wrongful death causes of action." *Phillips*, 311

F.3d at 374 n.1. "A survival claim belongs to the decedent because it arises from injuries sustained

while the decedent was alive." *Boyd v. Grooms*, No. CIV.A. H-08-2371, 2009 WL 3151341, at

*4 (S.D. Tex. Sept. 29, 2009). As such, for survival actions, "the causation analysis [is] different

because that type of claim redresses any constitutional injuries suffered by the Decedent *before* his

death." *Phillips*, 311 F.3d at 374 n.1. The Texas Survival Statute simply "preserves a claim for

the estate rather than creating a new cause of action for those surviving the decedent." *Pluet v.

Frasier*, 355 F.3d 381, 384 (5th Cir. 2004); TEX. CIV. PRAC. & REM. CODE ANN. § 72.021.

With respect to Plaintiffs' wrongful death claims, nothing before the Court suggests that

Bryant engaged in any excessive force during the raid, or even fired any shots at the Decedents.

Instead, Plaintiffs argue that Bryant caused the Decedents' deaths by failing to intervene in Goines

fraudulently obtaining the Harding Street warrant. *See* Doc. #333 at 15. However, while Bryant's

alleged failure to intervene may have "'reduced [the Decedents'] chance of survival by some lesser

degree,'" this is "not sufficient" to show causation under Texas' wrongful death statute. *See De

Paz Gonzalez v. Duane*, No. 21-11258, 2023 WL 5769339, at *5 (5th Cir. Sept. 6, 2023) (quoting

*Slade*, 814 F.3d at 264–65). Therefore, the Court finds Plaintiffs have failed to raise a fact issue

as to whether Bryant caused the Decedents' deaths for purposes of their wrongful death claim.

25-20132.14195

As to Plaintiffs' survival claims, Bryant does not contest that Plaintiffs have met the standing requirements under the Texas Survival Statute. Instead, Bryant appears to seek summary judgment on Plaintiffs' survival claim as though it is an independent cause of action. *See* Doc. #314 at 12. However, as the Court has recounted above, the Texas Survival Statute does not "creat[e] a new cause of action." *Pluet*, 355 F.3d at 384. As such, to the extent that Plaintiffs intend to bring independent "survival" claims, summary judgment is granted because Texas does not provide for such a claim. However, to the extent Plaintiffs are merely using the Texas Survival Statute to bring their Section 1983 claims against Bryant on behalf of the Decedents, summary judgment is denied.

e.    **The City's Motions for Summary Judgment**

The City has moved for summary judgment with respect to all of Plaintiffs' Section 1983 municipal liability claims. Doc. Nos. 305, 308. In addition, the City seeks summary judgment on Plaintiffs' state law wrongful death and survival claims. *Id.* A municipality is a "person" subject to suit under Section 1983. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The elements of a municipal liability claim under Section 1983 are: (1) a policymaker, (2) an official policy or custom, and (3) "a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir. 2002).

There are several ways to show a "policy or custom" for purposes of a municipal liability claim. For instance, "[t]he existence of a policy can be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010). Alternatively, "the plaintiff may demonstrate a persistent widespread practice of city officials or employees . . . so common and well settled as to constitute a custom that fairly represents municipal

25-20132.14196

policy." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010) (internal quotations and citation omitted). In addition, "a single unconstitutional action by a municipal actor may give rise to municipal liability if that actor is a final policymaker." *Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548 (5th Cir. 2008). A municipal entity may also be held liable for failure to train, supervise, or discipline. *See, e.g.*, *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (failure to train and supervise); *Verastique v. City of Dallas, Tex.*, 106 F.4th 427, 432 (5th Cir. 2024) (failure to discipline).

In this case, Plaintiffs have asserted municipal liability claims against the City based on (1) excessive force during the raid and (2) lack of probable cause to obtain the search warrant. Doc. Nos. 48, 49. The Court will evaluate each category of Plaintiffs' claims below.

### 1. Excessive Force

With respect to their claims based on excessive force, Plaintiffs assert two main theories of municipal liability: (1) failure to discipline and (2) ratification.[9] *See* Doc. #330 at 31–51. The City argues summary judgment is warranted on Plaintiffs' claims because Plaintiffs cannot show that (1) an official policymaker acted with deliberate indifference, or (2) any HPD policy or custom that authorized excessive force.[10] *See* Doc. #308 at 5–8.

---

[9] The Court notes that Plaintiffs' Amended Complaints assert several other theories of municipal liability, such as official policy, failure to train, failure to supervise, and failure promulgate adequate policies—all of which the City sought summary judgment on. *See* Doc. #308 at 3. In addition, Plaintiffs' Amended Complaints contained theories of liability based on the use of force against the Decedents' dog, which the City also moved for summary judgment on. *See* Doc. #48 ¶ 144; Doc. #49 ¶ 48; Doc. #308 at 59. Plaintiffs failed to address or otherwise defend any of these claims in their Response to the City's summary-judgment motion, and therefore those claims are deemed abandoned and dismissed. *See* Doc. #330; *Burrell v. PTCAA Texas, L.P.*, No. 4:21-CV-3846, 2023 WL 3006662, at *2 (S.D. Tex. Apr. 19, 2023) ("A party's failure to respond to arguments raised in a motion for summary judgment constitutes waiver or abandonment of those issues at the district court level.").

[10] The City also argues that Gallegos' use of force was not excessive or unreasonable, which would preclude Plaintiffs' excessive force claims against the City. *See* Doc. #308 at 3. However, the

25-20132.14197

### i. Failure to Discipline

Plaintiffs claim that the City had a policy of not disciplining officers who commit excessive force. Doc. #330 at 31. To prevail on a failure to discipline claim, Plaintiffs must show (1) the City failed to discipline its employees, (2) a causal connection between the failure discipline and the alleged constitutional violation, and (3) the failure to discipline amounted to deliberate indifference. *See Verastique*, 106 F.4th at 432. In order to show a policy of failing to discipline, plaintiffs must "almost always show[] 'a pattern of abuses' by . . . undisciplined . . . employees." *Aviles v. Saldivar*, No. 4:22-CV-03571, 2023 WL 5487668, at *4 (S.D. Tex. Aug. 23, 2023) (quoting *Piotrowski v City of Houston*, 237 F.3d 567, 581–82 (5th Cir 2001)). "This demonstration of a pattern matters for establishing not only an official policy (as required for all *Monell* claims), but also deliberate indifference (as required for all claims for failure to discipline, train, or supervise in particular)." *Id.*

There are, however, limited circumstances in which a plaintiff can establish a policy of failure to discipline *without* demonstrating a "systemic" pattern. *Id.* Instead, "a single decision by a policymaker not to discipline, train, or supervise a specific officer may, in limited circumstances, constitute an official policy and thus set part of the predicate for municipal liability on such a theory." *Id.*; *see also Brown v. Bryan Cnty., OK*, 219 F.3d 450, 459 (5th Cir. 2000) (noting that liability under Section 1983 "can attach for a single decision not to train an individual officer even where there has been no pattern of previous constitutional violations"). However, "where a single decision is the basis of" a failure to discipline claim, deliberate indifference "is particularly difficult to establish." *Aviles*, 2023 WL 5487668, at *5. Rather than demonstrating a pattern of

---

Court already determined that fact issues exist as to whether Gallegos used excessive force during the raid. *Supra* pp. 19–27. As such, the City is not entitled to summary judgment on this basis.

45

25-20132.14198

similar unconstitutional violations, a plaintiff must instead rely on the "single incident exception." *Id.*; *see also Valle*, 613 F.3d at 549. As the Court described in evaluating Gonzales' Motion for Summary Judgment, the single incident exception is "extremely narrow" and requires the plaintiff to prove that "the highly predictable consequence of a failure to [discipline] would result in the specific injury suffered, and that the failure to [discipline] represented the moving force behind the constitutional violation." *Valle*, 613 F.3d at 549. "An injury is highly predictable only when the municipality 'failed to [discipline] its employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face.'" *Aviles,* 2023 WL 5487668, at *5 (quoting *Littell*, 894 F3d at 624–25). The duty to refrain from excessive force "has been recognized as a clear constitutional duty." *Id.*

Here, Plaintiffs advance two main arguments to show the City had a policy or custom of failing to discipline: (1) the City "had a policy of not disciplining officers who commit excessive force . . . , which led to the highly predictable consequence of excessive deadly force in this case"; and (2) the City had a policy of failing to discipline "based on its history of failing to take actions against officers for shooting unarmed citizens." *See* Doc. #330 at 31, 51. While Plaintiffs argue these are two separate bases to show the City's *policy* for purposes of their municipal liability claims, Plaintiffs must demonstrate that the City acted with deliberate indifference under either theory. And to show deliberate indifference, Plaintiffs rely solely on the single incident exception. *Id.* at 56. In essence, Plaintiffs argue that Gallegos' use of excessive force was a highly predictable consequence of the City's failure to discipline Gallegos and/or other officers regarding their duty not to use excessive force. *Id.* at 40–42. However, the Fifth Circuit has held that the single-incident exception is "generally reserved" for cases in which the policymaker provides no training whatsoever "with respect to the relevant constitutional duty." *Littell*, 894 F.3d at 625 n.5.

25-20132.14199

The evidence before the Court demonstrates that Gallegos received substantive training on both the use of force and execution of search warrants. For instance, HPD officers—including Gallegos—were required to receive training that met or exceeded TCOLE standards. Doc. #309, Ex. 11 at 2. HPD officers attend required trainings where they receive instruction on use of force, deadly force, and de-escalation. *Id.* This instruction occurs during an officer's initial training courses, as well as on a yearly basis thereafter. *Id.* at 4. Gallegos specifically received hundreds of hours of training between January 2016 and January 2019, which included courses on use of force, warrant development and execution, and de-escalation techniques. Doc. #308, Ex. 8 at 3–5. Given that Gallegos received substantive training on use of force, and because the Fifth Circuit has time and again emphasized its reluctance to expand or rely upon the single incident exception, the Court finds that Plaintiffs have failed to raise a fact issue regarding the City's deliberate indifference as it relates to Gallegos' alleged use of excessive force. The City is therefore entitled to summary judgment on Plaintiffs' failure to discipline claims.

### ii. Ratification

Next, Plaintiffs argue that the City is liable because former Chief Acevedo ratified Gallegos' alleged unlawful use of force against the Decedents. Doc. #330 at 42–50. "Ratification in this context requires that a policymaker knowingly approve a subordinate's actions *and the improper basis for those actions*. Otherwise, unless conduct is 'manifestly indefensible,' a policymaker's mistaken defense of a subordinate who is later found to have broken the law is not ratification chargeable to the municipality." *Covington v. City of Madisonville, Tex.*, 812 F. App'x 219, 228 (5th Cir. 2020) (unpublished) (citations omitted) (emphasis added); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Thus, in order to prevail under a ratification theory, "a clear prerequisite is knowing approval by a policymaker of both conduct and its underlying,

25-20132.14200

improper basis." *Taylor v. Hartley*, 488 F. Supp. 3d 517, 537 (S.D. Tex. 2020).

However, "a policymaker who defends conduct that is later shown to be unlawful does not necessarily incur liability on behalf of the municipality." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009). "Further, good faith statements made while defending complaints of constitutional violations by municipal employees do not demonstrate ratification." *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 395 (5th Cir. 2017). The Fifth Circuit has also limited ratification theory to "extreme factual scenarios." *See, e.g.*, *Hobart v. City of Stafford*, 916 F. Supp. 2d 783, 796–97 (S.D. Tex. 2013); *Winzer v. Kaufman Cnty.*, No. 3:15-CV-01284-N, 2023 WL 2530861, at *7 (N.D. Tex. Mar. 14, 2023), *aff'd*, No. 23-10383, 2024 WL 1329965 (5th Cir. Mar. 28, 2024). As such, ratification "'has not enjoyed wide application in this Circuit,' and it is especially rare in the excessive force context." *Winzer*, 2023 WL 2530861, at *7 (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 797 (5th Cir. 1998)).

Plaintiffs argue that Acevedo ratified Gallegos' conduct when, in public statements after the raid, he stated that officers "had reason" to investigate 7815 Harding Steet and there was "probable cause." Doc. #349, Ex. 1 at 02:04–02:37; Doc. #336, Ex. 52 at 78–82; Doc. #330 at 45. In addition, Plaintiffs assert that ratification is supported by HPD's deficient disciplinary policy, wherein the Chief of Police "reviews every excessive force shooting case" and "uniformly finds these shootings justified." *Id.* at 47. Plaintiffs also argue that IAD failed to conduct a legitimate review of Gallegos' conduct after the raid and "simply took the word of the officers as true." *Id.*

First, with respect to Acevedo's comments made to the public, the Court notes that such comments concern the validity of obtaining the search warrant and do not concern the use of force against the Decedents. As such, these comments to not demonstrate that Acevedo approved *Gallegos*' conduct and the alleged improper basis for that conduct. *See Covington*, 812 F. App'x

25-20132.14201

at 228.  Second, as to Acevedo determining that Gallegos' use of force was justified after the raid,

"[t]he Fifth Circuit has explicitly held that a municipality is not liable under the ratification theory

where a sheriff accepts his deputies' version of events, so long as 'that version did not show that

the deputies' actions were manifestly indefensible.'"  *James v. Harris Cnty.*, 508 F. Supp. 2d 535,

554–55 (S.D. Tex. 2007) (quoting *Coon v. Ledbetter*, 780 F.2d 1158, 1162 (5th Cir. 1986)), *aff'd*,

577 F.3d 612 (5th Cir. 2009).   And, as the Court discussed in evaluating Gallegos' Motion for

Summary Judgment, his use of force would be justified under his version of events.  *Supra* pp. 21,

26–27.  Finally, with respect to the IAD's investigation, "a department's investigation, report, and

conclusions regarding an incident do not amount to ratification."  *Madden v. Gribbon*, No. 3:21-

CV-1168-S, 2022 WL 4360558, at *9 (N.D. Tex. Sept. 20, 2022).   Thus, none of Plaintiffs'

arguments support their ratification theory, and they have failed to raise a genuine question of fact

on this issue.  As such, the Court grants summary judgment on this claim.

####   2.   Lack of Probable Cause

Next, with respect to their claims premised on lack of probable cause for the search warrant,

Plaintiffs rely on the following theories of municipal liability: (1) failure to supervise Goines[11], (2)

the City's "custom of minimal supervision and oversight concerning narcotics officers," (3) the

City's "express policies" allowing officers to "unilaterally obtain no-knock warrants without

checks into their underlying investigations," and (4) ratification.[12]  *See* Doc. #331 at 24–41.  The

---

[11] Plaintiffs' Response cursorily argues that HPD failed to "supervise *and/or discipline* Goines,"
but does not delineate these claims.   Doc. #331 at 24 (emphasis added).  Because Plaintiffs only
substantively address their claim as a failure to supervise claim, and the analysis for failure to
supervise and failure to discipline claims is the same, the Court will focus on the adequacy of
Goines' supervision.
[12] The Court notes that Plaintiffs' Amended Complaints assert several other theories of municipal
liability for their probable cause claims against the City, such as failure to train and failure to
promulgate adequate policies.  Doc. #48 ¶¶ 128, 167; Doc. #49 ¶¶ 97, 176.  The City moved for
summary judgment on these issues, but Plaintiffs did not respond to these arguments or otherwise

25-20132.14202

Court will address each of these theories of municipal liability in turn.

### i.  Failure to Supervise

First, Plaintiffs argue that HPD failed to adequately supervise Goines. *Id.* at 24–28.   To prevail on their failure to supervise claims, Plaintiffs must show (1) the City failed to supervise Goines, (2) a causal connection between the failure supervise and the alleged constitutional violation, and (3) the failure to supervise amounted to deliberate indifference. *See Verastique*, 106 F.4th at 432.   The City argues that summary judgment is warranted on Plaintiffs' failure to supervise claims because (1) Goines was adequately supervised in obtaining the Harding Street warrant and (2) Plaintiffs cannot establish deliberate indifference on the part of the City's policymaker, Acevedo. Doc. #305 at 31–33.

The Court first turns to whether Plaintiffs have raised a fact issue as to whether Goines was adequately supervised.  Notably, HPD's post-incident investigations revealed that Goines and his supervisors often flouted SOPs in general, and that several supervisory oversights occurred in the 7815 Harding Street investigation specifically.  For instance, though a case tracking sheet—"a compilation of investigative information used for statistical and case tracking purposes"—is "typically done before running a warrant," there "was not a case tracking sheet for Harding Street." Doc. #336, Ex. 11 at 18.  This is unsurprising, given that a post-raid audit revealed twelve instances wherein Goines generated case tracking sheets "days and even weeks after the investigations began," which Gonzales recognized as "an excessive amount of time."  *Id.*  Moreover, case tracking sheets were only reviewed by Gonzales when "Blue Backs"—case files containing documentation related to a particular search warrant—were turned in. *Id.*  However, Blue Backs,

_____

defend their claims for failure to train and failure to promulgate adequate policies. *See* Doc. #305 at 33; Doc. #331.  As such, those claims have been abandoned and are dismissed. *See Burrell*, 2023 WL 3006662, at *2.

25-20132.14203

as a matter of course, were only turned in *after* the execution of search warrants. Doc. #306, Ex. 23 ¶ 19.

Goines also received minimal supervision with respect to controlled confidential informant drug buys. Indeed, when asked "if there was any way for a supervisor to verify that the controlled buy was taking place per policy," Gonzales stated that, in general, a supervisor simply "took the case agent's word that the controlled buy was done within policy." Doc. #336, Ex. 11 at 19. And while Gonzales recognized that "a supervisor *could* call the partner of the case agent to verify he or she was with them during the controlled buy" to ensure procedures were being followed, nothing suggests such safeguards occurred in this case. *Id.* (emphasis added). In addition, when Reyna was asked if he did anything to verify information listed in a tactical plan or warrant, he "admitted that his agents did not give him their [confidential informant] receipts for funds prior to running warrants." *Id.* at 22. Moreover, when Wood was questioned regarding how sergeants "check the accuracy" of warrants, he said they simply have an "open atmosphere in the office." *Id.* at 29. But in this case, Wood "did not know that Officer Goines had made a controlled buy prior to the day of the warrant." *Id.* at 30. Wood further stated that Goines "should have completed a report the day he made the buy or had at least some sort of documentation regarding the buy." *Id.*

To understand the importance of these shortfalls, one need not look further than Squad 15 supervisors' own words. When asked whether "the problems discovered from the Harding Street investigation could have been prevented by better supervision," Gonzales "stated that Officer Goines should have made more effort to provide his supervisor with information and the supervisor should have asked more questions of Officer Goines." Doc. #336, Ex. 11 at 21. Wood stated that "if there was a system in place where they had the case tracking sheet and it was in the SOP, they would have reviewed that stuff before the warrant" and "if there was a system in place such as

51

guidelines or forms that the case agents filled out at the beginning of an active case[,] that would keep the supervisors informed and let them know what was going on." *Id.* at 31. As Wood described, when "everything falls back on the case tracking sheets that the officers are creating, it leaves the officers to police themselves to notify everybody what they're doing and it leaves a lot of room with no oversight for the officers to not be doing what they're supposed to do and the supervisors have no way to find out." *Id.* at 33.

Plaintiffs have also put forth evidence suggesting Goines took advantage of the lack of oversight long before the tragic events at 7815 Harding Street. Goines lied on *six* other occasions to obtain no-knock search warrants. He had untagged drugs in his car and on his desk. And a post-raid audit revealed that Goines consistently flouted SOPs. *See* Doc. #305, Ex. 5 at 20. As just one example, from 2016 to 2019, Goines did not timely tag narcotics 48% of the time. Doc. #305, Ex. 5 at 20. Ultimately, the HPD audit concluded: "The audit revealed the necessity to place additional emphasis on supervisory oversight, confidential informant handling, and changes to the department's policies and procedures on cases involving search warrants." *Id.* at 61. Given the weight of evidence indicating Goines received minimal supervision, the Court finds that a reasonable jury could conclude that Goines' supervisors failed to adequately supervise him.

The next question is whether Plaintiffs have raised a fact issue with respect to deliberate indifference. As the Court has already recounted, deliberate indifference is a stringent standard of fault that generally requires a plaintiff to demonstrate a pattern of constitutional violations that are similar to the plaintiff's complained-of constitutional violation. *Est. of Davis*, 406 F.3d at 383. In rare circumstances, a plaintiff may instead rely on the single incident exception "if the constitutional violation was the highly predictable consequence of a particular failure to train" or supervise. *Davidson*, 848 F.3d at 397 (internal quotations and citations omitted).

25-20132.14205

Though the Court soundly fcondemns the City for the pervasive supervisory shortfalls within Squad 15, under the law of this Circuit, Plaintiffs have not raised a fact issue with respect to the City's deliberate indifference. First, the only relevant evidence of a "pattern of similar constitutional violations" are the six other instances wherein Goines lied on search warrant affidavits prior to the Harding Street raid. But there is no evidence to suggest that the City, or Acevedo, was aware of Goines' problematic history. And six instances by one officer—though certainly concerning—does not constitute a "pattern" for purposes of demonstrating deliberate indifference in the Fifth Circuit. *See Peterson*, 588 F.3d at 851 (holding that "27 complaints . . . were insufficient to establish a pattern of excessive force"); *Pineda*, 291 F.3d at 329 (holding eleven incidents was insufficient to show a pattern); *Jeffrey v. City of Houston*, No. 4:23-CV-00069, 2024 WL 1313897, at *4 (S.D. Tex. Mar. 27, 2024) (dismissing municipal liability claims against the City because, though the plaintiff alleged "162 instances of the filing of false affidavits or testimony, . . . the factual allegations concern the conduct of just one officer in one squad in a department of thousands of officers: Goines"). Second, with respect to the single incident exception, the Court has already determined that Plaintiffs have failed to demonstrate that Goines received *no* training or supervision. *Supra* p. 35. As such, Plaintiffs have not shown that this case presents the "extremely narrow" circumstance wherein the single incident exception applies. Because Plaintiffs have not raised a fact issue with respect to deliberate indifference, summary judgment is granted with respect to their failure to supervise claims against the City.

### ii. Official Policy or Custom

Separate from their failure to supervise theory, Plaintiffs have also attempted to confer municipal liability by alleging the City "had a custom of minimal supervision and oversight concerning narcotics officers, and its express policies allowed them to unilaterally obtain no-knock

53

25-20132.14206

warrants without checks into their underlying investigations." Doc. #331 at 38. However, even under this theory, Plaintiffs still must show that the City acted with deliberate indifference in order to confer municipal liability. And, for the reasons stated with respect to Plaintiffs failure to supervise claim, the Court has determined that Plaintiffs have failed to meet this stringent standard of fault. *Supra* pp. 52–53.

### iii. Ratification

Next, Plaintiffs argue that the City ratified Goines' unlawful conduct. Doc. #331 at 39–41. Ratification is reserved for a policymaker's "knowing approval . . . of both conduct and its underlying, improper basis." *Taylor*, 488 F. Supp. 3d at 537. Here, Plaintiffs point to a statement by Acevedo in November 2019, after he already received reports that Goines fraudulently obtained the Harding Street warrant, that there was "probable cause" to enter the Decedents' home. Doc. #336, Ex. 52 at 78–82. Since making this statement, Acevedo has testified that he was referencing that HPD had reason to "investigate" 7815 Harding Street because the Decedents' neighbor had made complaints. *Id.* at 84–85. While Acevedo's February 2019 statement appears poorly worded, it does not indicate that he approved of Goines lying on an affidavit to fraudulently obtain a search warrant. Indeed, the record reflects that Acevedo condemned Goines' conduct, going as far as to call it a "serious criminal violation" in February 2019. Doc. #349, Ex. 47 at 11:07–11:20. As such, the Court finds that Acevedo's statement does not rise to the level of ratification. *See Taylor*, 488 F. Supp. 3d at 537 (noting that, under the ratification theory, the policymaker must approve the *wrongful basis* of an officer's misconduct). Thus, the Court finds summary judgment should be granted on Plaintiffs' ratification claims.

### 3. State Law Claims

Finally, the City has moved for summary judgment on Plaintiffs' state law wrongful death

and survival claims based on governmental immunity. Doc. #305 at 35; Doc. #308 at 64–65. "A Texas governmental unit is generally immune from tort liability unless the legislature has somehow waived immunity." *Forgan v. Howard Cnty., Tex.*, 494 F.3d 518, 520 (5th Cir. 2007). "The TTCA has a limited immunity-waiver provision, removing governmental immunity for 'personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.'" *Id.* (quoting TEX. CIV. PRAC. & REM. CODE § 101.021(2)).  However, "[t]he TTCA does not waive immunity for intentional torts, such as assault, battery, false imprisonment, false arrest, and civil conspiracy." *Carr v. City of Spring Valley Vill.*, No. CV H-18-2585, 2019 WL 1276100, at *13 (S.D. Tex. Mar. 20, 2019), *aff'd*, No. 19-20373, 2022 WL 1553539 (5th Cir. May 17, 2022). Moreover, "[a]ll common law tort claims alleged against a governmental unit are presumed to be governed by the TTCA regardless of whether the TTCA waives immunity for the claim[s] at issue." *Id.*

Because Plaintiffs' wrongful death and survival claims do not "fall within the TTCA's limited waiver of governmental immunity," summary judgment is granted on these claims. *See id.* In addition, to the extent that Plaintiffs argue that their wrongful death and survival claims are derivative of their other Section 1983 causes of action, summary judgment is granted because the Court has already determined all of Plaintiffs' Section 1983 municipal liability claims fail as a matter of law. *See* Doc. #330 at 56.

**IV.  Conclusion**

In conclusion, the Court finds that the City's Motion to Exclude (Doc. #303) is hereby DENIED. Gallegos' Motion for Summary Judgment (Doc. #318) and Motion to Strike (Doc. #362) are also DENIED. The Motion for Judgment (Doc. #310) is GRANTED as it pertains to

Plaintiffs' conspiracy and state law claims against Gonzales, but DENIED as MOOT as it pertains to the Individual Officers. Gonzales' Motion for Summary Judgment (Doc. #312) is also GRANTED.

Bryant's Motions for Summary Judgment (Doc. Nos 313, 314) are GRANTED IN PART. Specifically, summary judgment is GRANTED as to Plaintiffs' Section 1983 claims against Bryant based on excessive force. Moreover, Bryant's Motions for Summary Judgment are GRANTED as to Plaintiffs' Section 1983 claims based on lack of probable cause to the extent those claims are premised on direct liability, but summary judgment is DENIED to the extent those claims are premised on failure to intervene. Summary judgment is also GRANTED as to Plaintiffs' Section 1983 conspiracy and wrongful death claims against Bryant. With respect to Plaintiffs' survival claims against Bryant, summary judgment is GRANTED only to the extent Plaintiffs intend to bring *independent* survival claims. Plaintiffs are, however, permitted to use the Texas Survival Statute to bring their Section 1983 claims against Bryant on behalf of the Decedents.

In addition, the City's Motions for Summary Judgment (Doc. Nos. 305, 308) are hereby GRANTED. The City's Motion to Seal (Doc. #374) is also GRANTED. Because the Court has granted summary judgment on all of Plaintiffs' claims against the City, the City's Motion in Limine (Doc. #364), Brief in Support (Doc. #366), and Motion to Bifurcate Trial (Doc. #373) are DENIED as MOOT. Plaintiffs' Objections to the City's Trial Exhibit List (Doc. #378), which they filed as a motion, is also DENIED as MOOT. Finally, because all claims against Gonzales and the Individual Officers have been dismissed, their Motion in Limine (Doc. #368) is also DENIED as MOOT.

Based on the foregoing, the following claims remain pending: (1) Plaintiffs' Section 1983 excessive force claims against Gallegos, as well as their derivative wrongful death and survival

25-20132.14209

claims; (2) Plaintiffs' Section 1983 failure to intervene claims against Bryant premised on lack of

probable cause for the search warrant, as well as their derivative survival claim; (3) Plaintiffs'

Section 1983 excessive force and lack of probable cause claims against Goines, as well as their

state law wrongful death and survival claims.

It is so ORDERED.

MAR 3 1 2025
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

25-20132.14210

# 4

[Certificate of Service]

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 2, 2025, the foregoing document was served on the

following counsel of record using the Court's electronic filing system:

Mr. Charles C. Bourque, Jr.:          cbourque@stmblaw.com,
                                              kgrezaffi@stmblaw.com,
                                              jjevic@stmblaw.com;

and

Mr. Michael Timothy Gallagher:     mike@gld-law.com,
                                              patriciao@gld-law.com,
                                            shawnaf@gld-law.com.

                                                     _/s/ *John MacVane*_
                                                     John MacVane